David E. Bower, SBN 119546
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: dbower@faruqilaw.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO J. BECERRA, AND GUILLERMO RUELAS, on behalf of themselves and those similarly situated, <br><br> Plaintiffs. <br><br> v. <br><br> GENERAL MOTORS LLC AND DOES 1 through 100, <br><br> Defendant. | **CASE NO.** <u>'15 CV 2365 WQH JMA</u> <br><br> **CLASS ACTION** <br> (1) Violation of California's Consumer Legal Remedies Act; <br> (2) Violation of California's Unfair Competition Law; <br> (3) Breach of Express Warranty pursuant to Song-Beverly Consumer Warranty Act; <br> (4) Breach of Implied Warranty of Merchantability pursuant to Song-Beverly Consumer Warranty Act; <br> (5) Fraudulent Concealment; and <br> (6) Unjust Enrichment <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Armando J. Becerra, and Guillermo Ruelas, ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, bring this action against Defendant GENERAL MOTORS LLC and DOES 1 through 100 (collectively, "Defendant"), and allege, upon personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

## I.   NATURE OF THE ACTION

1.     Plaintiffs bring this action to redress Defendant's wrongful conduct regarding the sale of the following defective vehicles:  GMC Sierra 1500 (model year 2014 and 2015) and GMC Sierra 2500HD and 3500HD (model year 2015), collectively defined herein as the "Vehicles."  As more fully described below, the Vehicles suffer from a known, but undisclosed, safety design defect that causes the Vehicles to generate insufficient light for safe night-time travel.

2.     Defendant has long been aware of the dangerous defect in the Vehicles, but has continuously concealed the problem from its customers.  As a result of Defendant's concealment, drivers of the Vehicles are subject to dangerous, potentially life-threatening, conditions.

3.     This action seeks injunctive relief, attorneys' fees, and costs but not monetary damages at this time.  Notice has been sent pursuant to the California Legal Remedies Act and Plaintiffs will amend to add a claim for damages should their request for relief be denied by defendant.

## II.   JURISDICTION AND VENUE

4.     This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(d)(2), because the Plaintiffs and the Defendant are citizens of different states, there are more than 100 members of the class and the aggregate amount in controversy exceeds $5,000,000, exclusive of attorneys' fees, interest, and costs.

5.     This Court has jurisdiction over Defendant because it is registered to conduct business in California; has sufficient minimum contacts in California; and intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of the Vehicles to render the exercise of jurisdiction by this Court proper and necessary.  Moreover, Defendant's wrongful conduct (as described herein) foreseeably affects consumers in California.

1    6.    Pursuant to 28 U.S.C. §1391(b), venue is proper in this district

2    because a substantial part of the events or omissions giving rise to the claims

3    occurred in this District and because one Plaintiff resides in this District.

4    **III.    PARTIES**

5        **A.    Plaintiffs**

6        7.    Plaintiff Armando J. Becerra is a citizen of the State of California who

7    resides in Bonita, California and owns one of the Vehicles.  He purchased a new

8    2014 GMC Sierra 1500 from North County Buick, Cadillac GMC in Escondido,

9    California on or about August 14, 2013.  Since his purchase of the vehicle, he has

10   experienced repeated problems with the headlight system and the lack of light.  He

11   has brought the vehicle into Defendant's dealerships for an attempted repair, but to

12   date, the dealerships have been unable to correct the lighting problem with his

13   vehicle.  To help mitigate the problems Becerra purchased a new headlight

14   assembly from Off Road Warehouse in San Diego at a cost of $400-$500 dollars.

15       8.    Plaintiff Guillermo Ruelas is a citizen of the State of California who

16   resides in Bakersfield, California and owns one of the Vehicles.  Mr. Ruelas

17   originally purchased a new 2014 GMC Sierra in August 2013 from Motor City

18   Buick GMC in Bakersfield, California.  Since his purchase of the vehicle, he had

19   experienced repeated problems with the headlight system and the lack of light.  He

20   had brought the vehicle into Defendant's dealerships for an attempted repair, but

21   the dealerships have been unable to correct the lighting problem with his vehicle.

22   Eventually, in August of this year, Mr. Ruelas traded his 2014 GMC Sierra for a

23   2015 GMC Sierra and believed that GMC would have fixed the headlight issue for

24   the new vehicle.  However after having the vehicle for a few months it is apparent

25   that the 2015 GMC Sierra suffers from the same defect.

26       **B.    Defendant**

27       9.    Defendant General Motors LLC is a limited liability company

28   organized under the laws of the State of Delaware with its principal place of

- 3 -

1   business in Detroit, Michigan.  At all relevant times, Defendant took part in

2   designing, engineering, manufacturing, testing, marketing, supplying, selling, and

3   distributing the Vehicles in the United States, including California.  Defendant also

4   drafted and printed the owner's manuals that accompanied the Vehicles.

5   Defendant promotes and markets its products in a continuous manner in the United

6   States of America, including California.

7       10.    The true names and capacities, whether individual, corporate,

8   associates, or otherwise, of Defendants sued herein as DOES 1 through 100,

9   inclusive, are currently unknown to Plaintiffs, who therefore sue these Defendants

10  by such fictitious names.

11      11.    All Defendants, including DOE Defendants, were at all relevant times

12  acting pursuant to a joint enterprise in all respects pertinent thereto, and the acts of

13  each Defendant are legally attributable to the other Defendants.

14  **IV.   SUBSTANTIVE ALLEGATIONS**

15      12.    Defendant designs, develops, manufactures, markets, advertises,

16  distributes, sells, and leases a wide range of automotive products under the "GMC"

17  brand names, including passenger and commercial vehicles.  As such, Defendant

18  deals in automobiles and holds itself out as having knowledge and skill in the

19  design and manufacture of automobiles.

20      13.    Prior to the 2014 model year, Defendant used three different bulbs for

21  the headlights in its GMC Sierra vehicles:  an H11LL bulb for the low beams, a

22  9005LL bulb for the high beams, and a 5202 bulb for the fog lights.  This lighting

23  system design provided adequate light for safe night-time travel.

24      14.    Beginning with model year 2014, Defendant designed a new headlight

25  system for the GMC Sierra 1500.  The new system used just one 9012 halogen

26  bulb for both the low and high beams.  A 9012-halogen bulb is a single filament

27  bulb.  Historically, vehicle manufacturers, including Defendant, have used dual

28  filament bulbs (e.g., H4, H13, and 9007) for low and high beams.  Defendant

1    instead used a moving shield to alternatively project a low or high beam from the

2    9012 bulb.  As a result, the new headlight system produced insufficient light for

3    safe night-time travel, especially at the periphery or side of the vehicle.

4          15.    Almost immediately, Defendant began receiving complaints about the

5    faulty design of the new headlights.  Set forth below are just a sample of the

6    complaints posted on the internet about the inadequacy of the headlights on the

7    2014 GMC Sierra 1500, which Defendant monitors as part of its obligation to track

8    the safety of its vehicles:

9              *Brand new GMC Sierra truck that I am afraid to drive at (sic) night.*
10             *First thought that my eyes suddenly were falling apart or my windshield*
          *was tinted, **but these headlights are the worst I have ever seen** (or*
11             *more correctly, not seen) on a vehicle. Driving up through Missouri*
12             *into Iowa on my first trip was a heart pounding adventure of not seeing*
          *the corners in the road, street signs, deer or other poor critters in the*
13             *road. Looks like there have been hundreds of complaints on the net and*
          *various forums as well as here.*
14

15             * * *

16             *I have purchased several new GM vehicles (cars & trucks) but **these***
17             ***headlights are the worst** on my 2014 Sierra. I had a 1951 Chevy with*
          *stronger beams than these. Driving at night is unsafe, the light beam is*
18             *too narrow and too weak on low and high. When I had it in for service*
19             *they said there was no fix. Maybe they should use the computer screen:*
          *it's too bright. Any way I will try again, if the factory doesn't fix the*
20             *problem, I guess they want me to buy a Ford or Dodge. Damn shame at*
21             *today's prices you can't see the road at night.*

22             * * *

23             *LOVE everything about this truck, except **the headlights are the worst***
24             ***I've ever experienced**. When I drive my wife's car, it's like night and*
          *day (literally!). I constantly find myself checking to make sure my*
25             *brights are on, only to sadly see that "yes" they are.*

26             *I really wanted to get a grill guard for this truck, but am afraid that it*
27             *will make the headlight situation even worse if it blocks illumination at*
28             *all.*

* * *

***THE HEADLIGHTS ON MY 2014 GMC DENALI 1500 ARE
TERRIBLE****. THE FIRST TIME I DROVE THE TRUCK AT NIGHT, I
HAD TO PULL OVER TO SEE IF THE HEADLIGHTS WERE ON.
THE LIGHTS WERE SO BAD I COULD NOT DRIVER OVER 45MPH.*

*I WENT TO ANOTHER GMC DEALER AND TALKED WITH THE
SERVICE MANAGER AND HE TOLD ME THE HEADLIGHTS WERE
JUST A POOR DESIGN AND THAT GM WOULD NOT RECOGNIZE
THE PROBLEM. HE TOLD ME TO GO TO A CUSTOM TRUCK
PARTS STORE AND FOR ABOUT $300 THEY COULD UPGRADE
THE HEADLIGHTS, BUT IF I DID GET THE NEW HEADLIGHTS,
THE TRUCK WOULD NOT PASS THE STATE INSPECTION.*

* * *

*I am in the same boat as many others who got stuck after buying this
new GMC. Headlights are crap someone should make them replace or
fix this problem. Someone will get killed. **You can't see 50 feet on a
clear night with a full moon***. *Won't ever buy another GMC product if
this what they plan for the future.*

* * *

***The headlights are terrible****, low beams are absolutely useless and high
beams are only slightly better.*

* * *

*Very poor headlight design****. Light output is exceptionally weak with
VERY POOR forward reach and pitiful shoulder illumination****.
Lighting in a turn is virtually non-existent. Light cut-off is so sharp that
the area beyond 100 or so feet is in total blackness on a country road.
Very easy to overdrive the lights even at moderate speed.*

* * *

*I've complained to the dealer about my headlights on my 2014 Sierra
since I got it in October of 2013. **Can't see a thing at night hardly,
even with the bright lights on. This is a safety issue and when I ask***

- 6 -

1    *the dealer they say there is no problems.* Well even my passengers
2    can't believe how bad they are.

