Barbara A. Rohr, SBN 273353
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone:  (424) 256-2884
Facsimile:  (424) 256-2885
Email:  brohr@faruqilaw.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO J. BECERRA, GUILLERMO RUELAS, ROBERT STEWART, and STEVE WILSON, on behalf of themselves and those similarly situated, <br><br> Plaintiffs. <br><br> v. <br><br> GENERAL MOTORS LLC AND DOES 1 through 100, <br><br> Defendant. | **CASE NO. 3:15-cv-02365-WQH-JMA** <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> (1) Magnuson-Moss Warranty Act <br> (2) Violation of California's Consumer Legal  Remedies Act; <br> (3) Violation of California's Unfair Competition Law; <br> (4) Breach of Express Warranty pursuant to Song-Beverly Consumer Warranty Act; <br> (5) Breach of Implied Warranty of Merchantability pursuant to Song-Beverly Consumer Warranty Act; <br> (6) Violation of Breach of Implied Warrant of Merchantability, Tex. Bus & Com. Code Ann. **§** 2.314 <br> (7) Violation of Texas Deceptive Trade Practices Act <br> (8) Deceptive Trade Practices Concerning Various State Laws <br> (9) Fraudulent Concealment; and <br> (10)   Unjust Enrichment <br><br> **DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT

1    Plaintiffs Armando J. Becerra, Guillermo Ruelas, Robert Stewart, and Steve
2    Wilson ("Plaintiffs"), on behalf of themselves and all other persons similarly
3    situated, bring this action against Defendant GENERAL MOTORS LLC and
4    DOES 1 through 100 (collectively, "Defendant" or "GM"), and allege, upon
5    personal knowledge as to their own conduct, and upon information and belief as to
6    the conduct of others, as follows:

7  **I.    NATURE OF THE ACTION**

8    1.    Plaintiffs represent a class of GMC truck owners.  The trucks were
9    sold with inadequate headlights which do not illuminate the road well enough for
10   safe night driving.  GM's design gives drivers much less time to identify and react
11   to other cars, pedestrians, or obstacles.

12   2.    The inadequate headlights are found on the following models: GMC
13   Sierra 1500 (model year 2014 and 2015) and GMC Sierra 2500HD and 3500HD
14   (model year 2015) collectively defined as the "Vehicles."

15   3.    The Vehicles' headlights have been the subject of a huge number of
16   consumer complaints.

17   4.    GM has long known about the problem but has not notified
18   consumers.  GM issued a Technical Service Bulletin to its dealerships advising
19   them to increase the voltage to the headlights if consumers complained about the
20   lack of visibility.

21   5.    Plaintiffs bring this action on behalf of a proposed nationwide class
22   and California and Texas Subclasses, as defined herein, of purchasers and lessees
23   of one or more of the Vehicles.  Plaintiffs seek a judgment requiring General
24   Motors to, among other things, inform all class members of the headlight system
25   defect in the Vehicles, to recall and remedy the headlight defect, and to make
26   appropriate restitution to class members.

27
28

## II.    JURISDICTION AND VENUE

6.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(d)(2), because the Plaintiffs and the Defendant are citizens of different states, there are more than 100 members of the class and the aggregate amount in controversy exceeds $5,000,000, exclusive of attorneys' fees, interest, and costs.

7.      This Court has jurisdiction over Defendant because it is registered to conduct business in California; has sufficient minimum contacts in California; and intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of the Vehicles to render the exercise of jurisdiction by this Court proper and necessary.  Moreover, Defendant's wrongful conduct (as described herein) foreseeably affects consumers in California.

8.      Pursuant to 28 U.S.C. §1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in this District and because one Plaintiff resides in this District.

## III.   PARTIES

### A.     California Plaintiffs

9.      Plaintiff Armando J. Becerra is a citizen of the State of California who resides in Bonita, California and owns one of the Vehicles.  He purchased a new 2014 GMC Sierra 1500 from North County Buick, Cadillac GMC in Escondido, California on or about August 14, 2013.  Plaintiff Becerra reviewed Defendant's promotional materials and other information prior to his purchase.  The materials and information do not disclose that the Vehicles suffer from defective headlight systems.  Had Defendant disclosed the headlight system defect, Plaintiff would not have purchased his 2014 GMC Sierra 1500 or purchased the vehicle on those same terms.  Since his purchase of the vehicle, he has experienced repeated problems with the headlight system and the lack of light.  He has brought the vehicle into Defendant's dealerships for an attempted repair, but to date, the dealerships have

FIRST AMENDED CLASS ACTION COMPLAINT

1   been unable to correct the lighting problem with his vehicle.  To help mitigate the

2   problems Becerra purchased a new headlight assembly from Off Road Warehouse

3   in San Diego at a cost of $400-$500 dollars.

4         10.    Plaintiff Guillermo Ruelas is a citizen of the State of California who

5   resides in Bakersfield, California and owns one of the Vehicles.  Mr. Ruelas

6   originally purchased a new 2014 GMC Sierra in August 2013 from Motor City

7   Buick GMC in Bakersfield, California.  Plaintiff Ruelas reviewed Defendant's

8   promotional materials and other information prior to his purchase.  The materials

9   and information do not disclose that the Vehicles suffer from defective headlight

10  systems.  Had Defendant disclosed the headlight system defect, Plaintiff would not

11  have purchased his 2014 GMC Sierra or purchased the vehicle on those same

12  terms.  Since his purchase of the vehicle, he had experienced repeated problems

13  with the headlight system and the lack of light.  He had brought the vehicle into

14  Defendant's dealerships for an attempted repair, but the dealerships have been

15  unable to correct the lighting problem with his vehicle.  Eventually, in August of

16  this year, Mr. Ruelas traded his 2014 GMC Sierra for a 2015 GMC Sierra and

17  believed that GMC would have fixed the headlight issue for the new vehicle.

18  However after having the vehicle for a few months it is apparent that the 2015

19  GMC Sierra suffers from the same defect.

20        **B.**    **Texas Plaintiffs**

21        11.    Plaintiff Robert Stewart is a citizen of the State of Texas who resides

22  in Dallas, Texas and owns one of the Vehicles.  Plaintiff Stewart purchased a new

23  2014 GMC Sierra 1500 in May 2013 from Cowboy Chevrolet in Silsbee, Texas.

24  Plaintiff Stewart reviewed Defendant's promotional materials and other

25  information prior to his purchase.  The materials and information do not disclose

26  that the Vehicles suffer from defective headlight systems.  Had Defendant

27  disclosed the headlight system defect, Plaintiff would not have purchased his 2014

28

1  GMC Sierra 1500 or purchased the vehicle on those same terms.  Since his

2  purchase of the vehicle, Plaintiff has experienced repeated problems with the

3  headlight system and the lack of light.  He has brought the vehicle into Defendant's

4  dealerships for an attempted repair, but to date, the dealerships have been unable to

5  correct the lighting problem with his vehicle, despite charging him $300 for new

6  bulbs.  In December of 2015 the "new" passenger side head light bulb failed.  To

7  help mitigate the safety problems caused by the lack of proper lighting, Plaintiff

8  Stewart paid an additional $300 for a light bar to supplement his headlights.

9       12.    Plaintiff Steve Wilson is a citizen of the State of Texas who resides in

10  Jasper, Texas and owns one of the vehicles.  Mr. Wilson purchased a 2014 GMC

11  Sierra 1500 from Monco Motor Company in Center Texas in February of 2014.

12  Mr Wilson lives in a rural area and often experiences problems with the headlight

13  system and lack of available light as designed.  Due to safety concerns and the lack

14  of light Mr. Wilson often takes his Wife's SUV when he has to travel at night for

15  work.

16  **C.**    **Defendant**

17       13.    Defendant General Motors LLC is a limited liability company

18  organized under the laws of the State of Delaware with its principal place of

19  business in Detroit, Michigan.  At all relevant times, Defendant took part in

20  designing, engineering, manufacturing, testing, marketing, supplying, selling, and

21  distributing the Vehicles in the United States, including California.  Defendant also

22  drafted and printed the owner's manuals that accompanied the Vehicles.

23  Defendant promotes and markets its products in a continuous manner in the United

24  States of America, including California.

25       14.    The true names and capacities, whether individual, corporate,

26  associates, or otherwise, of Defendants sued herein as DOES 1 through 100,

27

28

1  inclusive, are currently unknown to Plaintiffs, who therefore sue these Defendants

2  by such fictitious names.

3     15.   All Defendants, including DOE Defendants, were at all relevant times

4  acting pursuant to a joint enterprise in all respects pertinent thereto, and the acts of

5  each Defendant are legally attributable to the other Defendants.

6  **IV.   SUBSTANTIVE ALLEGATIONS**

7     16.   Defendant designs, develops, manufactures, markets, advertises,

8  distributes, sells, and leases a wide range of automotive products under the "GMC"

9  brand name, including passenger and commercial vehicles.  As such, Defendant

10 deals in automobiles and holds itself out as having knowledge and skill in the

11 design and manufacture of automobiles.

12    17.   Safe and functional headlights were material to Plaintiffs and Class

13 members' decisions to buy or lease the Vehicles.  A reasonable consumer expects

14 and assumes that when they buy a vehicle, it includes safe and functional

15 headlights.  A reasonable consumer further expects and assumes that Defendant

16 will not sell vehicles with known safety defects, and will disclose any such defect

17 to their customers.

18    18.   This lawsuit concerns 2014-2015 model year GMC Sierra Vehicles

19 that were factory installed with a single filament bulb headlight system, including

20 2014-2015 model year GMC Sierra 1500, 2015 model year GMC Sierra 2500HD,

21 and 2015 model year GMC Sierra 3500HD.

22    **A.   The Headlights are Inadequate for Safe Night Driving**

23    19.   The Vehicles are equipped with bi-functional Halogen projector-style

24 headlights.  "Bi-functional" means that a single light source is utilized for both the

25 low beam and high beam, with a movable shutter device that allows either a

26 portion or the whole light to be utilized.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1       20.    At the low beam setting, the driver uses about half of the source light,

2   and has less than 100 feet of effective forward and lateral visibility on the road.

3   This leads to difficulty spotting any pedestrians, animals, signage, and road

4   shoulder lines.

5       21.    At the high beam setting, the shutter pivots away from blocking any

6   light, but yields less than 250 feet of effective road visibility.

7       22.    Government regulations do not require headlights to be effective at

8   any certain distance.  The only applicable regulation on headlights concerns the

9   power of the bulb itself and the height of the headlight from the road surface.

10   Automakers are permitted to self-certify that the bulbs meet this requirement.

11       23.    In order to meet the standard, the brightness of the bulb is measured

12   outside the headlight and independent of any shutters, lenses, mountings, or

13   voltage, all of which have a significant impact on the real world effectiveness of a

14   headlight.

15       24.    The amount of light falling on a surface is its illuminance, which is

16   measured in units called "lux."  Five lux is essentially half the amount of light that

17   one candle would generate when held one foot away. For comparison 54 lux

18   (almost 11 times brighter) is the OSHA minimum lighting for corridors, hallways

19   and exitways for general construction sights.

20       25.    An effective distance of 100 feet is wholly inadequate for safe night

21   driving.