3    * * *

4    **Bought this $47,000 truck and it has the worst headlamp output of**
5    **any vehicle I have ever owned**. Bought it thinking it had basically the
6    same headlamp as the 2011 Buick Enclave I traded in on it since they
     were both projection lights.
7
8    It's very dangerous to drive at night. My wife will not take it out unless
     absolutely necessary which is ridiculous. Living in Northern Maine, it
9    gets dark around 3 p,m. during the winter months. I almost hit a moose
10   a few weeks ago due to not being able to see down the road in high
     beam. Then I almost hit a pedestrian trying to cross the road in town
11   while on low beam.

12   I called GM and they claim they have no calls about this issue and I
13   was the FIRST to call in about such a thing, yet all you see online are
14   complaint after complaint. GM is really trying to avoid this 'error' in
     design.
15
16   * * *

17   I am 63 and at first wondered if my night time vision was getting that
18   bad. **Good to hear that all of you have the same percpeion of these**
     **lousy head lights**. I checked with NHTSA and they have 40 complaints
19   on file as of today - 1-3-14. Be sure to add your voice to the choir at
20   safecar.gov. I have also pitched a complaint to my GMC dealer on their
     official customer feedback surveys - I was not impressed when I took
21   the vehicle in for a headlight adjustment and got it back much worse
22   than before. The only explanation was - "they adjust them at the factory
     - we don't have any kind of standard as to how to adjust them." Not a
23   word about this lousy headlight problem that they must by now KNOW
24   about. When I completed my paperwork for the purchase, GMC has a
     form that I was required to sign in order to get a $900 discount. The
25   form asked me to agree to binding arbitration in return for the discount,
26   and sign away my right to sue. I refused to sign it. Now I am glad I did.

27   * * *

28

1
2
3
4
5

***Very poor headlights. Cannot see each side of the road***. *If there animals in the ditch or roadside chances are you wont see them. Very dim lights. You can't see much of a difference from low to high beam. Only can see road signs far away that's it. Opposite traffic don't even flash when you forget to dim them. I have had many vehicles and to me they are the worst. My old 2005 GMC had 10 times better light.*

6

\* \* \*

7
8
9

***My 1989 Toyota Pickup has better headlights then this $50,000 truck.*** *Just spent over $150 to upgrade to LED lights and still not good enough. GM should take action now before someone gets hurt!!*

10

\* \* \*

11
12
13
14
15

*I ADVISE ANYONE CONSIDERING BUYING THIS VEHICLE TO DRIVE THE VEHICLE AFTER DARK AND NOT ON WELL LIT ROADS TO GET A TRUE EXPERIENCE WITH THE LIGHT, DRIVE ON A DARK HILLY ROAD. MY PREVIOUS VEHICLE WAS A 2010 CHEVROLET SILVERADO 1500 LT. THE HEADLIGHTS ON THIS PICKUP REMIND ME OF THE FIRST PICKUP MY FATHER OWNED, A 1937 CHEVROLET PICKUP.*

16
17

*AS OTHERS HAVE SAID,* ***THIS VEHICLE IS DANGEROUS TO DRIVE AT NIGHT****.*

18

\* \* \*

19
20
21
22
23
24
25

***This truck has the worst headlights I have ever seen on a vehicle.*** *They cut out so close to the front of the vehicle you have to crawl along to not outdrive them. There is no light to the sides on corners and if you are driving into a dip you can't see anything on the upslope. I think these lights are a definite safety problem and I will never buy another GMC vehicle if GM does not provide a fix for this truck. (Not on the next version, but on this one). If I had driven this truck at night before buying it I would have not purchased it.*

26

\* \* \*

27
28

*I think GM had better address this immediately or it will lead to many accidents and injuries and could be as bad as their problem with ignition switches.*

\* \* \*

***This $50,000 truck has the worst headlights I've ever seen.*** *To the point of being dangerous.  Called GMC... Nothing... Refuse to acknowledge problem.. Of course! Had to purchase after market off-road lights just to be able to drive at night.*

\* \* \*

***The headlights are extremely poor when there isn't moonlight out or street lights around.*** *The lights are too focused straight ahead and not enough on the sides. When making sharp turns, you have to be very sure where you are turning and know there is not anything in your way before you start turning, or else you will hit it. The side lighting is very dangerous. I can't see how the lighting is legal*

\* \* \*

***Headlights are dull, bad coverage, unsafe***, *and no upgrade bulb available. Worst headlights I have ever had.*

16.     Despite the numerous complaints, Defendant decided to expand the faulty design of its new headlight system to all GMC Sierras models for 2015, including the 2500HD and 3500HD.  As a result, the number of complaints began to skyrocket.  Listed below are just some of the internet complaints made about the model year 2015 2500HD and 3500HD Vehicles:

***The lights on this new pickup are junk***. *There is no side shine at all. It is nearly impossible to turn into a dark drive way. I have been too two different deals and they both said there is nothing they can do about it. I will have to put some kind of lighting on it or I won't be able to drive it safely at night. The truck didn't come with fog lights so I'm screwed there.*

\* \* \*

1
2
3
4
5
6
7
8

***The headlights in this new truck is an accident waiting to happen.*** *I can't see the road on either side of the truck at night. There is hardly any difference between low lights and the brights. I live in the country where the roads are not straight. The headlights do not illuminate the road. There are blind spots when the high beams are on. Low beams are so low you can't see 60 feet ahead of the road. I have even talked to the CHP about the problem and they are also struggling with their GMC trucks. This new truck, which I paid a lot of money for, is not safe to drive at night.*

\* \* \*

9
10
11
12
13
14

***The headlights on this $65k truck are terrible.*** *I bought the 2015 GMC truck new in May of 2014 and I still cannot get used to the weak headlights. I would love to hear what others have done to rectify the problem. The headlamps are working correctly but the output is just very weak in comparison to my 2004 Chevy Truck. Literately like night and day.*

\* \* \*

15
16
17
18

***This truck is very dangerous to drive after dark.*** *I wish that I would have read the complaints about the 2014 trucks. My dealer seems to have no fix.*

\* \* \*

19
20
21
22
23
24
25

*The stock projector headlights on my new $60,000 GMC Denali 2500HD really SUCK!* ***Could not see a damn thing 100 feet in front****. The stock halogen bulbs are dim yellow and project two narrow beams that can hardly be seen. Worse yet is that they do not overlap in the middle so you have a black hole down the middle of the road. The projectors have a shield that covers half the bulb in the low beam position and this blocks half of the usable light. When you switch to brights, the shields go up but you still cannot see the road, only reflection from street signs down the road. Very dangerous to drive in the rain. The fog lights suck a little less.*

26
27
28

17.    The defective headlight system poses an unreasonable safety hazard to Plaintiffs, Class members, and others because headlights are critical safety features that function to both illuminate the road for the driver and to notify other vehicles

- 10 -

1   and pedestrians of a vehicle's presence.  A defect that results in insufficient light

2   for safe night-time operation can and will lead to accidents and fatalities.

3       18.     At all relevant times, Defendant had exclusive knowledge of the

4   headlight system defect, and Defendant knew that the defect was not known or

5   reasonably discoverable by Plaintiffs and the Class members without experiencing

6   the defect first hand and thus exposing themselves to an unreasonable safety

7   hazard.  Only Defendant had access to information about the significant lack of

8   light through their dealerships, pre-release testing data, warranty data, customer

9   complaint data, replacement part sales data, and other sources of information about

10  the headlight system defect in the Vehicles.

11      19.     Rather than notifying Plaintiff and Class members prior to their

12  purchase or lease of the Vehicles, Defendant intentionally concealed the existence

13  of the defect in order to induce them to purchase vehicles.

14      20.     Safe and functional headlights were material to Plaintiffs and Class

15  members' decisions to buy or lease the Vehicles.  A reasonable consumer expects

16  and assumes that when they buy a vehicle, it includes safe and functional

17  headlights.  A reasonable consumer further expects and assumes that Defendant

18  will not sell vehicles with known safety defects, and will disclose any such defect

19  to their customers.

20  **V.     CLASS ACTION ALLEGATIONS**

21      21.     Plaintiffs bring this action as a class action pursuant to Federal Rule of

22  Civil Procedure 23(a) and 23(b) on behalf of themselves and all others similarly

23  situated as members of the proposed class (the "Class"), defined as: "All current or

24  former purchasers and lessees of one or more of the Vehicles who purchased or

25  leased their Vehicles in the United States (other than for purposes of resale or

26  distribution)."

27      22.     Plaintiffs also allege the following subclass ("Subclass"), defined as

28  follows:

All current or former purchasers and lessees of one or more of the
Vehicles who purchased or leased their Vehicles in California (other
than for purposes of resale or distribution) (the "California Class")

23.    **Numerosity.**  The members of the Class and subclasses are so
numerous that their individual joinder is impracticable.  The proposed Class likely
contains hundreds of thousands of members and each Subclass at least thousands
of members.  The true number of Class members can be ascertained through
Defendant's records.

24.    **Existence and Predominance of Common Questions of Law and
Fact.**  Common questions of law and fact exist as to all members of the Class and
Subclass, and these issues predominate over any questions affecting only
individual Class members.  These common legal and factual questions include, but
are not limited to, the following:

(a)    Whether Defendant was negligent in the design, manufacturing,
and/or distribution of the Vehicles;

(b)    Whether Defendant designed, advertised, marketed, distributed,
leased, sold, or otherwise placed defectively designed and/or manufactured
Vehicles into the stream of commerce in the United States;

(c)    Whether Defendant misled Class members about the safety and
quality of the Vehicles;

(d)    Whether Defendant actively concealed the defects contained in
the Vehicles;

(e)    Whether the defects would be considered material by a
reasonable consumer;

(f)    Whether Defendant had a duty to disclose the defects to Class
members;

1    (g)    Whether Defendant's misrepresentations and omissions

2 regarding the safety and quality of the Vehicles were likely to deceive Class

3 members in violation of the consumer protection statutes alleged herein;

4    (h)    Whether Defendant failed to timely recall the Vehicles;

5    (i)    Whether Defendant failed to adequately repair the Vehicles;

6    (j)    Whether Defendant breached the implied warranty of

7 merchantability with respect to the Vehicles;

8    (k)    Whether Class members overpaid for their Vehicles as a result

9 of the defects alleged herein;

10    (l)    Whether the defects have diminished the value of the Vehicles;

11    (m)    Whether Class members are entitled to equitable relief,

12 including but not limited to restitution or a preliminary and/or permanent

13 injunction; and

14    (n)    Whether non-California Class members are entitled to damages

15 and other monetary relief.