22       26.    A speed of 60 miles per hour is the same as 88 feet per second.  With

23   five lux at 100 feet, the average driver will have just over one second's worth of

24   adequate visibility.

25       27.    To put this in perspective, a May 2001 study by the Virginia

26   Transportation Research Council found that at 60 miles per hour, on average, a

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1  passenger automobile would be able to stop in 171 feet.  When reaction time was

2  added to this, it was found that the distance to stop was around 303 feet.

3      28.     Further, the light's effectiveness diminished rapidly.  The headlights

4  use a single bulb.  On low beams, a shutter obscures the bottom part of the bulb.

5  Because of the shutter the light does not taper off into the distance gradually.

6  Rather, the shutter sticks up from the bottom of the headlight, and effectively

7  blocks a portion of the beam and causes the light to have a dark-band or "cutoff"

8  that restricts light.  This artificially creates a dark band beyond the effective range

9  of the headlight, making visibility past the effective range of the headlight even

10  worse.



20      29.     The above diagram shows the GM factory calibration for their shutter

21  style headlights.  The "cut-off" must fall below the point marked 3 above at 25

22  feet.  In practice this makes a beam that is both cutoff and asymmetrically more cut

23  off on the left side.  In practice at 25 feet the beam will have the pattern below:

FIRST AMENDED CLASS ACTION COMPLAINT



30.     In an observation of 3200 drivers, the IIHS found that only 18% of drivers used their high beams in an isolated rural area, and fewer than 1% in an urban area.

31.     To switch from low beams to high beams, the shutter is removed. However the lights still fail to adequately and safely illuminate the road.  At 60 mph, a driver has 250 feet of visibility, or less than three seconds to react and come to a stop.  However, over 300 feet is typically needed to bring a vehicle to a stop from 60 miles an hour, if reaction time is included.

**B.     GM Changes the Headlights**

32.     The lack of effectiveness of the headlights is due to changes GM made in the bulbs, assembly, and operation of the headlights.

33.     In earlier models, GM used a reflector-style headlight with two independent headlight systems, one for high beams and one for low beams, each with its own bulb, a lens, a reflector, housing and a voltage source.

34.     For the Vehicles at issue in this case, GM changed to a projector-style headlight with a single bulb, a smaller reflector, two lenses, a shutter to switch between high and low beams and a single voltage source.

FIRST AMENDED CLASS ACTION COMPLAINT

35.     The new configuration is much less effective because the shutter causes dark bands in the low beam configuration; a single bulb is now used for both high and low beams when previously there had been a two-bulb system; there are more lenses through which light must pass and experience transmission losses; and as GM has admitted in its Technical Service Bulletins, the voltage is insufficient.

36.     In February of 2016, the Insurance Institute for Highway Safety (IIHS) conducted a series of on-road in-the-dark tests of current headlight systems. The test measured at what distance could the headlights of tested motor vehicles project to a brightness of five lux.

37.      Although the IIHS did not test the Vehicles at issue, many of the vehicles that exhibited poor performance in the IIHS test did use halogen projector style headlamps like the Vehicles at issue.

**C.     Consumers Complain About the Headlights**

38.     The database of the National Highway Traffic Safety Administration (NHTSA) shows there are many detailed consumer complaints about the inadequate headlights of the Vehicles.  As of March 7, 2016, there were 121 such complaints.  This is an extraordinarily large number.  Excerpts from some of these complaints are found at ¶¶ 60-73 *infra*.

39.     To put the number of complaints in context, for the ten headlight systems rated the worst in the IIHS study, NHTSA received no complaints.

40.     In addition, during the first two and a half years (about the same amount of time the Vehicles at issue have been on the road) after introduction of the vehicles that suffered from GM's faulty ignition switch, NHTSA had received only six complaints.

41.     This is likely why GMC has redesigned their headlights to a different system for the 2016 model year trucks.  It appears that there are currently zero

1   NHTSA complaints concerning the 2016 GMC Sierras.  In comparison, by April of

2   the first year of their manufacture, the Vehicles had a combined total of 23

3   complaints regarding headlights.

4       **D.**    **GM Issues Technical Service Bulletins Concerning The**

5                 **Inadequate Headlights**

6       42.    GM issued Technical Service Bulletins ("TSBs") PIT5374 and

7   PIT5374B) in March and June of 2015, with "Preliminary Information" to their

8   dealerships.

9       43.    In these TSBs, GM noted that:  "Some customers may comment of

10   poor headlight performance when driving in very dark rural areas.  While the

11   headlights meet all Federal Motor Vehicle Safety Standard (FMVSS) requirements

12   and Canada Motor Vehicle Safety Standard (CMVSS) requirements, customers

13   may request better headlight performance for these very dark rural areas."

14       44.    The standard GM refers to is FMVSS 108 which only requires that

15   GM self-certify the power of the bulb itself, independent of the headlight.

16       45.    However, the repairs that the TSBs told dealers to implement involved

17   increasing the voltage to the headlight.

18       46.    The TSB explained, "The new BCM ["body control module," an

19   electronic control unit] calibration will increase the voltage to the headlight bulbs

20   in both the low beam and high beam selections."

21       47.    The voltage supplied to a headlamp can make a marked difference in

22   illumination.  However, the supply of voltage to a bulb and the amount of light it

23   produces is not linear.  For example, if the voltage drops to 85% of the maximum

24   available voltage in the automotive system then the bulb output will drop to near

25   50% of its rated output.  Because the FMVSS 108 standard only requires a certain

26   wattage at 12.8 Volts, and the voltage actually supplied to the bulb in the system is

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1  unknown, the difference between a bulb meeting the standard and how it performs

2  in the headlight system can be staggering.

3      48.    What is known is that according to the TSB, GM increased the

4  voltage by .4 Volts in the new bulbs, but that customers have not found the

5  increase to provide adequate illumination.  Whether the original bulbs or the

6  upgraded bulbs meet the FMVSS 108 standard, they do not provide adequate light

7  when placed into the system.

8      49.    Plaintiffs who have had the voltage upgrade still experience

9  substandard illumination.  In addition, extra voltage burns the light bulbs out faster.

10      50.    For example, Plaintiff Stewart, who had the TSB repair performed,

11  has experienced much shorter bulb life and has had to replace the bulbs every few

12  months.

13  **E.**    **GM Fails to Notify the Government and Consumers**

14      51.    GM and its dealerships were fully aware of the inadequacy of the

15  headlights.

16      52.    Under federal law, 49 USC 30118 (c)(1)-(2), a manufacturer must

17  notify the Secretary of Transportation (or NHTSA) and owners, purchasers and

18  dealers if the manufacturer learns the vehicle contains a defect and if the

19  manufacturer decides in good faith that the defect is related to motor vehicle safety

20  or decides in good faith that the vehicle or equipment does not comply with an

21  applicable motor vehicle safety standard prescribed under the 49 USC 101 *et seq.*

22      53.    The headlight safety concerns described herein warrant such

23  notification to the government and consumers.

24  **F.**    **The Role of the Federal Standard**

25      54.    NHTSA is the federal agency that sets FMVSS for all vehicles sold in

26  the United States.  The Federal Safety Standard for headlights incorporates direct

27  reference to the Society of Automotive Engineers (SAE) "Performance

28

FIRST AMENDED CLASS ACTION COMPLAINT

1  Requirements for Motor Vehicle Headlamps" – SAE J1383 APR85.  The SAE

2  requirements set forth the intensity of the headlights (measured in candela),

3      55.    However, the standard only applies to the bulb itself in laboratory

4  conditions, not the use of a shutter, the mounting of the bulb, the type of reflector,

5  the housing, any lenses the light has to pass through, or voltages other than the

6  12.8 Volts applied for the test.

7      56.    The purpose of FMVSS 108 is clearly stated:  "The purpose of this

8  standard is to reduce traffic accidents and deaths and injuries resulting from traffic

9  accidents, by providing adequate illumination of the roadway, and by enhancing

10  the conspicuity of motor vehicles on the public roads so that their presence is

11  perceived and their signals understood, both in daylights and in darkness or other

12  conditions of reduced visibility."

13      57.    Holding GM liable and ordering it to upgrade the headlights or

14  provide restitution will not frustrate any significant objectives of federal regulation.

15  **G.    NHTSA Receives Numerous Complaints about Headlight**
**Performance**

16

17      58.     As of March 7, 2016, NHTSA had received numerous complaints

18  regarding defective headlight performance of the Vehicles.

19      59.    In many instances of defective headlight performance, the vehicle

20  owners or lessees also reported the incidents to their dealers or General Motors

21  directly.  A representative sampling is NHTSA complaints are detailed below.

22      60.    On March 7, 2016, the owner of a 2014 GMC Sierra 1500 made the

23  following statements in a report to NHTSA:

24          FROM THE FACTORY THE HEADLIGHTS THAT
            COME ON THIS VEHICLE ARE SUB-STANDARD
25          AND A SAFETY HAZARD WHEN OPERATING AT
            NIGHT. NOT ONLY IS LIGHT OUTPUT POOR, BUT
26          THE WIDTH OF THE BEAM IS HORRIBLE.  WHEN
            TURNING AT NIGHT THERE IS ZERO COVERAGE
27

28

> AND YOU HAVE TO MAKE YOUR TURN
> WITHOUT BEING ABLE TO SEE PROPERLY.
> THESE PROBLEMS PERSIST AT ANY TIME
> HEADLIGHTS NEED TO BE UTILIZED.

61. On March 6, 2016, the owner of a 2014 GMC Sierra 1500 stated that the dealership performed "an upgrade" to the vehicle "which helped somewhat" but that s/he still experiences visibility issues.

62. On February 29, 2016, the owner of a 2014 GMC Sierra 1500 made the following statements in a report to NHTSA:

> I ALMOST HIT A DEER WHEN THE VEHICLE WAS
> NEW AS I COULD NOT SEE IT UNTIL IT WAS
> NEXT TO THE PASSENGER DOOR, STANDING
> STILL. I HAD THE DEALER ADJUST THE LIGHTS
> THREE TIMES AND INSTALL THE GMC UPDATE,
> ON THE COMPUTER. I NOW HAVE A BLOB OF
> WHITE LIGHT FALL ON THE CENTER LINE AND
> ANOTHER BLOB IN THE CENTER OF THE
> DRIVING LANE. THERE IS NO LIGHT
> ILLUMINATING FAR FORWARD OR TO THE
> SIDES AS SHOULD BE. I TALKED TO THE
> DEALER AND THERE ARE NO FURTHER
> UPDATES FOR NOW. I HAVE SINCE HAD
> SEVERAL CLOSE CALLS. I HAVE DRIVEN
> PROFESSIONALLY IN THE PAST.

63. On January 7, 2016, the owner of a 2014 GMC Sierra 1500 reported that "the projector beam headlights on my 2 year old GMC Sierra are, and have been noticeably dim to the point of being a safety concern." The owner compared driving in the vehicle at night to "wearing dark sunglasses."