16    25.    **Typicality.**  Plaintiffs' claims are typical of the claims of the members

17 of the Class in that Defendant manufactured, sold, warranted, and marketed

18 defective Vehicles to Plaintiffs, like all other members of the Class.  Similarly, the

19 claims of Messrs. Beccera and Ruelas are typical of the California Subclass.

20    26.    **Adequacy of Representation.**  Plaintiffs will fairly and adequately

21 protect the interests of the members of the Class.  Plaintiffs have retained counsel

22 highly experienced in complex consumer class action litigation, and Plaintiffs

23 intend to prosecute this action vigorously.  Plaintiffs have no adverse or

24 antagonistic interests to those of the Class.

25    27.    **Rule 23(b)(3).**  Questions of law and fact common to class members

26 predominate over any questions affecting only individual members, and a class

27 action is a superior method for adjudicating this controversy.  The monetary

28 damages or other pecuniary loss suffered by individual Class members is relatively

1   small compared to the burden and expense that would be entailed by individual
2   litigation of their claims against the Defendant.  It would thus be virtually
3   impossible for the Class, on an individual basis, to obtain effective redress for the
4   wrongs done to them.  As such, individual consumers do not have a strong interest
5   in controlling the prosecution to separate actions.  Furthermore, even if Class
6   members could afford such individualized litigation, the court system could not.
7   Individualized litigation would create the danger of inconsistent or contradictory
8   judgments arising from the same set of facts.  Individualized litigation would also
9   increase the delay and expense to all parties and the court system from the issued
10  raised by this action.  By contrast, the class action device provides the benefits of
11  adjudication of these issues in a single proceeding, economies of scale, and
12  comprehensive supervision by a single court, and presents no unusual management
13  difficulties under the circumstances here.  Plaintiffs know of no other litigation
14  addressing this issue on a class wide basis.

15       28.   **Rule 23(b)(1) and (b)(2).**  In the alternative, the Class may also be
16  certified because:

17            (a)    the prosecution of separate actions by individual Class
18  members would create a risk of inconsistent or varying adjudication with respect to
19  individual Class members that would establish incompatible standards of conduct
20  for the Defendant**;**

21            (b)    Defendant has acted or refused to act on grounds generally
22  applicable to the Class thereby making appropriate final declaratory and/or
23  injunctive relief with respect to the members of the Class as a whole**;** and/or

24            (c)    Certification of specific issues such as Defendant's liability is
25  appropriate.

26       29.   The claims asserted herein are applicable to all consumers throughout
27  the United States who purchased the Vehicles.

28

30.     Adequate notice can be given to Class members directly using information maintained in Defendant's records or through notice by publication.

31.     Damages may be calculated from the claims data maintained in Defendant's records, so that the cost of administering a recovery for the Class can be minimized.  However, the precise amount of damages available to Plaintiffs and the other members of the Class is not a barrier to class certification.

## VI.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation of Cal. Civ. Code § 1750, *et seq.***

**By Plaintiffs Against All Defendants**

32.     Plaintiffs reallege and incorporate by reference each preceding paragraph as though set forth at length herein.

33.     Defendant is a "person" within the meaning of section 1761(c) of the California Civil Code.

34.     Plaintiffs and the members of the California Class are "consumers" within the meaning of section 1761(d) of the California Civil Code.

35.     The Vehicles sold or leased in California are "goods" within the meaning of section 1761(a) of the California Civil Code.

36.     The purchases and leases of the Vehicles by Plaintiffs and the members of the California Class constitute "transactions" within the meaning of sections 1761(e) and 1770 of the California Civil Code.

37.     Venue is proper under section 1780(d) of the California Civil Code because Plaintiff Becerra purchased a Vehicle in San Diego County, California, and because Defendant is doing business in San Diego County.  An affidavit of Plaintiff Becerra establishing this Court as the proper venue for this action is attached hereto as Exhibit 1.

38.     As alleged above, Defendants have known and should have known about the inherent defect in the headlight systems of the Vehicles at all relevant

1  times, yet Defendants have failed or refused to fix the defect and intentionally

2  concealed the defect from Plaintiffs and the California Class and failed to disclose

3  it to them.

4      39.    For the reasons described above, Defendants had a duty to adequately

5  disclose to Plaintiffs and the California Class that the Vehicles contain the

6  headlight system defect.

7      40.    By intentionally concealing the headlight system defect in the

8  Vehicles from Plaintiffs and the California Class and failing to disclose it to them,

9  Defendant engaged in deceptive business practices prohibited by the California

10  Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.,

11  including: (1) representing to Plaintiffs and the California Class that the Vehicles

12  have characteristics and benefits that they do not have, in violation of section

13  1770(a)(5) of the California Civil Code; (2) representing to Plaintiffs and the

14  California Class that the Vehicles are of a particular standard, quality, or grade

15  when they are of another, in violation of section 1770(a)(7) of the California Civil

16  Code; (3) advertising the Vehicles to Plaintiffs and the California Class with the

17  intent not to sell them as advertised, in violation of section 1770(a)(9) of the

18  California Civil Code; (4) representing to Plaintiffs and the California Class that

19  transactions involving the Vehicles conferred benefits that were not, in fact,

20  conferred, in violation of section 1770(a)(14) of the California Civil Code; and

21  (5) representing to Plaintiffs and the California Class that the subjects of

22  transactions involving the Vehicles have been supplied in accordance with

23  previous representations when they have not, in violation of section 1770(a)(16) of

24  the California Civil Code.

25      41.    Defendants' above-described omissions regarding the Vehicles were,

26  and still are, likely to deceive and mislead consumers into believing that those

27  vehicles do not contain the headlight system defect.

28

42. Plaintiffs and the California Class reasonably interpreted Defendants' above-described omissions to mean that the Vehicles do not contain a headlight system defect.

43. Plaintiffs and the California Class relied to their detriment on Defendant's above-described omissions in purchasing the Vehicles.

44. Because Defendants' above-described omissions regarding the Vehicles are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions, reliance upon such representations and omissions may be presumed as a matter of law.  The materiality of such representations and omissions also establishes causation between Defendants' conduct and the injuries sustained by Plaintiffs and the California Class.

45. It is believed that Defendants' conduct alleged herein was intentional and was specifically designed to induce consumers to purchase the Vehicles and/or pay more for the Vehicles than they would have otherwise paid if Defendants had not concealed the headlight defect from Plaintiffs and the California Class and failed to disclose it to them.

46. Plaintiffs and the California Class demand judgment against Defendant under the CLRA for injunctive relief to themselves and the California Class.

47. Pursuant to section 1782(a) of the California Civil Code, Plaintiffs have each served Defendants with notice of its alleged violations of the CLRA by certified with mail return receipt requested.  If within thirty days after the date of such notification, Defendants fail to provide appropriate relief for its violations of the CLRA, Plaintiffs will amend this Complaint to seek monetary (both compensatory and punitive) damages under the CLRA.

48.     Notwithstanding any other statements in this Complaint, Plaintiffs do not seek damages in conjunction with his CLRA claim, and will not do so until the thirty-day period mentioned in the preceding paragraph has passed.

## SECOND CLAIM FOR RELIEF

### Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

### By Plaintiffs Against All Defendants

49.     Plaintiffs reallege and incorporate by reference each preceding paragraph as though set forth at length herein.

50.     Plaintiffs have standing to pursue this claim under California's Unfair Competition Law ("UCL") because the California Plaintiffs suffered an injury in fact and lost money as a result of Defendants' above-described conduct.

51.     As alleged above, Defendants have intentionally concealed the inherent and dangerous headlight system defect in the Vehicles from the  Plaintiffs and the California Class and failed to disclose it to them.

52.     **Unfair business acts and practices:**  Defendants' above-described omissions regarding the headlight system defect in the Vehicles constitute unfair business acts and practices under the UCL because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to its customers in that Defendants have deceptively, misleadingly, unfairly, and unlawfully concealed the inherent and dangerous headlight system defect in the Vehicles from Plaintiffs and the California Class and failed to disclose it to them in order to induce them to purchase or lease Vehicles.  Defendants' above-described conduct has caused substantial injury to Plaintiffs and the California Class in that they have spent money on the Vehicles that would not have been spent if Defendant had not made the above-described omissions.  The injuries suffered by Plaintiffs and the California Class are not outweighed by any countervailing benefits to Defendants or competition in general because there is no benefit to Defendant or competition in misleading the public about defects in their

1   vehicles that pose unreasonable safety hazards.  Additionally Plaintiffs and the
2   California Class could not have reasonably avoided their injuries.

3       53.   **Fraudulent business acts and practices**: Defendants' omissions
4   regarding the headlight system defect in the Vehicles constitute fraudulent business
5   acts and practices under the UCL because they are likely to deceive consumers into
6   believing that those vehicles do not contain an inherent headlight system defect
7   that prevents the headlights from generating sufficient light for safe night-time
8   travel.

9       54.   As a direct and proximate result of Defendants' unfair business acts
10  under the UCL, Plaintiffs and the California Class members have unjustly enriched
11  Defendants by paying extra for the Vehicles and/or purchasing the Vehicles in the
12  first place.

13      55.   Because Defendants' above-described omissions regarding the
14  Vehicles are material in that a reasonable person would attach importance to such
15  information and would be induced to act upon such information in making
16  purchase decisions, reliance upon such representations and omissions may be
17  presumed as a matter of law.  The materiality of those representations and
18  omissions also establishes causation between Defendants' conduct and the injuries
19  sustained by Plaintiffs and the California Class.

20      56.   Defendants' unfair acts and practices under the UCL were specifically
21  designed to induce Plaintiffs and the California Class to purchase or lease the
22  Vehicles.