64. On November 11, 2015, the owner of a 2014 GMC Sierra 1500 made the following statements in a report to NHTSA:

> HEADLIGHTS ARE DANGEROUS! DEALER
> PERFORMED UPDATE (NEW BULBS AND
> INCREASE VOLTAGE TO BCM) BUT
> IMPROVEMENT WAS MINIMAL. HAVE EVEN

FIRST AMENDED CLASS ACTION COMPLAINT

TRIED LED CONVERSION, WITH VERY LITLE [SIC] IMPROVEMENT.  I HAVE HAD SEVERAL VEIHCLES [SIC] WITH PROJECTOR SYSTEM, AND HAD ZERO COMPLAINTS.  I HAVE LOOKED A [SIC] PROJECTOR LENS ON OTHER VEHICLES, AND THEY DO NOT HAVE IMPURITIES (TINY AIR BUBBLES) IN THE LENS.  I BELIEVE THE PROBLEM LIES IN THE SUB-PAR LENSES.  THIS CREATES AN EXTREMELY DANGEROUS SITUATION FOR NIGHT DRIVING.

65.    On June 15, 2015, the owner of a 2014 GMC Sierra 1500 made the following statements in a report to NHTSA:

2014 GMC SIERRA 1500.  CONSUMER WRITES IN REGARDS TO VEHICLE HEADLIGHTS DESIGN PROBLEMS.  *SMD THE CONSUMER STATED HE DISCOVERED THE HEADLIGHTS ONLY HAD ONE BULB, WHICH MEANT THE HIGH AND LOW BEAMS HAD TO BE ADJUSTED AS ONE UNIT.  HE EXITED THE VEHICLE AND MEASURED THE DISTANCE FROM THE VEHICLE TO WHERE THE VISIBILITY ENDED.  THE DISTANCE WAS 130 FEET ON BOTH SIDES OF THE ROAD.  ALSO, ON A TURN OF 90 OR 120 DEGREES, THERE WAS NO SIDE LIGHTING WHICH MEANT HE HAD TO SLOW DOWN TO A CRAWL IN ORDER TO MAKE A TURN.  IN ADDITION, WHEN GOING DOWN HILL, THE VISIBILITY OF THE LIGHTS DECREASED TO ABOUT 20-20 FEET.  THE DEALER RAISED THE LIGHTS ABOUT FACTORY SPECS.  HE COULD SEE A LITTLE BETTER, BUT THE HIGH BEAMS WERE 20-30 FEET IN THE AIR AND WERE USELESS.  *JB MA 08/05/15 THE CONSUMER STATED DURING INCLEMENT WEATHER VISIBILITY DECREASES TO 20-30 FEET/40 FEET MAX.  UPDATED 9/24/15 *JS.

66.    On March 18, 2015, the owner of a 2014 GMC Sierra 1500 reported that "a deer ran into the side of" the vehicle as the driver was unable to see the deer

1    in time to avoid hitting the deer due to the "poor headlight lighting design of the

2    truck."  The owner stated that the inadequate headlight lighting design was a safety

3    hazard and could cause a serious accident if the issue is not resolved.

4         67.    On March 5, 2016, the owner of a 2015 GMC Sierra 1500 made the

5    following statements in a report to NHTSA:

> PROJECTOR-STYLE HEADLAMPS ON 2015 GMC
> SIERRA PROVIDE INADEQUATE ILLUMINATION
> EVEN    AFTER    MANUFACTURER    SERVICE
> BULLETIN   WAS   PERFORMED,   STILL   VERY
> UNSAFE TO DRIVE AT NIGHT IN AREA WITH NO
> STREET    LIGHTS-LITERALLY    NO    SIDE
> ILLUMINATION, AND DISTANCE IN FRONT OF
> THE    VEHICLE    IS    NOT    ILLUMINATED
> ADEQUATELY.    GMC    (GM)    CHANGED
> HEADLAMP DESIGN IN 2016 TO CORRECT THIS,
> BUT HAS OFFERED NO ASSISTANCE TO OWNERS
> OF  2014-15  VEHICLES.    I'VE  HAD  SEVERAL
> CLOSE CALLS WITH DEER WITH NIGHT DUE TO
> SUCH POOR LIGHTING.  MY PREVIOUS, 10 YR.
> OLD    TRUCK    HAD    BETTER    HEADLIGHTS!
> HOPEFULLY  SOMETHING  CAN  BE  DONE  TO
> CORRECT    THIS    ISSUE.    COMPLAINED    TO
> DEALER, TO GMC CUSTOMER SERVICE, NOW
> WHAT?  SEEMS THE MANUFACTURER HAS NO
> PLANS  TO  HELP.    HEADLAMP  DESIGN  WAS
> POOR, ONLY USES A SINGLE HALOGEN BULB
> FOR HIGH & LOW BEAM.

21        68.    On February 23, 2016, the owner of a 2015 GMC Sierra 1500

22   reported that the performance of the GMC headlights appears "to be way below

23   par" and poses a safety hazard to that individual and the public.

24        69.    On February 11, 2016, the owner of a 2015 GMC Sierra 1500

25   reported the following statements in a report to NHTSA:

> THE   HEAD   LIGHTS   ARE   INADEQUATE   FOR
> NIGHT DRIVING.  BOTH LOW AND HIGH BEAMS
> DO NOT LIGHT UP ENOUGH AREA IN FRONT OF

FIRST AMENDED CLASS ACTION COMPLAINT

THE VEHICLE NEARLY AS GOOD AS PREVIOUS MODEL YEARS.  THE PROJECTOR STYLE LIGHTS ARE TOO FOCUSED AND DO NOT GIVE ENOUGH LIGHT TO THE SIDES TO SEE ADEQUATELY DOWN THE ROAD.  GM IS OBVIOUSLY AWARE OF THE ISSUE AND PERFORMED A BCM UPDATE TO MY VEHICLE TO MAKE THE LIGHTS BRIGHER BUT THAT FIX STILL DOESN'T RESOLVE THE ISSUE.   2016   MODEL   YEARS   HAVE   A COMPLETELY   DIFFERENT   HEADLIGHT ALLOWING   THOSE   TRUCKS   TO   SEE   MUCH BETTER AT NIGHT WHICH TELLS ME THEY ARE AWARE OF THE LIGHTING ISSUES AND FIXED IT FOR THE 2016 GM TRUCKS.

70.   On February 11, 2016, the owner of a 2015 GMC Sierra 1500 reported that s/he brought the vehicle back to the dealership where they "applied TSB #PIT5374 and upgraded the headlights with the Volsa HIR bulbs."  The owner stated the "upgrade provided a nominal increase in brightness, but the headlights are still dim and unsafe for use while driving on dark roads or in the rain."

71.   On March 24, 2016, the owner of a 2015 GMC Sierra 2500HD made the following statements in a report to NHTSA:

THE HEADLIGHTS ARE NOT SUFFICIENT.  NIGHT DRIVING IS TERRIBLE, CAN NOT [SIC] SEE ROAD. I HAVE SPOKEN TO GM SEVERAL TIMES.  THEY CAME OUT WITH AN UP DATE [SIC], SAYING NEW BULBS AND REPOWER CONTROL MODULE, BUT THEY ARE STILL HORRIBLE.  GM AD THESE LIGHTS FOR TWO YEARS ON THE NEW BODY STYLE FOR THE SIERRA LINE, AND NOW HAVE SWITCHED TO LED HID'S.  SO THE PEOPLE WHO OWN 2014 AND 2015 TRUCKS ARE STUCK.

72.   On February 28, 2016, the owner of a 2015 GMC Sierra 2500HD who lives in the mountains of Tehachapi reported that s/he "cannot see a thing when driving the mountain roads."

FIRST AMENDED CLASS ACTION COMPLAINT

73.     On February 11, 2016, the owner of a 2015 GMC Sierra 2500HD reported that the headlights on the vehicle "are not bright enough to light the roadway sufficiently at night while driving, especially on dark rural roads and during hazardous weather situations such as rain or fog."  The owner further stated that the inability to "effectively see road hazards, pedestrians, bicyclists, animals or other obstacles that may appear" is a safety hazard.

74.     These complaint samples detail the headlight performance problems and difficulties concerning night time visibility when driving the Vehicles.  They also illustrate General Motor's recalcitrance and refusal to acknowledge and correct these issues even when directly confronted and in the face of numerous complaints.

## V.     CLASS ACTION ALLEGATIONS

75.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b) on behalf of themselves and all others similarly situated as members of the proposed class (the "Class"), defined as:  "All current or former purchasers and lessees of one or more of the Vehicles who purchased or leased their Vehicles in the United States (other than for purposes of resale or distribution)."

76.     Plaintiffs Becerra and Ruelas (the "California Plaintiffs") also allege the following subclass defined as follows:  "All current or former purchasers and lessees of one or more of the Vehicles who purchased or leased their Vehicles in California (other than for purposes of resale or distribution) (the "California Class")."

77.     Plaintiffs Stewart and Wilson (the "Texas Plaintiffs") also allege the following subclass defined as follows:  "All current or former purchasers and lessees of one or more of the Vehicles who purchased or leased their Vehicles in Texas (other than for purposes of resale or distribution) (the "Texas Class")."

78.    Collectively, the California Class and the Texas Class will be referred to as "Subclasses".

79.    **Numerosity.**  The members of the Class and subclasses are so numerous that their individual joinder is impracticable.  The proposed Class likely contains thousands of members and the Subclasses at least thousands of members. The true number of Class members can be ascertained through information and records in Defendant's possession, custody or control.

80.    **Existence and Predominance of Common Questions of Law and Fact.**  Common questions of law and fact exist as to all members of the Class and Subclasses, and these issues predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

      (a)    Whether the Vehicles' headlights are suitable for their intended purpose and merchantable;

      (b)    Whether Defendant designed, advertised, marketed, distributed, leased, sold, or otherwise placed defectively designed and/or manufactured Vehicles into the stream of commerce in the United States;

      (c)    Whether Defendant misled Class members about the safety and quality of the Vehicles;

      (d)    Whether Defendant actively concealed the defects contained in the Vehicles;

      (e)    Whether the defects would be considered material by a reasonable consumer;

      (f)    Whether Defendant had a duty to disclose the defects to Class members;

(g)  Whether Defendant's misrepresentations and omissions regarding the safety and quality of the Vehicles were likely to deceive Class members in violation of the consumer protection statutes alleged herein;

(h)  Whether Defendant failed to timely recall the Vehicles;

(i)  Whether Defendant failed to adequately repair the Vehicles;

(j)  Whether Defendant breached the implied warranty of merchantability with respect to the Vehicles;

(k)  Whether Class members overpaid for their Vehicles as a result of the defects alleged herein;

(l)  Whether the defects have diminished the value of the Vehicles;

(m)  Whether Class members are entitled to equitable relief, including but not limited to restitution or a preliminary and/or permanent injunction;

81.  **Typicality.**  Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and Class members purchased or leased Vehicles that suffer from a defective headlight system as a direct proximate result of the same wrongful practices that Defendant engaged in.  Similarly, the claims of Messrs. Beccera and Ruelas are typical of the California Subclass and the claims of Messrs. Stewart and Wilson are typical of the Texas Subclass.

82.  **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs have retained counsel highly experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously.  Plaintiffs have no adverse or antagonistic interests to those of the Class.