23      57.   Plaintiffs and the California Class are entitled to injunctive relief and
24  restitution in an amount to be proven at trial.

25      58.   Pursuant to section 17203 of the California Business and Professions
26  Code, Plaintiffs and the California Class seek an order of this Court enjoining
27  Defendant from continuing to engage in deceptive, misleading and unfair practices
28  and any other act prohibited by law, including the acts set forth herein.

## THIRD CLAIM FOR RELIEF

### Breach of Song-Beverly Warranty Act (Express Warranty)

### By Plaintiffs Against All Defendants

59.     Plaintiffs reallege and incorporate by reference each preceding paragraph as though set forth at length herein.

60.     The Vehicles purchased or leased by Plaintiffs and California Class members are "consumer goods" within the meaning of section 1791 of the California Civil Code.

61.     Plaintiffs and California Class members are "buyers" of consumer goods within the meaning of section 1791 of the California Civil Code.

62.     Plaintiffs and California Class members purchased or leased and use the Vehicles primarily for personal, family, or household purposes.

63.     At all relevant times, Defendants were a "manufacturer," "distributor," "seller," and/or "lessor" within the meaning of section 1791 of the California Civil Code.

64.     At all relevant times, Defendants are a merchant with respect to vehicles such as the Vehicles.

65.     Through Limited New Vehicle Warranties, Defendants expressly warranted to Plaintiffs and California Class members that they would repair, replace, or adjust defective parts on the Vehicles.

66.     Defendants' express warranty of repair, replacement, or adjustment extended to the California Class members who did not purchase Vehicles from one of Defendant's dealerships because they are natural persons who could have been expected to use or be affected by the Vehicles, as it was foreseeable that the Vehicles could be resold to persons other than their original purchasers.

67.     As alleged above, Defendants had knowledge and has been on notice of the headlight system defect in the Vehicles at all relevant times.

68.     Defendants breached its express warranty of repair, replacement, or adjustment because it either refused or has been unable to successfully repair or otherwise remedy the inherent headlight system defect in the Vehicles.

69.     Defendants have either refused to cover parts and labor costs related to the headlight system defect in the Vehicles, or Defendants have replaced parts of the headlights systems with equally defective parts in the Vehicles and thus not remedied the defect.

70.     Defendants' express warranty of repair, replacement, or adjustment has failed of its essential purpose because, although Defendants have had a reasonable chance to repair or otherwise remedy the common defect described above, all of the Vehicles still contain defective headlight systems.

71.     Defendants also breached its express warranty of repair, replacement, or adjustment because Plaintiffs and California Class members have been deprived of the value of the bargain with respect to the Vehicles and did not receive the vehicles for which they bargained.  Plaintiffs and California Class members did not expect, nor would it have been reasonable for them to expect, that their Vehicles contain a defect that causes the headlights to provide inadequate light for safe night-time travel.

72.     As a direct and proximate result of Defendants' breach of the express warranties for the Vehicles, Plaintiffs and California Class members have paid extra for the Vehicles, incurred and/or will incur substantial headlight system-related parts and labor costs, and incurred diminution in value damages.

73.     Plaintiffs and California Class members have reasonably relied on Defendants' warranties regarding the quality, durability, and other material characteristics of the Vehicles, and on Defendants' ability to repair, replace, or adjust defective items on the Vehicles.

74.     Because Defendants intentionally concealed and omitted material information about the headlight system defect in the Vehicles, it should be

1  presumed that Plaintiffs and California Class members relied on Defendant's

2  warranties and on Defendants' ability to repair, replace, or adjust defective items

3  on the Vehicles, and that Defendants' breach of the express warranties for the

4  Vehicles caused the damages sustained by Plaintiffs and California Class members.

5        75.    Plaintiffs notified Defendants of the above-described breach of its

6  express warranty within a reasonable amount of time after Plaintiffs and the

7  members of the Plaintiff Subclass discovered or should have discovered such

8  breach when their vehicles were taken to Defendants' dealerships to have repairs

9  performed on the defective headlight systems in those vehicles.

10        76.    Any time, mileage, or damage limitation or restriction that would act

11  to bar the claim for breach of express warranty claim asserted herein, or to limit the

12  damages recoverable under that claim, is unconscionable and unenforceable.

13        77.    Plaintiffs and California Class members demand judgment against

14  Defendants for compensatory damages in an amount to be determined at trial,

15  together with reasonable attorneys' fees and costs.

16  **FOURTH CLAIM FOR RELIEF**

17  **Breach of Song-Beverly Warranty Act (Implied Warranty)**

18  **By Plaintiffs Against All Defendants**

19        78.    Plaintiffs reallege and incorporate by reference each preceding

20  paragraph as though set forth at length herein.

21        79.    As merchants with respect to the Vehicles, Defendants impliedly

22  warranted to Plaintiffs and California Class members that the Vehicles were

23  merchantable, including that they passed without objection in the automotive trade

24  and were fit for the ordinary purposes for which such goods are used.

25        80.    Defendants' implied warranty of merchantability for the Vehicles

26  extended to members of the California Class members who did not purchase or

27  lease Vehicles from one of Defendants' dealerships because they are natural

28  persons who could have been expected to use or be affected by the Vehicles, as it

1  was foreseeable that the Vehicles could be resold to persons other than their

2  original purchasers.

3      81.    The Vehicles were not merchantable at their time of sale or lease

4  because their above-described defective condition does not pass without objection

5  in the automotive trade.

6      82.    The Vehicles were also not merchantable at their time of sale or lease

7  because their above-described defective condition rendered them unfit for the

8  ordinary purposes for which such goods are used, including reliable and safe

9  transportation.

10     83.    Defendants therefore breached the implied warranty of

11 merchantability with respect to the Vehicles.

12     84.    Plaintiffs notified Defendants of the above-described breach of the

13 implied warranty of merchantability within a reasonable amount of time after they

14 discovered or should have discovered such breach when their vehicles were taken

15 to Defendant's dealerships to have repairs performed on the defective headlight

16 systems in those vehicles.

17     85.    As a direct and proximate result of Defendants' breach of the implied

18 warranty of merchantability, Plaintiffs and California Class Members have paid

19 extra for the Vehicles, incurred and/or will incur substantial headlight system-

20 related parts and labor costs, and incurred diminution in value damages.

21     86.    Any time, mileage, or damage limitation or restriction that would act

22 to bar the claim for breach of the implied warranty of merchantability asserted

23 herein, or to limit the damages recoverable under that claim, is unconscionable and

24 unenforceable for the reasons stated above.

25     87.    Plaintiffs and California Class Members demand judgment against

26 Defendants for compensatory damages in an amount to be determined at trial,

27 together with reasonable attorneys' fees and costs.

28

# FIFTH CAUSE OF ACTION

**Unfair and Deceptive Acts and Practices Under The Various State Laws In Which Class Members Reside, If The Court Eventually Determines That The Laws Of A Consumers' Residence Apply To Defendants' Wrongful, Unfair, And Deceptive Acts**

88.     Each of the above allegations is incorporated herein.

89.     As the choice of law question cannot be conclusively addressed at this point in the litigation, Plaintiffs state the following alternative causes of action under the laws of the states of residence of Class members, if it is later determined by the Court that the choice of law rules require the application of these state laws.

90.     The practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, all constitute unfair competition or unfair, unconscionable, deceptive, fraudulent, or unlawful acts or business practices in violation of the state consumer protection statutes listed in ¶¶ 91-137 below.

91.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Statutes § 45.50.471, et seq.  In particular, Alaska law provides:

> (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful.  (b) The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts: . . . (4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (8) advertising goods or services with intent not to sell them as advertised; . . . (11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services; (12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the

1
2
3
4

concealment, suppression, or omission in connection with the sale or
advertisement of goods or services whether or not a person has in fact
been misled, deceived or damaged; . . . (15) knowingly making false or
misleading statements concerning the need for parts, replacement, or
repair service . . . .

5   Alaska Stat. § 45.50.471.

6   By engaging in the practices discussed above, including, but not limited to,

7   General Motors' undisclosed headlight defect, Defendants violated Alaska Statutes

8   Annotated § 45.50.471.

9       92.    Defendants have engaged in unfair competition or unfair or deceptive

10  acts or practices in violation of Arizona Revised Statutes § 44-1521, et seq.

11  Particularly, Arizona law prohibits "[t]he act, use or employment by any person of

12  any deception, deceptive act or practice, fraud, false pretense, false promise,

13  misrepresentation, or concealment, suppression or omission of any material fact

14  with intent that others rely upon such concealment, suppression or omission, in

15  connection with the sale or advertisement of any merchandise whether or not any

16  person has in fact been misled, deceived or damaged thereby, is declared to be an

17  unlawful practice."  Ariz. Rev. Stat. Ann. § 44-1522(A).  By engaging in the

18  practices discussed above, including, but not limited to, General Motors'

19  undisclosed headlight defect, Defendants violated Arizona Revised Statute

20  Annotated § 44-1522(A).

21      93.    Defendants have engaged in unfair competition or unfair or deceptive

22  acts or practices in violation of Arkansas Code Annotated § 4-88-101, et seq.  In

23  particular, Arkansas law provides:

24
25
26
27
28

Deceptive and unconscionable trade practices made unlawful and
prohibited by this chapter include, but are not limited to, the following:
(1) Knowingly making a false representation as to the characteristics,
ingredients, uses, benefits, alterations, source, sponsorship, approval, or
certification of goods or services or as to whether goods are original or
new or of a particular standard, quality, grade, style, or model; . . . (3)
Advertising the goods or services with the intent not to sell them as

- 25 -

> advertised; . . . (10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade. . . .

Ark. Code Ann. § 4-88-107.

Arkansas law further provides, "[w]hen utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following shall be unlawful: (1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission." Ark. Code Ann. § 4-88-108.   By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants violated Arkansas Code Annotated §§ 4-88-107, 4-88-108.

94.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of Colorado Revised Statutes § 6-1-101, et seq.  In particular, Colorado law provides:

> A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person: . . . (e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . (g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another; . . . (i) Advertises goods, services, or property with intent not to sell them as advertised; . . . (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction . . . .

Colo. Rev. Stat. § 6-1-105.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated Colorado Revised Statutes § 6-1-105.

95.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Statutes of Connecticut § 42-110a, et seq.  In particular, Connecticut law provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Conn. Gen. Stat. § 42-110b(a).  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated the General Statutes of Connecticut § 42-110b.

96.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Delaware Code Annotated Title 6, § 2511, et seq. In particular, Delaware law provides that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice."  Del. Code Ann. tit. 6, § 2513(a).  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated Delaware Code Annotated Title 6, § 2513(a).

97.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of District of Columbia Code § 28-3901, et seq.  Particularly, District of Columbia law provides:

It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to: (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; . . . (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another; (e) misrepresent as to a material fact which has a tendency to mislead; . . . (f) fail to state a material fact if such failure

1
2

tends to mislead; . . . (h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered . . . .

3
D.C. Code § 28-3904.

4
By engaging in the practices discussed above, including, but not limited to,

5
General Motors' undisclosed headlight defect, Defendants have violated District of

6
Columbia Code § 28-3904.

7
98.    Defendants have engaged in unfair competition or unfair or deceptive

8
acts or practices in violation of Florida Statutes § 501.201, et seq.  In particular,

9
Florida law provides, "[u]nfair methods of competition, unconscionable acts or

10
practices, and unfair or deceptive acts or practices in the conduct of any trade or

11
commerce are hereby declared unlawful."  Fla. Stat. § 501.204(1).  By engaging in

12
the practices discussed above, including, but not limited to, General Motors'

13
undisclosed headlight defect, Defendants have violated Florida Statutes §

14
501.204(1).

15
99.    Defendants have engaged in unfair competition or unfair or deceptive

16
acts or practices in violation of Georgia Code Annotated §10-1-390, et seq.  In

17
particular, Georgia law provides:

18
19
20
21
22
23

(a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised.

24
Ga. Code Ann. § 10-1-372.

25
Georgia law further provides:

26
27
28

(a) Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful. (b) By way of illustration only and without limiting the scope of subsection (a) of this Code section, the following practices

are declared unlawful: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised . . . .

Ga. Code Ann. § 10-1-393(a).

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated Georgia Code Annotated §§ 10-1-372, 10-1-393(a).

100. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Revised Statutes § 480-1, et seq. In particular, Hawaii law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2. Hawaii law further provides:

(a) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Haw. Rev. Stat. § 481A-3.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated Hawaii Revised Statutes §§ 480-2, 481A-3.

101. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code Annotated § 48-601, et seq. In particular, Idaho law provides:

> The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer . . . .

Idaho Code Ann. § 48-603.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated Idaho Code Annotated § 48-603.

102.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 Illinois Compiled Statutes 505/1, et seq.  In particular, Illinois law provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, [footnote] in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. . . .

815 Ill. Comp. Stat. 505/2.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated 815 Illinois Compiled Statutes 505/2.

103.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Indiana Code § 24-5-0.5-1, et seq.  In particular,

Indiana law provides:

> (a) The following acts or representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: (1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.  (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. . . . (11) That the consumer will be able to purchase the subject of the consumer transaction as advertised by the supplier, if the supplier does not intend to sell it.

Ind. Code § 24-5-0.5-3.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated Indiana Code § 24-5-0.5-3.

104.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Statutes Annotated § 50-623, et seq.  In particular, Kansas law provides:

> (a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction; (b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled: (1) Representations made knowingly or with reason to know that: (A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; . . . (D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation; . . . (F) property or services has uses, benefits or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation; or (G) use, benefit or characteristic of property or services has been proven or otherwise substantiated unless the supplier relied upon and possesses the type and amount of proof or substantiation represented to exist; (2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;

(3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . .

Kan. Stat. Ann. § 50-626.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated Kansas Statutes Annotated § 50-626.

105.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kentucky Revised Statutes Annotated § 367.110, et seq.  In particular, Kentucky law provides, "(1) Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.  (2) For the purposes of this section, unfair shall be construed to mean unconscionable."  Ky. Rev. Stat. Ann. § 367.170.  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated Kentucky Revised Statutes Annotated § 367.170.

106.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Louisiana Revised Statutes Annotated § 51:1401, et seq.  Particularly, Louisiana law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  La. Rev. Stat. Ann. § 51:1405A.  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated Louisiana Revised Statutes Annotated § 51:1405A.

107.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Maine Revised Statutes Annotated Title 5, § 205-A, et seq.  In particular, Maine law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful."  Me. Rev. Stat. Ann. tit. 5, § 207.  By engaging in the practices

discussed above, including, but not limited to, General Motors' undisclosed

headlight defect, Defendants have violated Maine Revised Statutes Annotated Title

5, § 207.

108.   Defendants have engaged in unfair competition or unfair or deceptive

acts or practices in violation of Maryland Code Annotated, Commercial Law § 13-

101, et seq.  In particular, Maryland law provides:

> Unfair or deceptive trade practices include any: (1) False, falsely
> disparaging, or misleading oral or written statement, visual description,
> or other representation of any kind which has the capacity, tendency, or
> effect of deceiving or misleading consumers; (2) Representation that:
> (i) Consumer goods, consumer realty, or consumer services have a
> sponsorship, approval, accessory, characteristic, ingredient, use,
> benefit, or quantity which they do not have; . . . or . . . (iv) Consumer
> goods, consumer realty, or consumer services are of a particular
> standard, quality, grade, style, or model which they are not; (3) Failure
> to state a material fact if the failure deceives or tends to deceive; . . . (5)
> Advertisement or offer of consumer goods, consumer realty, or
> consumer services: (i) Without intent to sell, lease, or rent them as
> advertised or offered; . . . (9) Deception, fraud, false pretense, false
> premise, misrepresentation, or knowing concealment, suppression, or
> omission of any material fact with the intent that a consumer rely on the
> same in connection with: (i) The promotion or sale of any consumer
> goods, consumer realty, or consumer service . . . .

Md. Code Ann., Com. Law § 13-301.

By engaging in the practices discussed above, including, but not limited to,

General Motors' undisclosed headlight defect, Defendants have violated Maryland

Code Annotated, Commercial Law § 13-301.

109.   Defendants have engaged in unfair competition or unfair or deceptive

acts or practices in violation of the General Laws of Massachusetts Chapter 93A, §

1, et seq.  In particular, Massachusetts law provides, "(a) Unfair methods of

competition and unfair or deceptive acts or practices in the conduct of any trade or

commerce are hereby declared unlawful."  Mass. Gen. Laws Ch. 93A, § 2.  By

engaging in the practices discussed above, including, but not limited to, including,

1    but not limited to, General Motors' undisclosed headlight defect, Defendants have

2    violated the General Laws of Massachusetts Chapter 93A, § 2.

3            110.    Defendants have engaged in unfair competition or unfair or deceptive

4    acts or practices in violation of Michigan Compiled Laws § 445.901, et seq.  In

5    particular, Michigan law provides:

6            (1) Unfair, unconscionable, or deceptive methods, acts, or practices in
             the conduct of trade or commerce are unlawful and are defined as
7            follows: . . . (c) Representing that goods or services have sponsorship,
             approval, characteristics, ingredients, uses, benefits, or quantities that
8            they do not have . . . . (e) Representing that goods or services are of a
             particular standard, quality, or grade, or that goods are of a particular
9            style or model, if they are of another. . . . (g) Advertising or
             representing goods or services with intent not to dispose of those goods
10           or services as advertised or represented. . . . . (s) Failing to reveal a
             material fact, the omission of which tends to mislead or deceive the
11           consumer, and which fact could not reasonably be known by the
             consumer. . . . . (bb) Making a representation of fact or statement of fact
12           material to the transaction such that a person reasonably believes the
             represented or suggested state of affairs to be other than it actually is. . .
13           . (cc) Failing to reveal facts that are material to the transaction in light
             of representations of fact made in a positive manner.
14

15

16

17   Mich. Comp. Laws § 445.903.

18   By engaging in the practices discussed above, including, but not limited to,

19   General Motors' undisclosed headlight defect, Defendants have violated Michigan

20   Compiled Laws § 445.903.

21           111.    Defendants have engaged in unfair competition or unfair or deceptive

22   acts or practices in violation of Minnesota Statutes § 8.31, et seq.  In particular,

23   Minnesota law provides:

24           A person engages in a deceptive trade practice when, in the course of
             business, vocation, or occupation, the person: . . . (5) represents that
25           goods or services have sponsorship, approval, characteristics,
             ingredients, uses, benefits, or quantities that they do not have . . . ; . . .
26           (7) represents that goods or services are of a particular standard,
             quality, or grade, or that goods are of a particular style or model, if they
27           are of another; . . . (9) advertises goods or services with intent not to
28

1   sell them as advertised; . . . or (13) engages in any other conduct which
2   similarly creates a likelihood of confusion or of misunderstanding.

3   Minn. Stat. § 325D.44, sub. 1.

4   Minnesota law further provides:

5   Any person, firm, corporation, or association who, with intent to sell or
6   in anywise dispose of merchandise, securities, service, or anything
     offered by such person, firm, corporation, or association, directly or
7   indirectly, to the public, for sale or distribution, or with intent to
     increase the consumption thereof, or to induce the public in any manner
8   to enter into any obligation relating thereto, or to acquire title thereto,
9   or any interest therein, makes, publishes, disseminates, circulates, or
     places before the public, or causes, directly or indirectly, to be made,
10  published, disseminated, circulated, or placed before the public, in this
11  state, in a newspaper or other publication, or in the form of a book,
     notice, handbill, poster, bill, label, price tag, circular, pamphlet,
12  program, or letter, or over any radio or television station, or in any
13  other way, an advertisement of any sort regarding merchandise,
     securities, service, or anything so offered to the public, for use,
14  consumption, purchase, or sale, which advertisement contains any
15  material assertion, representation, or statement of fact which is untrue,
     deceptive, or misleading, shall, whether or not pecuniary or other
16  specific damage to any person occurs as a direct result thereof, be guilty
17  of a misdemeanor, and any such act is declared to be a public nuisance
     and may be enjoined as such.
18

19  Minn. Stat. § 325F.67.

20  Minnesota law provides as well that "[t]he act, use, or employment by any person

21  of any fraud, false pretense, false promise, misrepresentation, misleading statement

22  or deceptive practice, with the intent that others rely thereon in connection with the

23  sale of any merchandise, whether or not any person has in fact been misled,

24  deceived, or damaged thereby, is enjoinable . . . ."  Minn. Stat. § 325F.69, sub. 1.