83.  **Rule 23(b)(3).**  Questions of law and fact common to class members predominate over any questions affecting only individual members, and a class

FIRST AMENDED CLASS ACTION COMPLAINT

1   action is a superior method for adjudicating this controversy.  The monetary

2   damages or other pecuniary loss suffered by individual Class members is relatively

3   small compared to the burden and expense that would be entailed by individual

4   litigation of their claims against the Defendant.  It would thus be virtually

5   impossible for the Class, on an individual basis, to obtain effective redress for the

6   wrongs done to them.  As such, individual consumers do not have a strong interest

7   in controlling the prosecution to separate actions.  Furthermore, even if Class

8   members could afford such individualized litigation, the court system could not.

9   Individualized litigation would create the danger of inconsistent or contradictory

10  judgments arising from the same set of facts.  Individualized litigation would also

11  increase the delay and expense to all parties and the court system from the issued

12  raised by this action.  By contrast, the class action device provides the benefits of

13  adjudication of these issues in a single proceeding, economies of scale, and

14  comprehensive supervision by a single court, and presents no unusual management

15  difficulties under the circumstances here.  Plaintiffs know of no other litigation

16  addressing this issue on a class wide basis.

17          84.     **Rule 23(b)(1) and (b)(2).**  In the alternative, the Class may also be

18  certified because:

19                  (a)     the prosecution of separate actions by individual Class

20                          members would create a risk of inconsistent or varying

21                          adjudication with respect to individual Class members that

22                          would establish incompatible standards of conduct for the

23                          Defendant**;**

24                  (b)     Defendant has acted or refused to act on grounds generally

25                          applicable to the Class thereby making appropriate final

26                          declaratory and/or injunctive relief with respect to the members

27                          of the Class as a whole**;** and/or

28

FIRST AMENDED CLASS ACTION COMPLAINT

(c)   Certification of specific issues such as Defendant's liability is appropriate.

85.   The claims asserted herein are applicable to all consumers throughout the United States who purchased the Vehicles.

86.   Adequate notice can be given to Class members directly using information maintained in Defendant's records or through notice by publication.

87.   Damages may be calculated from the claims data maintained in Defendant's records, so that the cost of administering a recovery for the Class can be minimized.  However, the precise amount of damages available to Plaintiffs and the other members of the Class is not a barrier to class certification.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*
(Brought on behalf of the nationwide Class)**

88.   Plaintiffs reallege and incorporate by reference each preceding paragraph as though set forth at length herein.

89.   Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

90.   Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

91.   The Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

92.   The amount in controversy of Plaintiffs' individual claims meets or exceeds the sum of $25.

93.   15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

94.    Defendant's express warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6). The Vehicles' implied warranties are covered under 15 U.S.C. § 2301(7).

95.    Defendant breached these warranties as described in more detail above, including the Vehicles share a common defect in that they are equipped with a defective headlight system that gives drivers less time to identify and react to other cars, pedestrians, or obstacles, thus increasing the vulnerabilities of occupants of the Vehicles to crashes, serious injury, and death.

96.    Plaintiffs and Class members have had sufficient direct dealings with either Defendant or its agents (including its dealerships) to establish privity of contract between Defendant, on the one hand, and Plaintiffs and each Class member, on the other hand.  Nonetheless, privity is not required because Plaintiffs and Class members are intended third party beneficiaries of contracts between Defendant and its dealers and specifically of Defendant's implied warranties. Plaintiffs and Class members are intended to be the ultimate consumers of the Vehicles and have rights under the warranty agreements provided with the Vehicles, which are designed for and intended to benefit the consumer.

97.    Defendant's breach has directly and proximately caused Plaintiffs and Class members to suffer damages, including diminution in the value of their vehicles, in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**Violation of Cal. Civ. Code § 1750, *et seq.***
**(Brought on behalf of the California Class)**

98.    California Plaintiffs reallege and incorporate by reference each preceding paragraph as though set forth at length herein.

99.    Defendant is a "person" within the meaning of section 1761(c) of the California Civil Code.

FIRST AMENDED CLASS ACTION COMPLAINT

100.   California Plaintiffs and the members of the California Class are "consumers" within the meaning of section 1761(d) of the California Civil Code.

101.   The Vehicles sold or leased in California are "goods" within the meaning of section 1761(a) of the California Civil Code.

102.   The purchases and leases of the Vehicles by California Plaintiffs and the members of the California Class constitute "transactions" within the meaning of sections 1761(e) and 1770 of the California Civil Code.

103.   Venue is proper under section 1780(d) of the California Civil Code because Plaintiff Becerra purchased a Vehicle in San Diego County, California, and because Defendant is doing business in San Diego County.  An affidavit of Plaintiff Becerra establishing this Court as the proper venue for this action is attached hereto as Exhibit 1.

104.   As alleged above, Defendant has known and should have known about the inherent defect in the headlight systems of the Vehicles at all relevant times, yet Defendant has failed or refused to fix the defect and intentionally concealed the defect from California Plaintiffs and the California Class and failed to disclose it to them.

105.   For the reasons described above, Defendant had a duty to adequately disclose to California Plaintiffs and the California Class that the Vehicles contain the headlight system defect.

106.   By intentionally concealing the headlight system defect in the Vehicles from California Plaintiffs and the California Class and failing to disclose it to them, Defendant engaged in deceptive business practices prohibited by the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, including:  (1) representing to Plaintiffs and the California Class that the Vehicles have characteristics and benefits that they do not have, in violation of section 1770(a)(5) of the California Civil Code; (2) representing to Plaintiffs and

the California Class that the Vehicles are of a particular standard, quality, or grade when they are of another, in violation of section 1770(a)(7) of the California Civil Code; (3) advertising the Vehicles to Plaintiffs and the California Class with the intent not to sell them as advertised, in violation of section 1770(a)(9) of the California Civil Code; (4) representing to Plaintiffs and the California Class that transactions involving the Vehicles conferred benefits that were not, in fact, conferred, in violation of section 1770(a)(14) of the California Civil Code; and (5) representing to Plaintiffs and the California Class that the subjects of transactions involving the Vehicles have been supplied in accordance with previous representations when they have not, in violation of section 1770(a)(16) of the California Civil Code.

107.   Defendant's above-described omissions regarding the Vehicles were, and still are, likely to deceive and mislead consumers into believing that those vehicles do not contain the headlight system defect.

108.   California Plaintiffs and the California Class reasonably interpreted Defendant's above-described omissions to mean that the Vehicles do not contain a headlight system defect.

109.   California Plaintiffs and the California Class relied to their detriment on Defendant's above-described omissions in purchasing the Vehicles.

110.   Because Defendant's above-described omissions regarding the Vehicles are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions, reliance upon such representations and omissions may be presumed as a matter of law.  The materiality of such representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by California Plaintiffs and the California Class.

FIRST AMENDED CLASS ACTION COMPLAINT

111.   It is believed that Defendant's conduct alleged herein was intentional and was specifically designed to induce consumers to purchase the Vehicles and/or pay more for the Vehicles than they would have otherwise paid if Defendant had not concealed the headlight defect from California Plaintiffs and the California Class and failed to disclose it to them.

112.   California Plaintiffs and the California Class demand judgment against Defendant under the CLRA for injunctive relief to themselves and the California Class.

113.   Prior to the filing of this complaint, CLRA notice letters were served on Defendant, which comply in all respects with California Civil Code § 1782(a). California Plaintiffs sent Defendant letters via certified mail, return receipt requested, advising Defendant that it is in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770. Defendant was further advised that in the event that the relief requested has not been provided within thirty days, California Plaintiffs would amend their complaint to include a request for monetary damages pursuant to the CLRA.

114.   Wherefore, such time having elapsed, California Plaintiffs seek damages for violations of the CLRA.

## THIRD CLAIM FOR RELIEF
### Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*
### (Brought on behalf of the California Class)

115.   California Plaintiffs reallege and incorporate by reference each preceding paragraph as though set forth at length herein.

116.   California Plaintiffs have standing to pursue this claim under California's Unfair Competition Law ("UCL") because the California Plaintiffs suffered an injury in fact and lost money as a result of Defendant's above-described conduct.

FIRST AMENDED CLASS ACTION COMPLAINT

1    117.   As alleged above, Defendant has intentionally concealed the inherent

2 and dangerous headlight system defect in the Vehicles from the California

3 Plaintiffs and the California Class and failed to disclose it to them.

4    118.   **Unfair business acts and practices:**  Defendant's above-described

5 omissions regarding the headlight system defect in the Vehicles constitute unfair

6 business acts and practices under the UCL because they offend established public

7 policy and are immoral, unethical, oppressive, unscrupulous, and substantially

8 injurious to its customers in that Defendant has deceptively, misleadingly, unfairly,

9 and unlawfully concealed the inherent and dangerous headlight system defect in

10 the Vehicles from California Plaintiffs and the California Class and failed to

11 disclose it to them in order to induce them to purchase or lease Vehicles.

12 Defendant's above-described conduct has caused substantial injury to California

13 Plaintiffs and the California Class in that they have spent money on the Vehicles

14 that would not have been spent if Defendant had not made the above-described

15 omissions.  The injuries suffered by California Plaintiffs and the California Class

16 are not outweighed by any countervailing benefits to Defendant or competition in

17 general because there is no benefit to Defendant or competition in misleading the

18 public about defects in their vehicles that pose unreasonable safety hazards.

19 Additionally California Plaintiffs and the California Class could not have

20 reasonably avoided their injuries.

21    119.   **Fraudulent business acts and practices**:  Defendant's omissions

22 regarding the headlight system defect in the Vehicles constitute fraudulent business

23 acts and practices under the UCL because they are likely to deceive consumers into

24 believing that those vehicles do not contain an inherent headlight system defect

25 that prevents the headlights from generating sufficient light for safe night-time

26 travel.

27

28

120.   As a direct and proximate result of Defendant's unfair business acts under the UCL, California Plaintiffs and the California Class members have unjustly enriched Defendant by paying extra for the Vehicles and/or purchasing the Vehicles in the first place.

121.   Because Defendant's above-described omissions regarding the Vehicles are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions, reliance upon such representations and omissions may be presumed as a matter of law.  The materiality of those representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by California Plaintiffs and the California Class.

122.   Defendant's unfair acts and practices under the UCL were specifically designed to induce California Plaintiffs and the California Class to purchase or lease the Vehicles.

123.   California Plaintiffs and the California Class are entitled to injunctive relief and restitution in an amount to be proven at trial.

124.   Pursuant to section 17203 of the California Business and Professions Code, California Plaintiffs and the California Class seek an order of this Court enjoining Defendant from continuing to engage in deceptive, misleading and unfair practices and any other act prohibited by law, including the acts set forth herein.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**Breach of Song-Beverly Warranty Act (Express Warranty)**
**(Brought on behalf of the California Class)**

125.   California Plaintiffs reallege and incorporate by reference each preceding paragraph as though set forth at length herein.

FIRST AMENDED CLASS ACTION COMPLAINT

126.   The Vehicles purchased or leased by California Plaintiffs and California Class members are "consumer goods" within the meaning of section 1791 of the California Civil Code.

127.   California Plaintiffs and California Class members are "buyers" of consumer goods within the meaning of section 1791 of the California Civil Code.

128.   California Plaintiffs and California Class members purchased or leased and use the Vehicles primarily for personal, family, or household purposes.