25  By engaging in the practices discussed above, including, but not limited to,

26  General Motors' undisclosed headlight defect, Defendants have violated

27  Minnesota Statutes §§ 325D.44, sub. 1, 325F.67, 325F.69, sub. 1.

28      112.   Defendants have engaged in unfair competition or unfair or deceptive

1   acts or practices in violation of Missouri Revised Statutes § 407.010, et seq.  In

2   particular Missouri law provides, "The act, use or employment by any person of

3   any deception, fraud, false pretense, false promise, misrepresentation, unfair

4   practice or the concealment, suppression, or omission of any material fact in

5   connection with the sale or advertisement of any merchandise in trade or

6   commerce . . . , in or from the state of Missouri, is declared to be an unlawful

7   practice. . . ." Mo. Rev. Stat. § 407.020.1.  By engaging in the practices discussed

8   above, including, but not limited to, General Motors' undisclosed headlight defect,

9   Defendants have violated Missouri Revised Statutes § 407.020.1.

10         113.   Defendants have engaged in unfair competition or unfair or deceptive

11  acts or practices in violation of Montana Code Annotated § 30-14-101, et seq.  In

12  particular, Montana law provides, "Unfair methods of competition and unfair or

13  deceptive acts or practices in the conduct of any trade or commerce are unlawful."

14  Mont. Code Ann. § 30-14-103.  By engaging in the practices discussed above,

15  including, but not limited to, General Motors' undisclosed headlight defect,

16  Defendants have violated Montana Code Annotated § 30-14-103.

17         114.   Defendants have engaged in unfair competition or unfair or deceptive

18  acts or practices in violation of Nebraska Revised Statutes § 59-1601, et seq.  In

19  particular, Nebraska law provides, "Unfair methods of competition and unfair or

20  deceptive acts or practices in the conduct of any trade or commerce shall be

21  unlawful."  Neb. Rev. Stat. § 59-1602.  Nebraska law further provides:

22              (a) A person engages in a deceptive trade practice when, in the course
23              of his or her business, vocation, or occupation, he or she: . . . (5)
                Represents that goods or services have sponsorship, approval,
24              characteristics, ingredients, uses, benefits, or quantities that they do not
                have . . . ; . . . (9) Advertises goods or services with intent not to sell
25              them as advertised; . . . (c) This section does not affect unfair trade
                practices otherwise actionable at common law or under other statutes of
26              this state.
27

28  Neb. Rev. Stat. § 87-302.

1   By engaging in the practices discussed above, including, but not limited to,

2   General Motors' undisclosed headlight defect, Defendants have violated Nebraska

3   Revised Statutes §§ 59-1602, 87-302.

4       115.   Defendants have engaged in unfair competition or unfair or deceptive

5   acts or practices in violation of Nevada Revised Statutes § 598.0903, et seq.

6   Nevada law provides in particular:

> A person engages in a "deceptive trade practice" if, in the course of his
> business or occupation, he: . . . 5. Knowingly makes a false
> representation as to the characteristics, ingredients, uses, benefits,
> alterations or quantities of goods or services for sale or lease or a false
> representation as to the sponsorship, approval, status, affiliation or
> connection of a person therewith. . . . 7. Represents that goods or
> services for sale or lease are of a particular standard, quality or grade,
> or that such goods are of a particular style or model, if he knows or
> should know that they are of another standard, quality, grade, style or
> model. . . . 9. Advertises goods or services with intent not to sell or
> lease them as advertised. . . . 15. Knowingly makes any other false
> representation in a transaction. . . .

16  Nev. Rev. Stat. § 598.0915.

17  By engaging in the practices discussed above, including, but not limited to,

18  General Motors' undisclosed headlight defect, Defendants have violated Nevada

19  Revised Statutes § 598.0915.

20      116.   Defendants have engaged in unfair competition or unfair or deceptive

21  acts or practices in violation of New Hampshire Revised Statutes Annotated § 358-

22  A:1, et seq.  Particularly, New Hampshire law provides:

> It shall be unlawful for any person to use any unfair method of
> competition or any unfair or deceptive act or practice in the conduct of
> any trade or commerce within this state.  Such unfair method of
> competition or unfair or deceptive act or practice shall include, but is
> not limited to, the following: . . . V. Representing that goods or services
> have sponsorship, approval, characteristics, ingredients, uses, benefits,
> or quantities that they do not have . . . ; . . . VII. Representing that
> goods or services are of a particular standard, quality, or grade, or that

1
2
3

> goods are of a particular style or model, if they are of another; . . . IX.
> Advertising goods or services with intent not to sell them as advertised
> . . . .

4  N.H. Rev. Stat. Ann. § 358-A:2.

5  By engaging in the practices discussed above, including, but not limited to,

6  General Motors' undisclosed headlight defect, Defendants have violated New

7  Hampshire Revised Statutes Annotated § 358-A:2.

8      117.   Defendants have engaged in unfair competition or unfair,

9  unconscionable, or deceptive acts or practices in violation of New Jersey Statutes

10  Annotated § 56:8-1, et seq.  Particularly, New Jersey law provides:

11
12
13
14
15
16

> The act, use or employment by any person of any unconscionable
> commercial practice, deception, fraud, false pretense, false promise,
> misrepresentation, or the knowing, concealment, suppression, or
> omission of any material fact with intent that others rely upon such
> concealment, suppression or omission, in connection with the sale or
> advertisement of any merchandise or real estate, or with the subsequent
> performance of such person as aforesaid, whether or not any person has
> in fact been misled, deceived or damaged thereby, is declared to be an
> unlawful practice . . . .

17  N.J.S.A. § 56:8-2.

18  By engaging in the practices discussed above, including, but not limited to,

19  General Motors' undisclosed headlight defect, Defendants have violated New

20  Jersey Statutes Annotated § 56:8-2.

21      118.   Defendants have engaged in unfair competition or unfair or deceptive

22  acts or practices in violation of New Mexico Statutes § 57-12-1, et seq.  In

23  particular, New Mexico law provides:

24
25
26
27
28

> D. "unfair or deceptive trade practice" means an act specifically
> declared unlawful pursuant to the Unfair Practices Act, a false or
> misleading oral or written statement, visual description or other
> representation of any kind knowingly made in connection with the sale,
> lease, rental or loan of goods or services or in the extension of credit or
> in the collection of debts by a person in the regular course of his trade
> or commerce, which may, tends to or does deceive or mislead any

person and includes: . . . (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another; . . . (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive; . . . E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services . . . : (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid.

N.M. Stat. § 57-12-2.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated New Mexico Statutes § 57-12-2.

119.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New York General Business Law § 349, et seq.  In particular, New York law provides, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  N.Y. Gen. Bus. Law § 349.  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated New York General Business Law § 349.

120.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of North Carolina General Statutes § 75-1.1, et seq. In particular, North Carolina law provides, "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."  N.C. Gen. Stat. § 75-1.1(a).  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendants have violated North Carolina General

1  Statutes § 75-1.1(a).

2     121.   Defendants have engaged in unfair competition or unfair or deceptive

3  acts or practices in violation of North Dakota Century Code § 51-15-01, et seq.  In

4  particular, North Dakota law provides:

5           The act, use, or employment by any person of any deceptive act or
          practice, fraud, false pretense, false promise, or misrepresentation, with
6           the intent that others rely thereon in connection with the sale or
          advertisement of any merchandise, whether or not any person has in
7           fact been misled, deceived, or damaged thereby, is declared to be an
          unlawful practice.
8

9  N.D. Cent. Code § 51-15-02.

10  By engaging in the practices discussed above, including, but not limited to,

11  General Motors' undisclosed headlight defect, Defendants have violated North

12  Dakota Century Code § 51-15-02.

13     122.   Defendants have engaged in unfair competition or unfair or deceptive

14  acts or practices in violation of Ohio Revised Code Annotated § 1345.01, et seq.

15  In particular, Ohio law provides, "No supplier shall commit an unfair or deceptive

16  act or practice in connection with a consumer transaction. Such an unfair or

17  deceptive act or practice by a supplier violates this section whether it occurs

18  before, during, or after the transaction."  Ohio Rev. Code Ann. § 1345.02(a).  By

19  engaging in the practices discussed above, including, but not limited to, General

20  Motors' undisclosed headlight defect, Defendants have violated Ohio Revised

21  Code Annotated § 1345.02(a).

22     123.   Defendants have engaged in unfair competition or unfair or deceptive

23  acts or practices or made false representations in violation of Oklahoma Statutes

24  Title 15, § 751, et seq.  In particular, Oklahoma law provides:

25           As used in the Oklahoma Consumer Protection Act: . . . 13. "Deceptive
          trade practice" means a misrepresentation, omission or other practice
26           that has deceived or could reasonably be expected to deceive or mislead
          a person to the detriment of that person.  Such a practice may occur
27           before, during or after a consumer transaction is entered into and may
28

1
2
3

be written or oral; 14. "Unfair trade practice" means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. . . .

4   Okla. Stat. tit. 15, § 752.

5   Oklahoma law further provides:

6
7
8
9
10
11
12
13

A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act, Section 751 et seq. of this title, when, in the course of the person's business, the person: . . . 5. Makes a false representation, knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction . . . ; . . . 7. Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another; 8. Advertises, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised; . . . 20. Commits an unfair or deceptive trade practice as defined in Section 752 of this title . . . .

14   Okla. Stat. tit. 15, § 753.

15   It continues to provide:

16
17
18
19
20
21
22

A. A person engages in a deceptive trade practice when in the course of business, vocation, or occupation, the person: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . 7. Represents that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another; . . . C. The deceptive trade practices listed in this section are in addition to and do not limit the types of unfair trade practices actionable at common law or under other statutes of this state.