129.   At all relevant times, Defendant was a "manufacturer," "distributor," "seller," and/or "lessor" within the meaning of section 1791 of the California Civil Code.

130.   At all relevant times, Defendant is a merchant with respect to vehicles such as the Vehicles.

131.   Through Limited New Vehicle Warranties, Defendant expressly warranted to California Plaintiffs and California Class members that they would repair, replace, or adjust defective parts on the Vehicles.

132.   Defendant's express warranty of repair, replacement, or adjustment extended to the California Class members who did not purchase Vehicles from one of Defendant's dealerships because they are natural persons who could have been expected to use or be affected by the Vehicles, as it was foreseeable that the Vehicles could be resold to persons other than their original purchasers.

133.   As alleged above, Defendant had knowledge and has been on notice of the headlight system defect in the Vehicles at all relevant times.

134.   Defendant breached its express warranty of repair, replacement, or adjustment because it either refused or has been unable to successfully repair or otherwise remedy the inherent headlight system defect in the Vehicles.

135.   Defendant has either refused to cover parts and labor costs related to the headlight system defect in the Vehicles, or Defendant has replaced parts of the

FIRST AMENDED CLASS ACTION COMPLAINT

1   headlights systems with equally defective parts in the Vehicles and thus not

2   remedied the defect.

3       136.   Defendant's express warranty of repair, replacement, or adjustment

4   has failed of its essential purpose because, although Defendant has had a

5   reasonable chance to repair or otherwise remedy the common defect described

6   above, all of the Vehicles still contain defective headlight systems.

7       137.   Defendant also breached its express warranty of repair, replacement,

8   or adjustment because California Plaintiffs and California Class members have

9   been deprived of the value of the bargain with respect to the Vehicles and did not

10  receive the vehicles for which they bargained.  California Plaintiffs and California

11  Class members did not expect, nor would it have been reasonable for them to

12  expect, that their Vehicles contain a defect that causes the headlights to provide

13  inadequate light for safe night-time travel.

14      138.   As a direct and proximate result of Defendant's breach of the express

15  warranties for the Vehicles, California Plaintiffs and California Class members

16  have paid extra for the Vehicles, incurred and/or will incur substantial headlight

17  system-related parts and labor costs, and incurred diminution in value damages.

18      139.   California Plaintiffs and California Class members have reasonably

19  relied on Defendant's warranties regarding the quality, durability, and other

20  material characteristics of the Vehicles, and on Defendant's ability to repair,

21  replace, or adjust defective items on the Vehicles.

22      140.   Because Defendant intentionally concealed and omitted material

23  information about the headlight system defect in the Vehicles, it should be

24  presumed that California Plaintiffs and California Class members relied on

25  Defendant's warranties and on Defendant's ability to repair, replace, or adjust

26  defective items on the Vehicles, and that Defendant's breach of the express

27

28

- 30 -        3:15-cv-02365-WQH-JMA

FIRST AMENDED CLASS ACTION COMPLAINT

1  warranties for the Vehicles caused the damages sustained by California Plaintiffs

2  and California Class members.

3      141.   California Plaintiffs notified Defendant of the above-described breach

4  of its express warranty within a reasonable amount of time after California

5  Plaintiffs and the members of the California Class discovered or should have

6  discovered such breach when their vehicles were taken to Defendant's dealerships

7  to have repairs performed on the defective headlight systems in those vehicles.

8      142.   Any time, mileage, or damage limitation or restriction that would act

9  to bar the claim for breach of express warranty claim asserted herein, or to limit the

10  damages recoverable under that claim, is unconscionable and unenforceable.

11      143.   California Plaintiffs and California Class members demand judgment

12  against Defendant for compensatory damages in an amount to be determined at

13  trial, together with reasonable attorneys' fees and costs.

14  **FIFTH CLAIM FOR RELIEF**
**Breach of Song-Beverly Warranty Act (Implied Warranty)**
**(Brought on behalf of the California Class)**

15

16

17      144.   California Plaintiffs reallege and incorporate by reference each

18  preceding paragraph as though set forth at length herein.

19      145.   As merchants with respect to the Vehicles, Defendant impliedly

20  warranted to California Plaintiffs and California Class members that the Vehicles

21  were merchantable, including that they passed without objection in the automotive

22  trade and were fit for the ordinary purposes for which such goods are used.

23      146.   Defendant's implied warranty of merchantability for the Vehicles

24  extended to members of the California Class members who did not purchase or

25  lease Vehicles from one of Defendant's dealerships because they are natural

26  persons who could have been expected to use or be affected by the Vehicles, as it

27

28

1   was foreseeable that the Vehicles could be resold to persons other than their

2   original purchasers.

3        147.   The Vehicles were not merchantable at their time of sale or lease

4   because their above-described defective condition does not pass without objection

5   in the automotive trade.

6        148.   The Vehicles were also not merchantable at their time of sale or lease

7   because their above-described defective condition rendered them unfit for the

8   ordinary purposes for which such goods are used, including reliable and safe

9   transportation.

10       149.   Defendant therefore breached the implied warranty of merchantability

11   with respect to the Vehicles.

12       150.   California Plaintiffs notified Defendant of the above-described breach

13   of the implied warranty of merchantability within a reasonable amount of time

14   after they discovered or should have discovered such breach when their vehicles

15   were taken to Defendant's dealerships to have repairs performed on the defective

16   headlight systems in those vehicles.

17       151.   As a direct and proximate result of Defendant's breach of the implied

18   warranty of merchantability, California Plaintiffs and California Class members

19   have paid extra for the Vehicles, incurred and/or will incur substantial headlight

20   system-related parts and labor costs, and incurred diminution in value damages.

21       152.   Any time, mileage, or damage limitation or restriction that would act

22   to bar the claim for breach of the implied warranty of merchantability asserted

23   herein, or to limit the damages recoverable under that claim, is unconscionable and

24   unenforceable for the reasons stated above.

25       153.   California Plaintiffs and California Class members demand judgment

26   against Defendant for compensatory damages in an amount to be determined at

27   trial, together with reasonable attorneys' fees and costs.

28

FIRST AMENDED CLASS ACTION COMPLAINT

1

**SIXTH CLAIM FOR RELIEF**
2
**Breach of Implied Warranty of Merchantability,**
**Tex. Bus. & Com. Code Ann. § 2.314**
3
**(Brought on behalf of the Texas Class)**

4       154.   Texas Plaintiffs reallege and incorporate by reference each preceding

5   paragraph as though set forth at length herein.

6       155.   Defendant is a merchant as to the Vehicles.  Pursuant to the implied

7   warranty of merchantability covering the sale of these Vehicles, as defined under

8   Section 2.314, Defendant warrants without limitation that the Vehicles are fit for

9   the ordinary purpose for which they are sold; conformed to Defendant's

10   affirmations; and are freed from defects so as to pass without objection in the trade.

11       156.   When placing the Vehicles in the stream of commerce, Defendant was

12   well aware that Texas Plaintiffs and Texas Class members, when purchasing the

13   Vehicles, expected the Vehicles to be safe and free from defects in their ordinary

14   foreseeable operation.

15       157.   Defendant breached the implied warranties applicable to the Vehicles

16   by selling such Vehicles to Texas Plaintiffs and Texas Class members in the

17   above-described defective condition such that the Vehicles:  a) do not pass without

18   objection in the automotive trade; and b) are rendered unfit for the ordinary

19   purposes for which such goods are used, including reliable and safe transportation.

20       158.   Defendant's breach of implied warranties has thus directly and

21   proximately caused the damages and losses herein.

22
**SEVENTH CLAIM FOR RELIEF**
**Violation of Texas Deceptive Trade Practices Act**
23
**(Brought on behalf of the Texas Class)**
24

25       159.   Texas Plaintiffs reallege and incorporate by reference each preceding

26   paragraph as though set forth at length herein.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

160.   Texas Plaintiffs and each member of the Texas Class is a "consumer" as defined in the Texas Deceptive Trade Practices Act ("DTPA").

161.   Defendant violated the following provisions of the DTPA:

      a.   Tex. Bus. & Com. Code §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(7), §17.46(b)(20), and §17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiffs and each member of the Texas Class; and

      b.   Tex. Bus. & Com. Code §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

162.   Defendant's violations of the DTPA were committed knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA.

163.   Defendant's conduct was a producing and/or proximate cause of actual damages to Texas Plaintiffs and each member of the Texas Class.

164.   Texas Plaintiffs and Texas Class members demand judgment against Defendant for compensatory damages in an amount to be determined at trial (Texas Plaintiffs and Texas Class members will seek treble damages for the intentional and knowing conduct of Defendant, together with reasonable attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**Unfair and Deceptive Acts and Practices Under The Various State Laws In Which Class Members Reside, If The Court Eventually Determines That The Laws Of A Consumers' Residence Apply To Defendant's Wrongful, Unfair, And Deceptive Acts**

165.   Each of the above allegations is incorporated herein.

166.   As the choice of law question cannot be conclusively addressed at this point in the litigation, Plaintiffs state the following alternative causes of action

FIRST AMENDED CLASS ACTION COMPLAINT

1   under the laws of the states of residence of Class members, if it is later determined

2   by the Court that the choice of law rules require the application of these state laws.

3       167.   The practices discussed above, including, but not limited to, General

4   Motors' undisclosed headlight defect, all constitute unfair competition or unfair,

5   unconscionable, deceptive, fraudulent, or unlawful acts or business practices in

6   violation of the state consumer protection statutes listed in ¶¶ 133-180 below.

7       168.   Defendant has engaged in unfair competition or unfair or deceptive

8   acts or practices in violation of Alaska Statutes § 45.50.471, et seq.  In particular,

9   Alaska law provides:

> (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful.  (b) The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts: . . . (4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (8) advertising goods or services with intent not to sell them as advertised; . . . (11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services; (12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged; . . . (15) knowingly making false or misleading statements concerning the need for parts, replacement, or repair service . . . .

Alaska Stat. § 45.50.471.

By engaging in the practices discussed above, including, but not limited to,

General Motors' undisclosed headlight defect, Defendant violated Alaska Statutes

Annotated § 45.50.471.

169.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Arizona Revised Statutes § 44-1521, et seq. Particularly, Arizona law prohibits "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice."  Ariz. Rev. Stat. Ann. § 44-1522(A).  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant violated Arizona Revised Statute Annotated § 44-1522(A).

170.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code Annotated § 4-88-101, et seq.  In particular, Arkansas law provides:

> Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following: (1) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a particular standard, quality, grade, style, or model; . . . (3) Advertising the goods or services with the intent not to sell them as advertised; . . . (10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade. . . .

Ark. Code Ann. § 4-88-107.

Arkansas law further provides, "[w]hen utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following shall be unlawful: (1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any

material fact with intent that others rely upon the concealment, suppression, or omission." Ark. Code Ann. § 4-88-108.  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant violated Arkansas Code Annotated §§ 4-88-107, 4-88-108.

171.  Defendant has engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of Colorado Revised Statutes § 6-1-101, et seq.  In particular, Colorado law provides:

> A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person: . . . (e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . (g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another; . . . (i) Advertises goods, services, or property with intent not to sell them as advertised; . . . (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction . . . .

Colo. Rev. Stat. § 6-1-105.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant have violated Colorado Revised Statutes § 6-1-105.

172.  Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Statutes of Connecticut § 42-110a, et seq.  In particular, Connecticut law provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Conn. Gen. Stat. § 42-110b(a).  By engaging in the practices discussed above, including, but not limited to, General Motors'

FIRST AMENDED CLASS ACTION COMPLAINT

1    undisclosed headlight defect,  Defendant has violated the General Statutes of

2    Connecticut § 42-110b.

3        173.    Defendant has engaged in unfair competition or unfair or deceptive

4    acts or practices in violation of Delaware Code Annotated Title 6, § 2511, et seq.

5    In particular, Delaware law provides that "[t]he act, use or employment by any

6    person of any deception, fraud, false pretense, false promise, misrepresentation, or

7    the concealment, suppression, or omission of any material fact with intent that

8    others rely upon such concealment, suppression or omission, in connection with

9    the sale, lease or advertisement of any merchandise, whether or not any person has

10   in fact been misled, deceived or damaged thereby, is an unlawful practice."  Del.

11   Code Ann. tit. 6, § 2513(a).  By engaging in the practices discussed above,

12   including, but not limited to, General Motors' undisclosed headlight defect,

13   Defendant has violated Delaware Code Annotated Title 6, § 2513(a).

14       174.   Defendant has engaged in unfair competition or unfair or deceptive

15   acts or practices or made false representations in violation of District of Columbia

16   Code § 28-3901, et seq.  Particularly, District of Columbia law provides:

> It shall be a violation of this chapter, whether or not any consumer is
> in fact misled, deceived or damaged thereby, for any person to: (a)
> represent that goods or services have a source, sponsorship, approval,
> certification, accessories, characteristics, ingredients, uses, benefits, or
> quantities that they do not have; . . . (d) represent that goods or
> services are of particular standard, quality, grade, style, or model, if in
> fact they are of another; (e) misrepresent as to a material fact which
> has a tendency to mislead; . . . (f) fail to state a material fact if such
> failure tends to mislead; . . . (h) advertise or offer goods or services
> without the intent to sell them or without the intent to sell them as
> advertised or offered . . . .

D.C. Code § 28-3904.

By engaging in the practices discussed above, including, but not limited to,

General Motors' undisclosed headlight defect, Defendant has violated District of

Columbia Code § 28-3904.

FIRST AMENDED CLASS ACTION COMPLAINT

175.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Statutes § 501.201, et seq.  In particular, Florida law provides, "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Fla. Stat. § 501.204(1).  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect,  Defendant has violated Florida Statutes § 501.204(1).

176.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Georgia Code Annotated §10-1-390, et seq.  In particular, Georgia law provides:

> (a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised.

Ga. Code Ann. § 10-1-372.

Georgia law further provides:

> (a) Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful. (b) By way of illustration only and without limiting the scope of subsection (a) of this Code section, the following practices are declared unlawful: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised . . . .

Ga. Code Ann. § 10-1-393(a).

FIRST AMENDED CLASS ACTION COMPLAINT

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Georgia Code Annotated §§ 10-1-372, 10-1-393(a).

177.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Revised Statutes § 480-1, et seq.  In particular, Hawaii law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2.  Hawaii law further provides:

> (a) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Haw. Rev. Stat. § 481A-3.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Hawaii Revised Statutes §§ 480-2, 481A-3.

178.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code Annotated § 48-601, et seq.  In particular, Idaho law provides:

> The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular

FIRST AMENDED CLASS ACTION COMPLAINT

> style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer . . . .

Idaho Code Ann. § 48-603.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Idaho Code Annotated § 48-603.

179.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 Illinois Compiled Statutes 505/1, et seq.  In particular, Illinois law provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, [footnote] in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. . . .

815 Ill. Comp. Stat. 505/2.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated 815 Illinois Compiled Statutes 505/2.

180.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Indiana Code § 24-5-0.5-1, et seq.  In particular, Indiana law provides:

> (a) The following acts or representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: (1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not

- 41 -                    3:15-cv-02365-WQH-JMA

FIRST AMENDED CLASS ACTION COMPLAINT

have which the supplier knows or should reasonably know it does not have.  (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. . . . (11) That the consumer will be able to purchase the subject of the consumer transaction as advertised by the supplier, if the supplier does not intend to sell it.

Ind. Code § 24-5-0.5-3.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Indiana Code § 24-5-0.5-3.

181.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Statutes Annotated § 50-623, et seq.  In particular, Kansas law provides:

(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction; (b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled: (1) Representations made knowingly or with reason to know that: (A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; . . . (D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation; . . . (F) property or services has uses, benefits or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation; or (G) use, benefit or characteristic of property or services has been proven or otherwise substantiated unless the supplier relied upon and possesses the type and amount of proof or substantiation represented to exist; (2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact; (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . .

Kan. Stat. Ann. § 50-626.

FIRST AMENDED CLASS ACTION COMPLAINT

1 By engaging in the practices discussed above, including, but not limited to,

2 General Motors' undisclosed headlight defect, Defendant has violated Kansas

3 Statutes Annotated § 50-626.

4       182.   Defendant has engaged in unfair competition or unfair or deceptive

5 acts or practices in violation of Kentucky Revised Statutes Annotated § 367.110, et

6 seq.  In particular, Kentucky law provides, "(1) Unfair, false, misleading, or

7 deceptive acts or practices in the conduct of any trade or commerce are hereby

8 declared unlawful.  (2) For the purposes of this section, unfair shall be construed to

9 mean unconscionable."  Ky. Rev. Stat. Ann. § 367.170.  By engaging in the

10 practices discussed above, including, but not limited to, General Motors'

11 undisclosed headlight defect, Defendant has violated Kentucky Revised Statutes

12 Annotated § 367.170.

13       183.   Defendant has engaged in unfair competition or unfair or deceptive

14 acts or practices in violation of Louisiana Revised Statutes Annotated § 51:1401, et

15 seq.  Particularly, Louisiana law provides, "Unfair methods of competition and

16 unfair or deceptive acts or practices in the conduct of any trade or commerce are

17 hereby declared unlawful."  La. Rev. Stat. Ann. § 51:1405A.  By engaging in the

18 practices discussed above, including, but not limited to, General Motors'

19 undisclosed headlight defect, Defendant has violated Louisiana Revised Statutes

20 Annotated § 51:1405A.

21       184.   Defendant has engaged in unfair competition or unfair or deceptive

22 acts or practices in violation of Maine Revised Statutes Annotated Title 5, § 205-A,

23 et seq.  In particular, Maine law provides, "Unfair methods of competition and

24 unfair or deceptive acts or practices in the conduct of any trade or commerce are

25 declared unlawful."  Me. Rev. Stat. Ann. tit. 5, § 207.  By engaging in the practices

26 discussed above, including, but not limited to, General Motors' undisclosed

27 headlight defect, Defendant has violated Maine Revised Statutes Annotated Title 5,

28

§ 207.

185.    Defendant has engaged in unfair competition or unfair or deceptive

acts or practices in violation of Maryland Code Annotated, Commercial Law § 13-

101, et seq.  In particular, Maryland law provides:

> Unfair or deceptive trade practices include any: (1) False, falsely
> disparaging, or misleading oral or written statement, visual
> description, or other representation of any kind which has the
> capacity, tendency, or effect of deceiving or misleading consumers;
> (2) Representation that: (i) Consumer goods, consumer realty, or
> consumer services have a sponsorship, approval, accessory,
> characteristic, ingredient, use, benefit, or quantity which they do not
> have; . . . or . . . (iv) Consumer goods, consumer realty, or consumer
> services are of a particular standard, quality, grade, style, or model
> which they are not; (3) Failure to state a material fact if the failure
> deceives or tends to deceive; . . . (5) Advertisement or offer of
> consumer goods, consumer realty, or consumer services: (i) Without
> intent to sell, lease, or rent them as advertised or offered; . . . (9)
> Deception, fraud, false pretense, false premise, misrepresentation, or
> knowing concealment, suppression, or omission of any material fact
> with the intent that a consumer rely on the same in connection with:
> (i) The promotion or sale of any consumer goods, consumer realty, or
> consumer service . . . .

Md. Code Ann., Com. Law § 13-301.

By engaging in the practices discussed above, including, but not limited to,

General Motors' undisclosed headlight defect, Defendant has violated Maryland

Code Annotated, Commercial Law § 13-301.

186.    Defendant has engaged in unfair competition or unfair or deceptive

acts or practices in violation of the General Laws of Massachusetts Chapter 93A, §

1, et seq.  In particular, Massachusetts law provides, "(a) Unfair methods of

competition and unfair or deceptive acts or practices in the conduct of any trade or

commerce are hereby declared unlawful."  Mass. Gen. Laws Ch. 93A, § 2.  By

engaging in the practices discussed above, including, but not limited to, including,

FIRST AMENDED CLASS ACTION COMPLAINT

1   but not limited to, General Motors' undisclosed headlight defect, Defendant has

2   violated the General Laws of Massachusetts Chapter 93A, § 2.

3       187.   Defendant has engaged in unfair competition or unfair or deceptive

4   acts or practices in violation of Michigan Compiled Laws § 445.901, et seq.  In

5   particular, Michigan law provides:

> (1) Unfair, unconscionable, or deceptive methods, acts, or practices in
> the conduct of trade or commerce are unlawful and are defined as
> follows: . . . (c) Representing that goods or services have sponsorship,
> approval, characteristics, ingredients, uses, benefits, or quantities that
> they do not have . . . . (e) Representing that goods or services are of a
> particular standard, quality, or grade, or that goods are of a particular
> style or model, if they are of another. . . . (g) Advertising or
> representing goods or services with intent not to dispose of those
> goods or services as advertised or represented. . . . . (s) Failing to
> reveal a material fact, the omission of which tends to mislead or
> deceive the consumer, and which fact could not reasonably be known
> by the consumer. . . . . (bb) Making a representation of fact or
> statement of fact material to the transaction such that a person
> reasonably believes the represented or suggested state of affairs to be
> other than it actually is. . . . (cc) Failing to reveal facts that are
> material to the transaction in light of representations of fact made in a
> positive manner.

18   Mich. Comp. Laws § 445.903.

19   By engaging in the practices discussed above, including, but not limited to,

20   General Motors' undisclosed headlight defect, Defendant has violated Michigan

21   Compiled Laws § 445.903.

22       188.   Defendant has engaged in unfair competition or unfair or deceptive

23   acts or practices in violation of Minnesota Statutes § 8.31, et seq.  In particular,

24   Minnesota law provides:

> A person engages in a deceptive trade practice when, in the course of
> business, vocation, or occupation, the person: . . . (5) represents that
> goods or services have sponsorship, approval, characteristics,
> ingredients, uses, benefits, or quantities that they do not have . . . ; . . .
> (7) represents that goods or services are of a particular standard,

FIRST AMENDED CLASS ACTION COMPLAINT

quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) advertises goods or services with intent not to sell them as advertised; . . . or (13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Minn. Stat. § 325D.44, sub. 1.