23   Okla. Stat. tit. 78, § 53.

24   By engaging in the practices discussed above, including, but not limited to,

25   General Motors' undisclosed headlight defect, Defendants have violated Oklahoma

26   Statutes Titles 15, §§ 752 and 753, 78, § 53.

27        124.   Defendants have engaged in unfair competition or unfair or deceptive

28   acts or practices in violation of Oregon Revised Statutes § 646.605, et seq.  In

particular, Oregon law provides, "A person engages in an unlawful practice when

in the course of the person's business, vocation or occupation the person: (1)

Employs any unconscionable tactic in connection with the sale, rental or other

disposition of real estate, goods or services . . . ." Or. Rev. Stat. § 646.607.

Oregon law further provides:

> (1) A person engages in an unlawful practice when in the course of the
> person's business, vocation or occupation the person does any of the
> following: . . . (e) Represents that real estate, goods or services have
> sponsorship, approval, characteristics, ingredients, uses, benefits,
> quantities or qualities that they do not have . . . . (g) Represents that real
> estate, goods or services are of a particular standard, quality, or grade,
> or that real estate or goods are of a particular style or model, if they are
> of another. . . . (t) Concurrent with tender or delivery of any real estate,
> goods or services fails to disclose any known material defect or
> material nonconformity. (u) Engages in any other unfair or deceptive
> conduct in trade or commerce.

Or. Rev. Stat. § 646.608.

By engaging in the practices discussed above, including, but not limited to,

General Motors' undisclosed headlight defect, Defendants have violated Oregon

Revised Statutes §§ 646.607, 646.608.

125.   Defendants have engaged in unfair competition or unfair or deceptive

acts or practices in violation of 73 Pennsylvania Statutes Annotated Title 73, §

201-1, et seq.  In particular, Pennsylvania law provides:

> (4) "Unfair methods of competition" and "unfair or deceptive acts or
> practices" mean any one or more of the following: . . . (v) Representing
> that goods or services have sponsorship, approval, characteristics,
> ingredients, uses, benefits or quantities that they do not have . . . ; . . .
> (vii) Representing that goods or services are of a particular standard,
> quality or grade, or that goods are of a particular style or model, if they
> are of another; . . . (ix) Advertising goods or services with intent not to
> sell them as advertised; . . . (xxi) Engaging in any other fraudulent or
> deceptive conduct which creates a likelihood of confusion or of
> misunderstanding.

Pa. Stat. Ann. tit. 73, § 201-2.

1   By engaging in the practices discussed above, including, but not limited to,

2   General Motors' undisclosed headlight defect, Defendants have violated

3   Pennsylvania Statutes Annotated Title 73, § 201-2.

4          126.   Defendants have engaged in unfair competition or unfair or deceptive

5   acts or practices in violation of Rhode Island General Laws § 6-13.1-1, et seq.  In

6   particular, Rhode Island law provides:

7              As used in this chapter: . . . (6) "Unfair methods of competition and
               unfair or deceptive acts or practices" means any one or more of the
8              following: (v) Representing that goods or services have sponsorship,
               approval, characteristics, ingredients, uses, benefits, or quantities that
9              they do not have . . . ; . . . (vii) Representing that goods or services are
               of a particular standard, quality, or grade, or that goods are of a
10             particular style or model, if they are of another; . . . (ix) Advertising
               goods or services with intent not to sell them as advertised; . . . (xii)
11             Engaging in any other conduct that similarly creates a likelihood of
               confusion or of misunderstanding; (xiii) Engaging in any act or practice
12             that is unfair or deceptive to the consumer; (xiv) Using any other
               methods, acts or practices which mislead or deceive members of the
13             public in a material respect; . . . (xvii) Advertising claims concerning
               safety, performance, and comparative price unless the advertiser, upon
14             request by any person, the consumer council, or the attorney general,
               makes available documentation substantiating the validity of the claim .
15             . . .

16

17

18

19  R.I. Gen. Laws § 6-13.1-1.

20  By engaging in the practices discussed above, including, but not limited to,

21  General Motors' undisclosed headlight defect, Defendants have violated Rhode

22  Island General Laws § 6-13.1-1.

23         127.   Defendants have engaged in unfair competition or unfair or deceptive

24  acts or practices in violation of South Carolina Code Annotated § 39-5-10, et seq.

25  In particular, South Carolina law provides, "Unfair methods of competition and

26  unfair or deceptive acts or practices in the conduct of any trade or commerce are

27  hereby declared unlawful. . . ."  S.C. Code Ann. § 39-5-20.  By engaging in the

28  practices discussed above, including, but not limited to, General Motors'

1  undisclosed headlight defect, Defendants have violated South Carolina Code

2  Annotated § 39-5-20.

3  128.   Defendants have engaged in unfair competition or unfair or deceptive

4  acts or practices in violation of South Dakota Codified Laws § 37-24-1, et seq.  In

5  particular, South Dakota law provides:

> It is a deceptive act or practice for any person to: (1) Knowingly and
> intentionally act, use, or employ any deceptive act or practice, fraud,
> false pretense, false promises, or misrepresentation or to conceal,
> suppress, or omit any material fact in connection with the sale or
> advertisement of any merchandise, regardless of whether any person
> has in fact been mislead, deceived, or damaged thereby.

10  S.D. Codified Laws § 37-24-6(1).

11  By engaging in the practices discussed above, including, but not limited to,

12  General Motors' undisclosed headlight defect, Defendants have violated South

13  Dakota Codified Laws § 37-24-6(1).

14  129.   Defendants have engaged in unfair competition or unfair or deceptive

15  acts or practices in violation of Tennessee Code Annotated § 47-18-101, et seq.  In

16  particular, Tennessee law provides:

> (b) Without limiting the scope of subsection (a), the following unfair or
> deceptive acts or practices affecting the conduct of any trade or
> commerce are declared to be unlawful and in violation of this part . . .
> (5) Representing that goods or services have sponsorship, approval,
> characteristics, ingredients, uses, benefits or quantities that they do not
> have . . . ; . . . (7) Representing that goods or services are of a particular
> standard, quality or grade, or that goods are of a particular style or
> model, if they are of another; . . . (9) Advertising goods or services with
> intent not to sell them as advertised; . . . (21) Using statements or
> illustrations in any advertisement which create a false impression of the
> grade, quality, quantity, make, value, age, size, color, usability or origin
> of the goods or services offered, or which may otherwise misrepresent
> the goods or services in such a manner that later, on disclosure of the
> true facts, there is a likelihood that the buyer may be switched from the
> advertised goods or services to other goods or services; . . . (27)
> Engaging in any other act or practice which is deceptive to the
> consumer or to any other person . . . .

1  Tenn. Code Ann. § 47-18-104.

2  By engaging in the practices discussed above, including, but not limited to,

3  General Motors' undisclosed headlight defect, Defendants have violated Tennessee

4  Code Annotated § 47-18-104.

5       130.  Defendants have engaged in unfair competition or unfair or deceptive

6  acts or practices in violation of TEX. BUS. & COM. CODE ANN. § 17.41, et seq.

7  Specifically General Motors has violated the following sections of the Texas

8  Deceptive Trade Practices Act ("DTPA"):

9            a.   Tex. Bus. & Com. Code §17.50(1): the use or employment of a

10               false, misleading, or deceptive acts or practices as defined in

11               §17.46(b)(5), §17.46(b)(7), §17.46(b)(20), and §17.46(b)(24) of

12               the DTPA that were detrimentally relied upon by Plaintiffs and

13               each member of the Texas Class; and

14           b.   Tex. Bus. & Com. Code §17.50(3): an unconscionable action or

15               course of action as defined by §17.45(5).

16      131.  Defendants have engaged in unfair competition or unfair or deceptive

17 acts or practices in violation of Utah Code Annotated § 13-11-1, et seq.  In

18 particular, Utah law provides:

19     (1) A deceptive act or practice by a supplier in connection with a
20     consumer transaction violates this chapter whether it occurs before, during, or after the transaction.  (2) Without limiting the scope of
21     Subsection (1), a supplier commits a deceptive act or practice if the supplier knowingly or intentionally: (a) indicates that the subject of a
22     consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; (b) indicates
23     that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not; . . .(e) indicates that the
24     subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not; . . . (j) . . . (ii) fails to honor a
25     warranty or a particular warranty term . . . .
26 
27 Utah Code Ann. § 13-11-4.

28 By engaging in the practices discussed above, including, but not limited to,

1   General Motors' undisclosed headlight defect, Defendants have violated Utah

2   Code Annotated § 13-11-4.

3        132.   Defendants have engaged in unfair competition or unfair or deceptive

4   acts or practices in violation of Vermont Statutes Annotated Title 9, § 2451, et seq.

5   In particular, Vermont law provides, "(a) Unfair methods of competition in

6   commerce, and unfair or deceptive acts or practices in commerce, are hereby

7   declared unlawful." Vt. Stat. Ann. tit. 9, § 2453.  By engaging in the practices

8   discussed above, including, but not limited to, General Motors' undisclosed

9   headlight defect, Defendants have violated Vermont Statutes Annotated Title 9, §

10  2453.

11       133.   Defendants have engaged in unfair competition or unfair or deceptive

12  acts or practices in violation of Virginia Code Annotated § 59.1-196, et seq.  In

13  particular, Virginia law provides:

14         A. The following fraudulent acts or practices committed by a supplier

15         in connection with a consumer transaction are hereby declared
       unlawful: . . . 5. Misrepresenting that goods or services have certain

16         quantities, characteristics, ingredients, uses, or benefits; 6.
       Misrepresenting that goods or services are of a particular standard,

17         quality, grade, style, or model; 7. Advertising or offering for sale goods

18         that are used, secondhand, repossessed, defective, blemished,
       deteriorated, or reconditioned, or that are "seconds," irregulars,

19         imperfects, or "not first class," without clearly and unequivocally
       indicating in the advertisement or offer for sale that the goods are used,

20         secondhand, repossessed, defective, blemished, deteriorated,

21         reconditioned, or are "seconds," irregulars, imperfects or "not first
       class"; 8. Advertising goods or services with intent not to sell them as

22         advertised, or with intent not to sell at the price or upon the terms

23         advertised. . . . 14. Using any other deception, fraud, false pretense,

24         false promise, or misrepresentation in connection with a consumer

25         transaction . . . .