Minnesota law further provides:

Any person, firm, corporation, or association who, with intent to sell or in anywise dispose of merchandise, securities, service, or anything offered by such person, firm, corporation, or association, directly or indirectly, to the public, for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter, or over any radio or television station, or in any other way, an advertisement of any sort regarding merchandise, securities, service, or anything so offered to the public, for use, consumption, purchase, or sale, which advertisement contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading, shall, whether or not pecuniary or other specific damage to any person occurs as a direct result thereof, be guilty of a misdemeanor, and any such act is declared to be a public nuisance and may be enjoined as such.

Minn. Stat. § 325F.67.

Minnesota law provides as well that "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable . . . ." Minn. Stat. § 325F.69, sub. 1. By engaging in the practices discussed above, including, but not limited to,

1  General Motors' undisclosed headlight defect, Defendant has violated Minnesota

2  Statutes §§ 325D.44, sub. 1, 325F.67, 325F.69, sub. 1.

3      189.   Defendant has engaged in unfair competition or unfair or deceptive

4  acts or practices in violation of Missouri Revised Statutes § 407.010, et seq.  In

5  particular Missouri law provides, "The act, use or employment by any person of

6  any deception, fraud, false pretense, false promise, misrepresentation, unfair

7  practice or the concealment, suppression, or omission of any material fact in

8  connection with the sale or advertisement of any merchandise in trade or

9  commerce . . . , in or from the state of Missouri, is declared to be an unlawful

10  practice. . . ."  Mo. Rev. Stat. § 407.020.1.  By engaging in the practices discussed

11  above, including, but not limited to, General Motors' undisclosed headlight defect,

12  Defendant has violated Missouri Revised Statutes § 407.020.1.

13      190.   Defendant has engaged in unfair competition or unfair or deceptive

14  acts or practices in violation of Montana Code Annotated § 30-14-101, et seq.  In

15  particular, Montana law provides, "Unfair methods of competition and unfair or

16  deceptive acts or practices in the conduct of any trade or commerce are unlawful."

17  Mont. Code Ann. § 30-14-103.  By engaging in the practices discussed above,

18  including, but not limited to, General Motors' undisclosed headlight defect,

19  Defendant has violated Montana Code Annotated § 30-14-103.

20      191.   Defendant has engaged in unfair competition or unfair or deceptive

21  acts or practices in violation of Nebraska Revised Statutes § 59-1601, et seq.  In

22  particular, Nebraska law provides, "Unfair methods of competition and unfair or

23  deceptive acts or practices in the conduct of any trade or commerce shall be

24  unlawful."  Neb. Rev. Stat. § 59-1602.  Nebraska law further provides:

25          (a) A person engages in a deceptive trade practice when, in the course

26      of his or her business, vocation, or occupation, he or she: . . . (5)
            Represents that goods or services have sponsorship, approval,

27      characteristics, ingredients, uses, benefits, or quantities that they do
            not have . . . ; . . . (9) Advertises goods or services with intent not to

28

- 47 -          3:15-cv-02365-WQH-JMA

FIRST AMENDED CLASS ACTION COMPLAINT

1   2   sell them as advertised; . . . (c) This section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this state.

3   Neb. Rev. Stat. § 87-302.

4   By engaging in the practices discussed above, including, but not limited to,

5   General Motors' undisclosed headlight defect, Defendant has violated Nebraska

6   Revised Statutes §§ 59-1602, 87-302.

7        192.   Defendant has engaged in unfair competition or unfair or deceptive

8   acts or practices in violation of Nevada Revised Statutes § 598.0903, et seq.

9   Nevada law provides in particular:

10   11   12   13   14   15   16   17   A person engages in a "deceptive trade practice" if, in the course of his business or occupation, he: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith. . . . 7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he knows or should know that they are of another standard, quality, grade, style or model. . . . 9. Advertises goods or services with intent not to sell or lease them as advertised. . . . 15. Knowingly makes any other false representation in a transaction. . . .

18   Nev. Rev. Stat. § 598.0915.

19   By engaging in the practices discussed above, including, but not limited to,

20   General Motors' undisclosed headlight defect, Defendant has violated Nevada

21   Revised Statutes § 598.0915.

22        193.   Defendant has engaged in unfair competition or unfair or deceptive

23   acts or practices in violation of New Hampshire Revised Statutes Annotated § 358-

24   A:1, et seq.  Particularly, New Hampshire law provides:

25   26   27   It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state.  Such unfair method of competition or unfair or deceptive act or practice shall include, but is

28

- 48 -        3:15-cv-02365-WQH-JMA

FIRST AMENDED CLASS ACTION COMPLAINT

> not limited to, the following: . . . V. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . VII. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . IX. Advertising goods or services with intent not to sell them as advertised . . . .

N.H. Rev. Stat. Ann. § 358-A:2.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated New Hampshire Revised Statutes Annotated § 358-A:2.

194.   Defendant has engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of New Jersey Statutes Annotated § 56:8-1, et seq.  Particularly, New Jersey law provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

N.J.S.A. § 56:8-2.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated New Jersey Statutes Annotated § 56:8-2.

195.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Statutes § 57-12-1, et seq.  In particular, New Mexico law provides:

> D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other

FIRST AMENDED CLASS ACTION COMPLAINT

representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person and includes: . . . (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another; . . . (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive; . . . E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services . . . : (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid.

N.M. Stat. § 57-12-2.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated New Mexico Statutes § 57-12-2.

196.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of New York General Business Law § 349, et seq.  In particular, New York law provides, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  N.Y. Gen. Bus. Law § 349.  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated New York General Business Law § 349.

197.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of North Carolina General Statutes § 75-1.1, et seq. In particular, North Carolina law provides, "Unfair methods of competition in or

FIRST AMENDED CLASS ACTION COMPLAINT

1  affecting commerce, and unfair or deceptive acts or practices in or affecting

2  commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a). By engaging in

3  the practices discussed above, including, but not limited to, General Motors'

4  undisclosed headlight defect, Defendant has violated North Carolina General

5  Statutes § 75-1.1(a).

6      198.   Defendant has engaged in unfair competition or unfair or deceptive

7  acts or practices in violation of North Dakota Century Code § 51-15-01, et seq. In

8  particular, North Dakota law provides:

> The act, use, or employment by any person of any deceptive act or
> practice, fraud, false pretense, false promise, or misrepresentation,
> with the intent that others rely thereon in connection with the sale or
> advertisement of any merchandise, whether or not any person has in
> fact been misled, deceived, or damaged thereby, is declared to be an
> unlawful practice.

13  N.D. Cent. Code § 51-15-02.

14  By engaging in the practices discussed above, including, but not limited to,

15  General Motors' undisclosed headlight defect, Defendant has violated North

16  Dakota Century Code § 51-15-02.

17      199.   Defendant has engaged in unfair competition or unfair or deceptive

18  acts or practices in violation of Ohio Revised Code Annotated § 1345.01, et seq.

19  In particular, Ohio law provides, "No supplier shall commit an unfair or deceptive

20  act or practice in connection with a consumer transaction. Such an unfair or

21  deceptive act or practice by a supplier violates this section whether it occurs

22  before, during, or after the transaction." Ohio Rev. Code Ann. § 1345.02(a). By

23  engaging in the practices discussed above, including, but not limited to, General

24  Motors' undisclosed headlight defect, Defendant has violated Ohio Revised Code

25  Annotated § 1345.02(a).

26      200.   Defendant has engaged in unfair competition or unfair or deceptive

27  acts or practices or made false representations in violation of Oklahoma Statutes

28

Title 15, § 751, et seq.  In particular, Oklahoma law provides:

> As used in the Oklahoma Consumer Protection Act: . . . 13. "Deceptive trade practice" means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person.  Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral; 14. "Unfair trade practice" means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. . . .

Okla. Stat. tit. 15, § 752.

Oklahoma law further provides:

> A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act, Section 751 et seq. of this title, when, in the course of the person's business, the person: . . . 5. Makes a false representation, knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction . . . ; . . . 7. Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another; 8. Advertises, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised; . . . 20. Commits an unfair or deceptive trade practice as defined in Section 752 of this title . . . .

Okla. Stat. tit. 15, § 753.

It continues to provide:

> A. A person engages in a deceptive trade practice when in the course of business, vocation, or occupation, the person: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . 7. Represents that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another; . . . C. The deceptive trade practices listed in this section are in addition to and do not limit the types of unfair trade practices actionable at common law or under other statutes of this state.

FIRST AMENDED CLASS ACTION COMPLAINT

1  Okla. Stat. tit. 78, § 53.

2  By engaging in the practices discussed above, including, but not limited to,

3  General Motors' undisclosed headlight defect, Defendant has violated Oklahoma

4  Statutes Titles 15, §§ 752 and 753, 78, § 53.

5      201.   Defendant has engaged in unfair competition or unfair or deceptive

6  acts or practices in violation of Oregon Revised Statutes § 646.605, et seq.  In

7  particular, Oregon law provides, "A person engages in an unlawful practice when

8  in the course of the person's business, vocation or occupation the person: (1)

9  Employs any unconscionable tactic in connection with the sale, rental or other

10  disposition of real estate, goods or services . . . ."  Or. Rev. Stat. § 646.607.

11  Oregon law further provides:

12      (1) A person engages in an unlawful practice when in the course of
13      the person's business, vocation or occupation the person does any of
        the following: . . . (e) Represents that real estate, goods or services
14      have sponsorship, approval, characteristics, ingredients, uses, benefits,
        quantities or qualities that they do not have . . . . (g) Represents that
15      real estate, goods or services are of a particular standard, quality, or
        grade, or that real estate or goods are of a particular style or model, if
16      they are of another. . . . (t) Concurrent with tender or delivery of any
17      real estate, goods or services fails to disclose any known material
        defect or material nonconformity. (u) Engages in any other unfair or
18      deceptive conduct in trade or commerce.
19

20  Or. Rev. Stat. § 646.608.

21  By engaging in the practices discussed above, including, but not limited to,

22  General Motors' undisclosed headlight defect, Defendant has violated Oregon

23  Revised Statutes §§ 646.607, 646.608.

24      202.   Defendant has engaged in unfair competition or unfair or deceptive

25  acts or practices in violation of Pennsylvania Statutes Annotated Title 73, § 201-1,

26  et seq.  In particular, Pennsylvania law provides:

27      (4) "Unfair methods of competition" and "unfair or deceptive acts or
        practices" mean any one or more of the following: . . . (v)
28

- 53 -                    3:15-cv-02365-WQH-JMA

FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6

> Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

7   Pa. Stat. Ann. tit. 73, § 201-2.

8   By engaging in the practices discussed above, including, but not limited to,

9   General Motors' undisclosed headlight defect, Defendant has violated

10  Pennsylvania Statutes Annotated Title 73, § 201-2.

11          203.   Defendant has engaged in unfair competition or unfair or deceptive

12  acts or practices in violation of Rhode Island General Laws § 6-13.1-1, et seq.  In

13  particular, Rhode Island law provides:

14
15
16
17
18
19
20
21
22
23
24
25

> As used in this chapter: . . . (6) "Unfair methods of competition and unfair or deceptive acts or practices" means any one or more of the following: (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xii) Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding; (xiii) Engaging in any act or practice that is unfair or deceptive to the consumer; (xiv) Using any other methods, acts or practices which mislead or deceive members of the public in a material respect; . . . (xvii) Advertising claims concerning safety, performance, and comparative price unless the advertiser, upon request by any person, the consumer council, or the attorney general, makes available documentation substantiating the validity of the claim . . . .