26  Va. Code Ann. § 59.1-200.

27  By engaging in the practices discussed above, including, but not limited to,

28  General Motors' undisclosed headlight defect, Defendants have violated Virginia

1  Code Annotated § 59.1-200.

2      134.   Defendants have engaged in unfair competition or unfair, deceptive or

3  fraudulent acts or practices in violation of Washington Revised Code. § 19.86.010,

4  et seq.  Particularly, Washington law provides, "Unfair methods of competition

5  and unfair or deceptive acts or practices in the conduct of any trade or commerce

6  are hereby declared unlawful."  Wash. Rev. Code § 19.86.020.  By engaging in the

7  practices discussed above, including, but not limited to, General Motors'

8  undisclosed headlight defect, Defendants have violated Washington Revised Code

9  § 19.86.020.

10     135.   Defendants have engaged in unfair competition or unfair or deceptive

11  acts or practices in violation of West Virginia Code § 46A-6-101, et seq.  In

12  particular, West Virginia law provides:

13
14          (7) "Unfair methods of competition and unfair or deceptive acts or
            practices" means and includes, but is not limited to, any one or more of
            the following: . . . (E) Representing that goods or services have
15          sponsorship, approval, characteristics, ingredients, uses, benefits or
            quantities that they do not have . . . ; . . . (G) Representing that goods or
16          services are of a particular standard, quality or grade, or that goods are
            of a particular style or model if they are of another; . . . (I) Advertising
17          goods or services with intent not to sell them as advertised; . . . (L)
18          Engaging in any other conduct which similarly creates a likelihood of
            confusion or of misunderstanding; . . . (M) The act, use or employment
19          by any person of any deception, fraud, false pretense, false promise or
            misrepresentation, or the concealment, suppression or omission of any
20          material fact with intent that others rely upon such concealment,
21          suppression or omission, in connection with the sale or advertisement
            of any goods or services, whether or not any person has in fact been
22          misled, deceived or damaged thereby . . . .
23

24  W. Va. Code § 46A-6-102.

25  By engaging in the practices discussed above, including, but not limited to,

26  General Motors' undisclosed headlight defect, Defendants have violated West

27  Virginia Code § 46A-6-102.

28     136.   Defendants have engaged in unfair competition or unfair, deceptive,

1  or fraudulent acts or practices in violation of Wisconsin Statutes § 100.20, et seq.

2  Particularly, Wisconsin law provides, "Methods of competition in business and

3  trade practices in business shall be fair. Unfair methods of competition in business

4  and unfair trade practices in business are hereby prohibited."  Wis. Stat. §

5  100.20(1).  By engaging in the practices discussed above, including, but not

6  limited to, General Motors' undisclosed headlight defect, Defendants have violated

7  Wisconsin Statutes § 100.20(1).

8          137.    Defendants have engaged in unfair competition or unfair, deceptive,

9  or fraudulent acts or practices in violation of Wyoming Statutes Annotated § 40-

10  12-101, et seq.  In particular, Wyoming law provides:

11              (a) A person engages in a deceptive trade practice unlawful under this
12              act when, in the course of his business and in connection with a
                consumer transaction, he knowingly: (i) Represents that merchandise
13              has a source, origin, sponsorship, approval, accessories or uses it does
                not have; . . . (iii) Represents that merchandise is of a particular
14              standard, grade, style or model, if it is not; . . . (x) Advertises
                merchandise with intent not to sell it as advertised; . . . or . . . (xv)
15              Engages in unfair or deceptive acts or practices.
16

17  Wyo. Stat. Ann. § 40-12-105.

18  By engaging in the practices discussed above, including, but not limited to,

19  General Motors' undisclosed headlight defect, Defendants have violated Wyoming

20  Statutes Annotated § 40-12-105.

21          138.    Plaintiffs and members of the Class have been injured by reason of

22  General Motors' unfair and deceptive acts and practices in regard to its sale of the

23  Vehicles without proper disclosure, without which consumers would not have

24  bought the machines or would have been unwilling to pay the price they, in fact,

25  purchased them for.  These injuries are of the type that the above state consumer

26  protection statutes were designed to prevent and are the direct result of General

27  Motors' unlawful conduct.

28

1

2

3

**<u>SIXTH CLAIM FOR RELIEF</u>**

**Fraudulent Concealment**

**By Plaintiffs Against All Defendants**

4      139.   Plaintiffs reallege and incorporate by reference each preceding

5  paragraph as though set at length herein.

6      140.   As alleged above, Defendants knew about the inherent headlight

7  system defect in the Vehicles at all relevant times.

8      141.   As alleged above, Defendants have intentionally concealed the

9  inherent headlight system defect from Plaintiffs and the Class and failed to disclose

10  it to them.

11      142.   As alleged above, Defendants had a duty to disclose the inherent

12  headlight defect in the Vehicles to Plaintiffs and the Class.

13      143.   As a direct and proximate result of Defendants' intentional

14  concealment of the headlight system defect in the Vehicles from Plaintiffs and the

15  Class and failure to disclose it to them, Plaintiffs and the Class have paid extra for

16  the Vehicles, incurred and/or will incur substantial headlight system-related parts

17  and labor costs, and incurred diminution in value damages.

18      144.   Because the information Defendants concealed and failed to disclose

19  is material, it should be presumed that Plaintiffs and the Class members relied on

20  Defendant's concealment and omissions, and that Defendant's concealment and

21  omissions caused the damages sustained by Plaintiffs and the Class members.

22      145.   As Defendants' conduct was intentional, Plaintiffs and the Plaintiff

23  Class are also entitled to and seek punitive damages.

24

25

26

**<u>SEVENTH CLAIM FOR RELIEF</u>**

**Unjust Enrichment**

**By Plaintiffs Against All Defendants**

27      146.   Plaintiffs reallege and incorporate by reference each preceding

28  paragraph as though set forth at length herein.

- 49 -

1    147.   Plaintiffs and the Class members conferred benefits on Defendants

2    when they purchased or leased Vehicles with defective headlight systems.

3    148.   Plaintiffs and the Class also conferred benefits on Defendants when

4    they purchased headlight system defect-related parts and labor costs to Defendants

5    or their agents or affiliates.

6    149.   Under the circumstances, it would be against equity and good

7    conscience to permit Defendants to retain the entirety of the benefits conferred on

8    it when Plaintiffs and the Class purchased or leased Vehicles given that Defendants

9    have known the inherent headlight system defect in the Vehicles but intentionally

10   concealed that material information from Plaintiffs and the Class and has failed to

11   disclose it to them in order to induce them to purchase the Vehicles, and Plaintiffs

12   and the Class members would not have purchased the Vehicles if they had known

13   of the headlight system defect.

14   150.   It would therefore be unjust and inequitable for Defendants to retain

15   all of the benefits they received and not provide restitution to Plaintiffs and the

16   Class.

17   **VII.   JURY DEMAND**

18   Plaintiffs demand a trial by jury.

19   **VIII.  DEMAND FOR RELIEF**

20   WHEREFORE, Plaintiffs, individually and on behalf of the Class, request

21   that the Court order the following relief and enter judgment against Defendants as

22   follows:

23   a.   An order certifying this matter as a class action with Plaintiffs as

24        Class Representatives and Subclass Representatives, and designating

25        Plaintiffs' counsel as Class Counsel and Subclass Counsel;

26   b.   Judgment in favor of Plaintiffs and the Class against Defendants on

27        all counts;

28

1       c.     An order permanently enjoining Defendants from its improper

2              activities and conduct alleged herein;

3       d.     An award of reasonable attorneys' fees and costs of this action; and

4       e.     All other and further relief as the Court deems necessary, just, and

5              proper.

6  Dated:  October 19, 2015            Respectfully submitted,

7

8                       By: /s/ *David E. Bower*
                           David E. Bower

9

10                    David E. Bower, SBN 119546
                    **FARUQI & FARUQI, LLP**

11                    10866 Wilshire Boulevard, Suite 1470
                    Los Angeles, CA 90024

12                    Telephone: (424) 256-2884
                    Facsimile: (424) 256-2885

13                    Email: dbower@faruqilaw.com

14

15                    Adam Gonnelli
                    369 Lexington Avenue, 10th Floor

16                    New York, NY 10017
                    Telephone: (212) 983-9330

17                    Facsimile: (212) 983-9331
                    Email: agonnelli@faruqilaw.com

18

19                    Bonner Walsh

20                    **Walsh PLLC**
                    21810 Pine Crest Dr.

21                    Bly, Oregon 97622
                    Telephone: (541) 359-2827

22                    Facsimile: (866) 503-8206
                    Email:  bonner@walshpllc.com

23

24                    Steven L. Marchbanks, Bar No. 214686

25                    **PREMIER LEGAL CENTER, A.P.C.**
                    501 W. Broadway, Suite 1095

26                    San Diego, CA  92101
                    Telephone:  (619) 235-3200

27                    Facsimile:   (619) 235-3300
                    steve@premierlegalcenter.com

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Craig M. Patrick, Bar No. 255849
**PATRICK LAW FIRM, P.C.**
6244 E. Lovers Lane
Dallas, TX 75214
Telephone: (214) 390-3343
Facsimile:  (469) 914-6565
craigpatrick@att.net

1   I, Armando Becerra, declare as follows:

2   I am a plaintiff in this action and a citizen of the State of California.  I have
3   personal knowledge of the facts herein and if called as witness, I could and would
4   testify competently thereto.

5   This is a proper place for trial under Civil Code Section 1780(d) in that a
6   substantial portion of the transaction at issue occurred in the Southern District of
7   California, because I purchased the 2014 GMC Sierra 1500 at a dealership in the
8   Central District.

9   I purchased the 2014 GMC Sierra 1500 in reliance on the statements in the
10  user's manual concerning the headlamps' wattage and their ability to generate
11  sufficient light for safe night-time travel.  Had I known about the inherent defect in
12  the headlight systems, I would not have purchased it.

13  I declare under penalty of perjury under the laws of the United States that the
14  foregoing is true and correct.

15  Executed on October _5_ , 2015 at _Bonita_ , California.

16

17

18

19  Armando Becerra

20

21

22

23

24

25

26

27

28

- 53 -