26  R.I. Gen. Laws § 6-13.1-1.

27  By engaging in the practices discussed above, including, but not limited to,

28

FIRST AMENDED CLASS ACTION COMPLAINT

1   General Motors' undisclosed headlight defect, Defendant has violated Rhode
2   Island General Laws § 6-13.1-1.

3     204. Defendant has engaged in unfair competition or unfair or deceptive
4   acts or practices in violation of South Carolina Code Annotated § 39-5-10, et seq.
5   In particular, South Carolina law provides, "Unfair methods of competition and
6   unfair or deceptive acts or practices in the conduct of any trade or commerce are
7   hereby declared unlawful. . . ."  S.C. Code Ann. § 39-5-20.  By engaging in the
8   practices discussed above, including, but not limited to, General Motors'
9   undisclosed headlight defect, Defendant has violated South Carolina Code
10  Annotated § 39-5-20.

11    205. Defendant has engaged in unfair competition or unfair or deceptive
12  acts or practices in violation of South Dakota Codified Laws § 37-24-1, et seq.  In
13  particular, South Dakota law provides:

14     It is a deceptive act or practice for any person to: (1) Knowingly and
15     intentionally act, use, or employ any deceptive act or practice, fraud,
   false pretense, false promises, or misrepresentation or to conceal,
16     suppress, or omit any material fact in connection with the sale or
17     advertisement of any merchandise, regardless of whether any person
   has in fact been mislead, deceived, or damaged thereby.
18  S.D. Codified Laws § 37-24-6(1).

19  By engaging in the practices discussed above, including, but not limited to,
20  General Motors' undisclosed headlight defect, Defendant has violated South
21  Dakota Codified Laws § 37-24-6(1).

22    206. Defendant has engaged in unfair competition or unfair or deceptive
23  acts or practices in violation of Tennessee Code Annotated § 47-18-101, et seq.  In
24  particular, Tennessee law provides:

25     (b) Without limiting the scope of subsection (a), the following unfair
26     or deceptive acts or practices affecting the conduct of any trade or
   commerce are declared to be unlawful and in violation of this part . . .
27     (5) Representing that goods or services have sponsorship, approval,
28     characteristics, ingredients, uses, benefits or quantities that they do not

- 55 -    3:15-cv-02365-WQH-JMA

> have . . . ; . . . (7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (21) Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services; . . . (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person . . . .

Tenn. Code Ann. § 47-18-104.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Tennessee Code Annotated § 47-18-104.

207.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Annotated § 13-11-1, et seq.  In particular, Utah law provides:

> (1) A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction.  (2) Without limiting the scope of Subsection (1), a supplier commits a deceptive act or practice if the supplier knowingly or intentionally: (a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; (b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not; . . .(e) indicates that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not; . . . (j) . . . (ii) fails to honor a warranty or a particular warranty term . . . .

Utah Code Ann. § 13-11-4.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Utah Code Annotated § 13-11-4.

FIRST AMENDED CLASS ACTION COMPLAINT

208.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vermont Statutes Annotated Title 9, § 2451, et seq. In particular, Vermont law provides, "(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful." Vt. Stat. Ann. tit. 9, § 2453.  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Vermont Statutes Annotated Title 9, § 2453.

209.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Virginia Code Annotated § 59.1-196, et seq.  In particular, Virginia law provides:

> A. The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful: . . . 5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; 6. Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; 7. Advertising or offering for sale goods that are used, secondhand, repossessed, defective, blemished, deteriorated, or reconditioned, or that are "seconds," irregulars, imperfects, or "not first class," without clearly and unequivocally indicating in the advertisement or offer for sale that the goods are used, secondhand, repossessed, defective, blemished, deteriorated, reconditioned, or are "seconds," irregulars, imperfects or "not first class"; 8. Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised. . . . 14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction . . . .

Va. Code Ann. § 59.1-200.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Virginia Code Annotated § 59.1-200.

FIRST AMENDED CLASS ACTION COMPLAINT

210.   Defendant has engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Washington Revised Code. § 19.86.010, et seq.  Particularly, Washington law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Wash. Rev. Code § 19.86.020.  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Washington Revised Code § 19.86.020.

211.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, et seq.  In particular, West Virginia law provides:

> (7) "Unfair methods of competition and unfair or deceptive acts or practices" means and includes, but is not limited to, any one or more of the following: . . . (E) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (G) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model if they are of another; . . . (I) Advertising goods or services with intent not to sell them as advertised; . . . (L) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding; . . . (M) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby . . . .

W. Va. Code § 46A-6-102.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated West Virginia Code § 46A-6-102.

FIRST AMENDED CLASS ACTION COMPLAINT

212.   Defendant has engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wisconsin Statutes § 100.20, et seq. Particularly, Wisconsin law provides, "Methods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited."  Wis. Stat. § 100.20(1).  By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Wisconsin Statutes § 100.20(1).

213.   Defendant has engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wyoming Statutes Annotated § 40-12-101, et seq.  In particular, Wyoming law provides:

> (a) A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly: (i) Represents that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have; . . . (iii) Represents that merchandise is of a particular standard, grade, style or model, if it is not; . . . (x) Advertises merchandise with intent not to sell it as advertised; . . . or . . . (xv) Engages in unfair or deceptive acts or practices.

Wyo. Stat. Ann. § 40-12-105.

By engaging in the practices discussed above, including, but not limited to, General Motors' undisclosed headlight defect, Defendant has violated Wyoming Statutes Annotated § 40-12-105.

214.   Plaintiffs and members of the Class have been injured by reason of General Motors' unfair and deceptive acts and practices in regard to its sale of the Vehicles without proper disclosure, without which consumers would not have bought the machines or would have been unwilling to pay the price they, in fact, purchased them for.  These injuries are of the type that the above state consumer protection statutes were designed to prevent and are the direct result of General

1 Motors' unlawful conduct.

2 **NINTH CLAIM FOR RELIEF**
**Fraudulent Concealment**
3 **(Brought on behalf of the nationwide Class)**

4

5 215.   Plaintiffs reallege and incorporate by reference each preceding

6 paragraph as though set at length herein.

7 216.   As alleged above, Defendant knew about the inherent headlight

8 system defect in the Vehicles at all relevant times.

9 217.   As alleged above, Defendant have intentionally concealed the inherent

10 headlight system defect from Plaintiffs and the Class and failed to disclose it to

11 them.

12 218.   As alleged above, Defendant had a duty to disclose the inherent

13 headlight defect in the Vehicles to Plaintiffs and the Class.

14 219.   As a direct and proximate result of Defendant's intentional

15 concealment of the headlight system defect in the Vehicles from Plaintiffs and the

16 Class and failure to disclose it to them, Plaintiffs and the Class have paid extra for

17 the Vehicles, incurred and/or will incur substantial headlight system-related parts

18 and labor costs, and incurred diminution in value damages.

19 220.   Because the information Defendant concealed and failed to disclose is

20 material, it should be presumed that Plaintiffs and the Class members relied on

21 Defendant's concealment and omissions, and that Defendant's concealment and

22 omissions caused the damages sustained by Plaintiffs and the Class members.

23 221.   As Defendant's conduct was intentional, Plaintiffs and the Plaintiff

24 Class are also entitled to and seek punitive damages.

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

**TENTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(Brought on behalf by the nationwide Class)**

222.   Plaintiffs reallege and incorporate by reference each preceding paragraph as though set forth at length herein.

223.   Plaintiffs and the Class members conferred benefits on Defendant when they purchased or leased Vehicles with defective headlight systems.

224.   Plaintiffs and the Class also conferred benefits on Defendant when they purchased headlight system defect-related parts and labor costs to Defendant or their agents or affiliates.

225.   Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the entirety of the benefits conferred on it when Plaintiffs and the Class purchased or leased Vehicles given that Defendant have known the inherent headlight system defect in the Vehicles but intentionally concealed that material information from Plaintiffs and the Class and has failed to disclose it to them in order to induce them to purchase the Vehicles, and Plaintiffs and the Class members would not have purchased the Vehicles if they had known of the headlight system defect.

226.   It would therefore be unjust and inequitable for Defendant to retain all of the benefits they received and not provide restitution to Plaintiffs and the Class.

**VII.   JURY DEMAND**

Plaintiffs demand a trial by jury.

**VIII.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class, request that the Court order the following relief and enter judgment against Defendant as follows:

FIRST AMENDED CLASS ACTION COMPLAINT

1    A.    Declaring that this action is a proper class action, certifying the

2         nationwide Class, California Class and Texas Class, designating

3         Plaintiffs as representatives of the nationwide Class, the California

4         Class and Texas Class, and appointing Plaintiffs' attorneys as Class

5         Counsel;

6    B.    Enjoining Defendant from continuing the unfair business practices

7         alleged in this complaint and requiring Defendant to institute a recall

8         or otherwise repair the Vehicles;

9    C.    Ordering Defendant to pay actual damages to Plaintiffs and members

10        of the nationwide Class, the California Class and Texas Class;

11   D.    Ordering Defendant to pay an award of reasonable attorneys' fees

12        and costs of this action; and

13   E.    Ordering such other and further relief as the Court deems necessary,

14        just, and proper.

15   Dated:  April 29, 2016                    Respectfully submitted,

16

17                                            By: s/ *Barbara A. Rohr*
                                             Attorney for Plaintiffs Armando J.
18                                           Becerra, Guillermo Ruelas, Robert
                                             Stewart and Steve Wilson
19                                           E-mail: brohr@faruqilaw.com

20                                           Barbara A. Rohr, SBN 273353
21                                           **FARUQI & FARUQI, LLP**
                                             10866 Wilshire Boulevard, Suite 1470
22                                           Los Angeles, CA 90024
                                             Telephone: (424) 256-2884
23                                           Facsimile: (424) 256-2885
24                                           Email: brohr@faruqilaw.com

25                                           Adam Gonnelli
26                                           685 Third Avenue, 26th Floor
                                             New York, NY 10017
27                                           Telephone: (212) 983-9330
                                             Facsimile: (212) 983-9331
28
                                             - 62 -            3:15-cv-02365-WQH-JMA

FIRST AMENDED CLASS ACTION COMPLAINT

Email: agonnelli@faruqilaw.com

Bonner Walsh
**Walsh PLLC**
21810 Pine Crest Dr.
Bly, Oregon 97622
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
Email:  bonner@walshpllc.com

Steven L. Marchbanks, Bar No. 214686
**PREMIER LEGAL CENTER, A.P.C.**
501 W. Broadway, Suite 1095
San Diego, CA  92101
Telephone:  (619) 235-3200
Facsimile:   (619) 235-3300
steve@premierlegalcenter.com

Craig M. Patrick, Bar No. 255849
**PATRICK LAW FIRM, P.C.**
6244 E. Lovers Lane
Dallas, TX 75214
Telephone: (214) 390-3343
Facsimile:  (469) 914-6565
craigpatrick@att.net

FIRST AMENDED CLASS ACTION COMPLAINT