1  Benjamin Heikali, SBN 307466
2  **FARUQI & FARUQI, LLP**
   10866 Wilshire Boulevard, Suite 1470
3  Los Angeles, CA 90024
   Telephone: (424) 256-2884
4  Facsimile: (424) 256-2885
   Email: bheikali@faruqilaw.com
5
6  *Attorneys for Plaintiffs*
7  [Additional Counsel on Signature Page]
8
9          **IN THE UNITED STATES DISTRICT COURT**
10        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| ARMANDO J. BECERRA, GUILLERMO RUELAS, ROBERT STEWART, and STEVE WILSON, on behalf of themselves and those similarly situated,<br><br>Plaintiffs.<br><br>v.<br><br>GENERAL MOTORS LLC AND DOES 1 through 100,<br><br>Defendant. | CASE NO. 15CV2365 JAH JMA<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO GM'S MOTION TO AMEND ANSWER AND DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date:   Feb. 26, 2018<br>                        2:30 p.m.<br><br>Judge: John A. Houston<br>Courtroom:  13B |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................... 1

II.   NEW CASE LAW ............................................................................. 2

III.  ARGUMENT ..................................................................................... 4

      A.   *Bristol-Myers* Does Not Permit The Resurrection Of Personal
           Jurisdiction Defenses In Federal Class Actions .................................. 4

      B.   *Bristol-Myers* Does Not Apply To Absent Class Members In
           Federal Class Actions ........................................................................ 6

      C.   *Bristol-Myers* Does Not Apply To Cases In Federal Court ............... 10

      D.   The Authority Cited By GM Does Not Support Its Argument .......... 12

      E.   Plaintiffs Will Be Prejudiced If GM Is Permitted To Amend Its
           Answer ............................................................................................... 13

IV.   CONCLUSION ................................................................................ 14

1

# TABLE OF AUTHORITIES

2

**Cases**                                                             **Page(s)**

*Acri v. International Ass'n of Machinists & Aerospace Workers*,
781 F.2d 1393 (9th Cir. 1986) .......................................................................... 13

*Alvarez v. NBTY, Inc.*,
No. 17-cv-00567-BGS,
2017 U.S. Dist. LEXIS 201159 (S.D. Cal. Dec. 6, 2017) ..........................*passim*

*Artec Group, Inc. v. Kilmov*,
No. 15-cv-03449-EMC,
2017 U.S. Dist. LEXIS 193726 (N.D. Cal. Nov. 22, 2017) ................................. 6

*Bristol-Myers Squibb Co. v. Superior Court of California, San
Francisco*,
582 U.S. ___, 137 S. Ct. 1773, 1783,198 L. Ed. 2d 395 (2017) ................*passim*

*Califano v. Yamasaki*,
442 U.S. 682 (1979) ....................................................................................... 10

*In re Chinese-Manufactured Drywall Products Liability Litigation*,
MDL No. 09-2047,
2017 U.S. Dist. LEXIS 197612 (E.D. La. Nov. 30, 2017) .........................*passim*

*Cummings v. Connell*,
402 F.3d 936 (9th Cir. 2005) .............................................................................. 9

*Day v. Air Methods Corp.*,
No. 5:17-183-DCR,
2017 U.S. Dist. LEXIS 174693 (E.D. Ky. Oct. 23, 2017) ........................3, 8, 12

*DeBernardis v. NBTY, Inc.*,
No. 17 C 6125,
2018 U.S. Dist. LEXIS 7947 (N.D. Ill. Jan. 18, 2018) .................................... 3, 4

*In re Dental Supplies Antitrust Litig.*,
No. 16 Civ. 696 (BMC)(GRB),
2017 U.S. Dist. LEXIS 153265 (E.D.N.Y. Sept. 20, 2017) ............................. 13

*In re DirecTV Early Cancellation Litig.*,
738 F. Supp. 2d 1062 (C.D. Cal. 2010) .............................................................. 8

28

-ii-

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GM'S MOTION TO AMEND ANSWER AND DISMISS FOR LACK OF PERSONAL JURISDICTION [CASE NO. 15CV2365 JAH JMA]**

*Ethanol Partners Accredited v. Wiener, Zuckerbrot, Weiss & Brecher*,
 635 F. Supp. 15 (E.D. Pa. 1985) ........................................................................ 12

*Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*,
 No. 17-cv-00564 NC,
 2017 U.S. Dist. LEXIS 155654 (N.D. Cal. Sep. 22, 2017) ........................ 3, 8, 12

*Gallardo v. Johnson & Johnson*,
 No. 4:17-CV-1601 SNLJ,
 2017 U.S. Dist. LEXIS 114801 (E.D. Mo. July 24, 2017) ............................... 12

*In re Gap Stores Sec. Litig.*,
 79 F.R.D. 283 (N.D. Cal. 1978) ......................................................................... 9

*Harrison v. General Motors Company*,
 No. 17-3128-Cv-S-SRB (W.D. Mo. Sept. 25, 2017), ECF No. 33 ...... 3, 8, 11, 12

*Horton v. USAA Cas. Ins. Co.*,
 266 F.R.D. 360 (D. Ariz. 2009) ......................................................................... 10

*Komie v. Buehler Corp.*,
 449 F.2d 644 (9th Cir. 1971) ............................................................................. 13

*LDGP, LLC v. Cynosure, Inc.*,
 No: 15 C 50148,
 2018 U.S. Dist. LEXIS 6481 (N.D. Ill. Jan 16, 2018) ........................................ 4

*Mazza v. Am. 16 Honda Motor Co.*,
 666 F.3d 581 (9th Cir. 2012) ............................................................................. 10

*McDonnell v. Nature's Way Products, LLC*,
 No. 16 C 5011,
 2017 U.S. Dist. LEXIS 177892 (N.D. Ill. Oct. 26, 2017) ............................. 4, 12

*Mut. Int'l Exp. Co. v. Napco Indus., Inc.*,
 316 F.2d 393 (D.C. Cir. 1963) .......................................................................... 11

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797 (1985) ............................................................................................ 2

*Pinker v. Roche Holdings Ltd.*,
 292 F.3d 361 (3d Cir. 2002) .............................................................................. 11

-iii-

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GM'S MOTION TO AMEND ANSWER AND DISMISS FOR LACK OF PERSONAL JURISDICTION [CASE NO. 15CV2365 JAH JMA]**

*Sanchez v. Launch Technical Workforce Solutions, LLC*,
   No. 1:17-cv-01904 (N.D. Ga. Jan. 26, 2018), ECF No. 41 .........................*passim*

*Spratley v. FCA US LLC*,
   No. 3:17-cv-0062,
   2017 U.S. Dist. LEXIS 147492 (N.D.N.Y. Sep. 12, 2017) .............................. 12

*Swann v. Johnson & Johnson*,
   No. 4:17-CV-1845,
   2017 U.S. Dist. LEXIS 111201 (E.D. Mo. July 18, 2017) .............................. 12

*Torres v. Air to Ground Servs., Inc.*,
   300 F.R.D. 386 (C.D. Cal. 2014) ..................................................... 10

*Wenokur v. AXA Equitable Life Ins. Co.*,
   No. 17-cv-00165-PHX-DLR,
   2017 U.S. Dist. LEXIS 162812 (D. Ariz. Oct. 2, 2017) ................................... 12

**Statutes**

Class Action Fairness Act, 28 U.S.C. § 1332(a) ..................................... 10

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................... 9

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT
GM'S MOTION TO AMEND ANSWER AND DISMISS FOR LACK OF PERSONAL JURISDICTION
[CASE NO. 15CV2365 JAH JMA]**

## I.      <u>INTRODUCTION</u>

The 8-1 Supreme Court majority in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco*, 582 U.S. ___, 137 S. Ct. 1773, 1783,198 L. Ed. 2d 395 (2017), characterized its decision as "a straightforward application in this case of settled principles of personal jurisdiction . . .".  This Court need not go further to conclude that *Bristol Myers* does not establish new law that is applicable to this case, and to reject GM's request that the Court grant its motion for leave to now assert a personal jurisdiction defense.

The holding in *Bristol-Myers* does not apply to federal class actions for two basic reasons: First, the holding in *Bristol-Myers* did not address whether its holding "would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Bristol-Myers*, 137 S. Ct. at 1789 n.4 (Sotomayor, J., dissenting).  The claims of non-resident absent class members whom the named plaintiffs seek to represent under Rule 23 in this case do not implicate the same due process concerns as the individual plaintiffs did in *Bristol-Myers*.  The law with respect to specific personal jurisdiction over defendants in class actions remains unchanged.  That is, so long as jurisdiction is proper as to a plaintiff who was injured in a forum state it remains proper for the class.

Second, the *Bristol-Myers* holding specifically applies only to jurisdiction exercised by state courts over defendants for whom the state cannot assert general personal jurisdiction with respect to claims over non-resident plaintiffs under the Fourteenth Amendment.  *Id*. at 1783-84 ("[S]ince our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restriction on the exercise of personal jurisdiction by a federal court.").  The federalism concerns that underlie this reasoning do not apply in federal court.

1   GM does not contest this Court's specific personal jurisdiction over the
2   California resident plaintiffs, Messrs. Becerra and Ruelas, but only over non-
3   California class members, including the Texas-resident plaintiffs, Messrs. Stuart and
4   Wilson.  The issue before the Court is whether *Bristol-Myers* changed the law such
5   that it permits the assertion of a personal jurisdiction defense where none existed
6   before.  It does not.

7   ## II.   NEW CASE LAW

8   Since GM filed its motion on December 19, 2017, three federal courts have
9   issued rulings on whether *Bristol-Myers* applies to federal class actions.  A brief
10  review of these decisions is instructive:

11  One court has held that *Bristol-Myers* does not apply to the claims of non-
12  resident class members.  In *Sanchez v. Launch Technical Workforce Solutions, LLC*,
13  No. 1:17-cv-01904, (N.D. Ga. Jan. 26, 2018), ECF No. 41 (Report &
14  Recommendation),[1] the defendant argued that *Bristol-Myers* foreclosed a national
15  class action in any state where the defendant was not subject to general personal
16  jurisdiction.  The court noted that accepting the defendant's argument would be
17  tantamount to disregarding the "material differences between mass actions and class
18  actions."  *Sanchez* at 9.  In a mass action, the court stated, each plaintiff is personally
19  named and required to effect service, and under *Phillips Petroleum Co. v. Shutts*,
20  472 U.S. 797, 811 (1985) absent class members need not satisfy the "minimum
21  contacts" for the forum court to exercise personal jurisdiction over them, in large
22  part because of the due process protections afforded by Rule 23.  *Sanchez* at 10.  The
23  *Sanchez* court noted that "if due process was not offended in *Shutts*, a class action in

24  _____

25  [1] This Opinion is attached to the Declaration of Benjamin Heikali in Support of
26  Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant GM's
    Motion to Amend Answer and Dismiss for Lack of Personal Jurisdiction ("Heikali
27  Decl.") as **Exhibit 1**.

28

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GM'S MOTION TO AMEND ANSWER AND DISMISS FOR LACK OF PERSONAL JURISDICTION [CASE NO. 15CV2365 JAH JMA]**

1    State court with absent non-resident plaintiff class members, 472 U.S. at 808, it is

2    not offended by a potential class-action in federal court where the plaintiff class is

3    made up in part of non-resident members." *Id.* at 12.

4        The magistrate in *Sanchez* also cited to *In re Chinese-Manufactured Drywall*

5    *Products Liability Litigation*, MDL No. 09-2047, 2017 U.S. Dist. LEXIS 197612

6    (E.D. La. Nov. 30, 2017) and found that the federalism concerns that were present

7    where a California state court attempts to assert jurisdiction over the claims of non-

8    resident plaintiffs in *Bristol-Myers* were not present in federal court: "the States,

9    through their courts, [may] not reach out beyond the limits imposed on them by their

10   status as coequal sovereigns in a federal system." *Sanchez* at 13 (citing *Chinese*

11   *Drywall,* 2017 U.S. Dist. LEXIS 197612, at *20).

12       The *Sanchez* magistrate's recommendation joins *Chinese Drywall, Alvarez v.*

13   *NBTY, Inc.*, No. 17-cv-00567-BGS, 2017 U.S. Dist. LEXIS 201159 (S.D. Cal. Dec.

14   6, 2017)*, Day v. Air Methods Corp.*, No. 5:17-183-DCR, 2017 U.S. Dist. LEXIS

15   174693 (E.D. Ky. Oct. 23, 2017)*, Harrison v. General Motors Company*, No. 17-

16   3128-Cv-S-SRB (W.D. Mo. Sept. 25, 2017), ECF No. 33,[2] and *Fitzhenry-Russell v.*

17   *Dr. Pepper Snapple Group, Inc.*, No. 17-cv-00564 NC, 2017 U.S. Dist. LEXIS

18   155654 (N.D. Cal. Sep. 22, 2017) in deciding that the reasoning of *Bristol-Myers*

19   does not apply to jurisdiction over non-resident defendants with respect to the claims

20   of absent class members.  It also joins *Chinese Drywall* and *Harrison* in concluding

21   that *Bristol-Myers* does not apply in federal court.

22       By contrast, since December 19, 2017, two decisions, both from the Northern

23   District of Illinois, held that *Bristol-Myers* does not permit a federal court to assert

24   jurisdiction over a non-resident defendant for the claims of out-of-state class

25   members.  *See DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 U.S. Dist. LEXIS

26

27   [2] This Opinion is attached to the Heikali Decl. as **Exhibit 2**.

28

1   7947 (N.D. Ill. Jan. 18, 2018); *LDGP, LLC v. Cynosure, Inc.*, No: 15 C 50148, 2018
2   U.S. Dist. LEXIS 6481 (N.D. Ill. Jan 16, 2018).  These cases join another Northern
3   District of Illinois case, *McDonnell v. Nature's Way Products, LLC*, No. 16 C 5011,
4   2017 U.S. Dist. LEXIS 177892 (N.D. Ill. Oct. 26, 2017) in so holding.  However,
5   these decisions, like *McDonnell*, were rendered without analysis and do not
6   contribute substantially to an evaluation of GM's motion.  *See DeBernardis*, 2018
7   U.S. Dist. LEXIS 7947, at *6-7; *LDGP*, 2018 U.S. Dist. LEXIS 6481, at *8-9; *see*
8   *also Sanchez* at 16 n.9 (noting that several cases in addition to *McDonnell*, which
9   applied *Bristol-Myers* to class actions, were unpersuasive because of a lack of
10   analysis).

11   **III.   <u>ARGUMENT</u>**

12       **A.   Bristol-Myers Does Not Permit The Resurrection Of Personal**
13            **Jurisdiction Defenses In Federal Class Actions**

14       GM asks the Court to permit it to amend its answer to assert a personal
15   jurisdiction defense because to do so before *Bristol-Myers* "would have been futile
16   under existing law." Def. Br. at 3.[3]  If true, *Bristol-Myers* has not altered that futility.
17       In addition to other courts which have held that *Bristol-Myers* does not apply
18   to class actions in federal court, two federal courts have ruled on the issue of waiving
19   a personal jurisdiction defense, and both ruled that *Bristol-Myers* is not sufficient to
20   excuse waiver in federal class actions.  First, in *Alvarez v. NBTY, Inc.*, No. 17-cv-
21   00567-BGS, 2017 U.S. Dist. LEXIS 201159 (S.D. Cal. Dec. 6, 2017) (Bashant, J.),
22   another court in the Southern District of California held that the defendant waived
23   its personal jurisdiction defense even though *Bristol-Myers* was decided after the

24

25   [3] GM acknowledges that it waived its personal jurisdiction defense and seeks to
26   excuse that waiver on the grounds of a change in the law.  Defendant's Memorandum
     of Points and Authorities in Support of GM's Motion to Amend Answer & Dismiss
27   for Lack of Personal Jurisdiction ("Def. Br.") at 7.  ECF No 60-1.

28

defendant's response.  *Alvarez* concerned two plaintiffs, one an Illinois resident and one a California resident, bringing a consumer class action against a New York defendant in the Southern District of California.  The New York defendant did not raise a personal jurisdiction defense in its motion to dismiss, which was filed before *Bristol-Myers*, and attempted to raise the issue in its reply, after *Bristol-Myers*.  The court held that a personal jurisdiction defense had always been available to the defendant and that *Bristol-Myers* did not change the law on specific personal jurisdiction as applied to the case.   First, the *Alvarez* court held that the law on specific personal jurisdiction over named plaintiffs in a class action was well settled and readily available to defendant before *Bristol-Myers*.  *Id.* at *12-13.  Second, the court noted the two distinctions between a multistate class action in federal court and a mass tort with individual cases in state court in *Bristol-Myers*. *Id.* at *15.

Similarly, in *In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 09-2047, 2017 U.S. Dist. LEXIS 197612 (E.D. La. Nov. 30, 2017) defendants in a multidistrict litigation asked the court to reconsider its determination that the Fifth Circuit had jurisdiction over foreign corporate defendants under the long-arm statutes of several states.  The court found both *Bristol-Myers* and the Fifth Circuit used the same long-established due process analyses in determining personal jurisdiction.  *Id.* at *22.  Further, the court concluded, "[*Bristol*-Myers] is not a change to controlling law regarding personal jurisdiction . . ."  *Id.* at *61.  The *Chinese Drywall* MDL was a consolidation of consumer class actions from federal district courts in Louisiana, Florida, and Virginia.  Prior to the decision in *Bristol-Myers*, the District Court for the Eastern District of Louisiana had determined that each of the district courts had personal jurisdiction over the defendant.  After the *Bristol-Myers* decision, defendant moved for reconsideration of that determination.  The court denied reconsideration because it found that *Bristol-Myers* applied only to mass torts, where each plaintiff is a real

party in interest, not class actions where plaintiffs seek to represent the interests of similarly situated class members. *See Chinese Drywall*, 2017 U.S. Dist. LEXIS 197612, at \*32. According to the *Chinese Drywall* court, Rule 23 has additional due process protections which render the concerns of *Bristol-Myers* inapplicable in the class action context. *Id.* at \*44. The court further held that *Bristol-Myers* did not change the personal jurisdiction analysis in federal court because the federalism concerns which drove the Supreme Court's analysis in *Bristol-Myers* were not present. *Id.* at \*53.

GM cites *Artec Group, Inc. v. Kilmov*, No. 15-cv-03449-EMC, 2017 U.S. Dist. LEXIS 193726 (N.D. Cal. Nov. 22, 2017), a case about a trade secret dispute (and neither a mass tort nor a class action) to support its argument for reconsideration. Def. Br. at 6, 10. However, the court in *Artec* granted reconsideration based in part on the fact that a prior decision by a different judge failed to consider "material facts." *Artec*, 2017 U.S. Dist. LEXIS 193726, at \*10. In considering whether *Bristol-Myers* constituted a change in the law, the court was somewhat muted: "Nothing requires that there be a sea change in the law in order to justify reconsideration." *Id.* at \*9. Accordingly, the *Artec* decision provides but little support for the proposition that Bristol-Myers was a change in the law at all, and no support for the argument that there was a change as applied to the facts in this case.

This Court should follow *Alvarez* and *Chinese Drywall* in holding that *Bristol-Myers* did not create new applicable law with regard to class actions and that Defendant has waived its personal jurisdiction defenses.

**B.** ***Bristol-Myers* Does Not Apply To Absent Class Members In Federal Class Actions**

The personal jurisdiction analysis of *Bristol-Myers* does not apply to the claims of absent class members, but is rather limited to the "mass tort" scenario

1   where individual claimants pursue their individual claims in one forum.  Justice

2   Sotomayor, in dissent, recognized that the majority in *Bristol-Myers* did not address

3   the precise issue of whether the Supreme Court's opinion "would also apply to a

4   class action in which a plaintiff injured in the forum State seeks to represent a

5   nationwide class of plaintiffs, not all of whom were injured there."  137 S. Ct. at

6   1789 n.4 (Sotomayor, J., dissenting).  The material differences between mass torts

7   and class actions, like the instant case, dictate that the holding in *Bristol-Myers* does

8   not apply.

9       Accordingly, most courts that have considered the issue have agreed that

10  *Bristol-Myers* does not alter the existing personal jurisdiction jurisprudence in class

11  actions under Rule 23.  For example, the key to the court's decision in *Chinese*

12  *Drywall* was its examination of the two major differences between mass torts and

13  class actions.  First, the court held that "[i]n a mass tort action, like the one in

14  [*Bristol-Myers*], each plaintiff was a real party to in interest to the complaints,

15  meaning that they were named as plaintiffs in the complaints.  A class action, on the

16  other hand, generally involves one or more plaintiffs who seek to represent the rest

17  of the similarly situated plaintiffs."  *Chinese Drywall,* 2017 U.S. Dist. LEXIS

18  197612, at *32.  Second, the court noted that class actions are subject to additional

19  due process safeguards which mass torts are not, namely the rigorous requirements

20  for certification under Rule 23.  *Id.* at *37.  By requiring that class plaintiffs

21  demonstrate commonality, typicality, adequacy of representation, predominance,

22  and superiority, Rule 23 alleviates any burdens on the defendant that come with

23  having to defend multiple claims in a single forum and protects the fairness of the

24  litigation, the fundamental purpose of due process.  *Id.* at *37-40.

25      The other courts that have conducted thorough analyses of the issue have

26  followed *Chinese Drywall*'s lead and held that the reasoning behind *Bristol-Myers*

27  does not apply to class actions.  *Sanchez* at 9 ("Acceptance of the analogy [between

28

1    mass torts and class actions] would require that the Court, like [defendant], disregard

2    material differences between mass actions and class actions."); *Fitzhenry-Russell*,

3    2017 U.S. Dist. LEXIS 155654, at *15 ("[T]he Supreme Court did not extend its

4    reasoning to bar the nonresident plaintiffs' claims here, and *Bristol-Myers* is

5    meaningfully distinguishable based on that case concerning a mass tort action, in

6    which each plaintiff was a named plaintiff."); *Harrison* at 12-13 (refusing to extend

7    *Bristol-Myers* to a class action for breach of contract because "the *Bristol-Myers*

8    Court, deciding a mass tort jurisdiction question, refused to 'confront the question

9    whether its opinion . . . would apply to a class action in which a plaintiff injured in

10   the forum State seeks to represent a nationwide class of plaintiffs' not all of whom

11   were injured there.'" (citing *Bristol-Myers* at n.4)); *Day*, 2017 U.S. Dist. LEXIS

12   174693, at *6 (finding defendant's argument that a Kentucky district court did not

13   have personal jurisdiction over the claims of nonresident plaintiffs in a wage and

14   hour class action to be "misplaced because the inquiry for personal jurisdiction lies

15   with the named parties of the suit asserting their various claims against the

16   defendant, not the unnamed proposed class members.").

17        A well-established principle of personal jurisdiction in class actions underlies

18   the conclusions of these courts.  It is well settled that the citizenship of the unnamed

19   plaintiffs is not taken into account for personal jurisdiction purposes.  *Fitzhenry-*

20   *Russell*, 2017 U.S. Dist. LEXIS 155654, at *13 (citing *AM Tr. v. UBS AG*, 78 F.

21   Supp. 3d 977, 986 (N.D. Cal. 2015), *aff'd*, 681 F. App'x 587 (9th Cir. 2017).

22        In a mass tort action, like *Bristol-Myers*, each plaintiff is a named plaintiff and

23   a real party in interest to the complaints. By contrast, "a class action is a

24   representative action where a named plaintiff or plaintiffs represents a large number

25   of similarly situated people who are not a part of the lawsuit."  *In re DirecTV Early*

26   *Cancellation Litig.*, 738 F. Supp. 2d 1062, 1072 (C.D. Cal. 2010).  The "class

27   representative functions as a stand-in for the entire class and assumes duties on

28

-8-

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GM'S MOTION TO AMEND ANSWER AND DISMISS FOR LACK OF PERSONAL JURISDICTION [CASE NO. 15CV2365 JAH JMA]**

1    behalf of the class." *Cummings v. Connell*, 402 F.3d 936, 944 (9th Cir. 2005).

2        Additionally, class actions have due process safeguards which mass torts do

3    not, and which alleviate *Bristol-Myers*' concerns of the fairness and manageability

4    of litigating the claims of non-resident plaintiffs in a single forum.  *Chinese Drywall*,

5    2017 U.S. Dist. LEXIS 197612, at *44 ("Defendants' concern about fairness—the

6    fundamental purpose of due process—in applying a different state's law can be

7    addressed with choice-of-law principles if conflict of laws arises.").  In particular,

8    for a case to qualify for class action treatment, it needs to meet the standards for class

9    certification under Rule 23 — numerosity, commonality, typicality, adequacy of

10   representation, predominance and superiority.  Fed. R. Civ. P. 23(a)&(b).  *See*

11   *Sanchez* at 11-12 ("in contrast to a mass action like *Bristol-Myers*, which may- and

12   likely would- present significant variations in the plaintiffs' claims, the requirements

13   of Rule 23 class certification ensure that the defendant is presented with a unitary,

14   coherent claim to which it need respond only with a unitary, coherent defense.

15   Because of the unitary nature of that class claim, the Court perceives no unfairness

16   in hauling the defendant into court to answer to it in a forum that has specific

17   jurisdiction over the defendant based on the representative's claim.").

18       On a practical level, *Bristol-Myers* should not be extended to class actions

19   because doing so would destroy the very purpose of class actions.  *In re Gap Stores*

20   *Sec. Litig.*, 79 F.R.D. 283, 291 (N.D. Cal. 1978) (requiring in personam jurisdiction

21   over all class members "would completely undercut the broad purposes of the class

22   action device" and "destroy the class action concept since by definition there could

23   be no 'absent' members.").   Rule 23 states, "One or more members of a class may

24   sue or be sued as representative parties on behalf of all members only if . . . (2) there

25   are questions of law or fact common to the class."  Fed. R. Civ. P. 23.  Extending

26   *Bristol-Myers* to preclude non-resident class members' claims even where a named

27   plaintiff can establish specific jurisdiction as to her claim, would ignore this plain

28

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GM'S MOTION TO AMEND ANSWER AND DISMISS FOR LACK OF PERSONAL JURISDICTION [CASE NO. 15CV2365 JAH JMA]**

language and mean that class actions could only be brought on a state-by-state basis. This would defeat the "two primary purposes" of class actions: "(1) to accomplish judicial economy by avoiding multiple suits; and (2) to protect the rights of persons who might not be able to present claims on an individual basis." *Torres v. Air to Ground Servs., Inc.*, 300 F.R.D. 386, 392 (C.D. Cal. 2014). To serve these purposes, Rule 23 "was designed to allow an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979).

Indeed, both the Ninth Circuit and Congress recognize that multistate class actions can be appropriate. *See, e.g., Mazza v. Am. 16 Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012); Class Action Fairness Act, 28 U.S.C. § 1332(a) (requiring consideration of the relative percentages of in and out-of-state class members to determine whether to exercise subject matter jurisdiction). Indeed, with respect to the Class Action Fairness Act, applying *Bristol-Myers* to CAFA class actions would render large components of the statute meaningless.

Thus, although *Bristol-Myers* held that a California state court could not exercise personal jurisdiction over non-resident named plaintiffs in a mass action against an out-of-state company because "all the conduct giving rise to the nonresidents' claims occurred elsewhere," *Bristol-Myers*, 137 S. Ct. at 1782, that rule is inapplicable to the federal class action here. *See Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 364 (D. Ariz. 2009) (noting the argument that a district court lacks jurisdiction to certify a nationwide class "is frivolous," as a "federal court applying Rule 23 of the Federal Rules of Civil Procedure may certify a nationwide class if the requirements for certification are satisfied.").

## C. *Bristol-Myers* Does Not Apply To Cases In Federal Court

In deciding *Bristol-Myers*, the Supreme Court expressly "le[ft] open the question whether the Fifth Amendment imposes the same restrictions on the exercise

-10-

of personal jurisdiction by a federal court." *Bristol-Myers*, 137 S. Ct. at 1783-84 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 102 n.5 (1987). Accordingly, the law on that issue remains unchanged.

Concerns about state sovereignty animated the decision in *Bristol-Myers*. As the Supreme Court explained, "restrictions on personal jurisdiction are more than a guarantee of immunity from inconvenient or distant litigation.   They are a consequence of territorial limitations on the power of the respective States." *Bristol-Myers,* 137 S. Ct. at 1780 (internal quotations omitted).  The Court continued: "this federalism interest may be decisive . . . even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State . . . the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *Id.*

In *Chinese Drywall*, the court distinguished this reasoning and noted that "a nationwide class action in federal court is not about a state's overreaching, but rather relates to the judicial system's handling of mass claims involving numerous parties." 2017 U.S. Dist. LEXIS 197612, at *56.  *Chinese Drywall* also said of *Bristol-Myers*, "For good reasons, the Supreme Court's decision stops a state court's aggrandizement of jurisdiction that runs afoul of the Fourteenth Amendment and principles of interstate federalism."  *Id* at *53; *see also Harrison* at 12 ("*Bristol-Myers* concerned 'the due process limits of specific jurisdiction by a State'") (quoting *Bristol-Myers* at 1784).

The federalism concerns of *Bristol-Myers*, however, are inapplicable to federal court.  *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (internal citation omitted); "a federal court sits as a unit of the national government and, therefore, the territorial limitations that apply to the exercise of state court jurisdiction—or, for that matter, federal jurisdiction in diversity cases—are inapposite."); *Mut. Int'l Exp. Co. v. Napco Indus., Inc.*, 316 F.2d 393, 395 n.8 (D.C.

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GM'S MOTION TO AMEND ANSWER AND DISMISS FOR LACK OF PERSONAL JURISDICTION [CASE NO. 15CV2365 JAH JMA]**

1   Cir. 1963) ("Constitutionally, federal courts, because of their national character, are

2   not inhibited in exercising their jurisdiction by state territorial limitations.") (citing

3   *Hanson v. Denckla,* 357 U.S. 235, 251 (1958)).  Because it "is the states rather than

4   judicial districts within the federal court system whose jurisdiction is constrained in

5   adjudicating parties who do not have the required minimum contacts[,] [i]t does not

6   necessarily follow that a party must have certain minimum contacts with the district

7   in which the district court sits before the district court can adjudicate matters relevant

8   to the party." *Ethanol Partners Accredited v. Wiener, Zuckerbrot, Weiss & Brecher,*

9   635 F. Supp. 15, 17 (E.D. Pa. 1985).

10   Thus, the federalism concerns which were paramount in *Bristol-Myers* are

11   simply not present in national class actions such as this one.

12   **D.     The Authority Cited By GM Does Not Support Its Argument**

13   Defendant claims that Bristol-Myers "changed the game" with regard to

14   personal jurisdiction over the claims of nonresident plaintiffs.  Def. Br. at 10.  The

15   cases Defendant cites for this proposition, however, are mass tort cases, like *Bristol-*

16   *Myers.   See Gallardo v. Johnson & Johnson*, No. 4:17-CV-1601 SNLJ, 2017 U.S.

17   Dist. LEXIS 114801 (E.D. Mo. July 24, 2017); *Swann v. Johnson & Johnson*, No.

18   4:17-CV-1845 SNLJ, 2017 U.S. Dist. LEXIS 111201 (E.D. Mo. July 18, 2017).  As

19   discussed *supra* at III.B, and as held by the district courts in *Chinese Drywall*, *Day*,

20   *Alvarez*, *Harrison*, *Fitzhenry-Russell,* and *Sanchez*, the location of absent class

21   members is not relevant to a court's specific personal jurisdiction over a defendant.

22   Further, the cases GM cites which held that *Bristol-Myers* applies to class

23   actions, Def. Br. at 13-14, did so without any significant analysis.  *McDonnell* (no

24   discussion of differences in class actions); *Spratley v. FCA US LLC*, No. 3:17-cv-

25   0062, 2017 U.S. Dist. LEXIS 147492 (N.D.N.Y. Sep. 12, 2017) (same); *Wenokur v.*

26   *AXA Equitable Life Ins. Co.*, No. 17-cv-00165-PHX-DLR, 2017 U.S. Dist. LEXIS

27   162812 (D. Ariz. Oct. 2, 2017) (assuming without analysis that no certification of

28

-12-

1   national class was possible under *Bristol-Myers)*.  As such, these cases provide no

2   substantive authority to support GM's motion.

3          Defendant also cites *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696

4   (BMC)(GRB), 2017 U.S. Dist. LEXIS 153265, at *35 (E.D.N.Y. Sept. 20, 2017) for

5   the proposition that *Bristol-Myers* applies to class actions.  Def. Br. at 11.  However,

6   as the court in *Chinese Drywall* pointed out, *Dental Supplies* dismissed one

7   defendant from a class action where that defendant had no connection whatsoever to

8   the forum state.  *Chinese Drywall*, 2017 U.S. Dist. LEXIS 197612, at *36.  *Dental*

9   *Supplies* cited to *Bristol-Myers* only for the well-settled proposition that a defendant

10  must have some direct activity or purposeful availment in the forum state for a court

11  to exercise personal jurisdiction.  *Dental Supplies, supra* at *37.  The decision did

12  not address jurisdiction over the claims of absent class members in any way or hold

13  that *Bristol-Myers* changed the law with regard to analyzing such jurisdiction.

14  **E.     Plaintiffs Will Be Prejudiced If GM Is Permitted To Amend Its**
15  **           Answer**

16         A moving party may be precluded from asserting an amendment on the basis

17  of undue delay where the matters asserted in the amendment were known to them

18  from the beginning of the suit.  *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir.

19  1971) (finding that where the moving party filed a motion to amend the pleadings

20  31 months after the answer was filed, the trial court did not abuse its discretion in

21  denying leave to amend); *see also Acri v. International Ass'n of Machinists &*

22  *Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (holding that "late

23  amendments to assert new theories are not reviewed favorably when the facts and

24  the theory have been known to the party seeking amendment since the inception of

25  the cause of action").  Defendant was aware of all the relevant facts upon which its

26  proposed amendment is predicated, namely that many of the proposed class

27  members are not residents off California.  As discussed in Section III.A *supra*, based

28

1  on these facts, Defendant could have raised a personal jurisdiction defense in its

2  Answer, but failed to do so. *See Alvarez,* 2017 U.S. Dist. LEXIS 201159, at *14-

3  18.

4      GM states that Plaintiffs will not be prejudiced if it is permitted to amend its

5  answer in part because discovery is not at an advanced stage. Def. Br. at 11. As of

6  the date of this brief, GM has not produced a single document. Plaintiffs served

7  discovery requests on November 13, 2017. Defendant requested and received

8  several extensions to respond. GM responded on January 16, 2018, but did so with

9  objections and assurances that it would produce certain documents in the future –

10  but did not produce any actual documents. Plaintiffs immediately wrote to GM

11  complaining about the lack of production, and has received more assurances that a

12  production is forthcoming before the parties' conference with Judge Adler on

13  February 8, 2018. GM's own delay in producing documents should not be allowed

14  to support its prejudice argument.

15  **IV.   <u>CONCLUSION</u>**

16      Because Defendant has waived all personal jurisdiction defenses and

17  because *Bristol-Myers* does not represent a change in controlling law with regard

18  to federal class actions, the Court should deny Defendant's motion in all respects.

19  DATED:

20      January 29, 2018           By: *s/ Benjamin Heikali*
                                      Benjamin Heikali

21

22                                   Benjamin Heikali, SBN 307466
                                     **FARUQI & FARUQI, LLP**
23                                   10866 Wilshire Boulevard, Suite 1470
                                     Los Angeles, CA 90024
24                                   Telephone: (424) 256-2884
                                     Facsimile: (424) 256-2885
25                                   Email: bheikali@faruqilaw.com

26

27                                   Adam Gonnelli (admitted *pro hac vice*)
                                     **THE SULTZER LAW GROUP**
28  
-14-

1    280 Highway 35
     Suite 304
2    Red Bank, NJ 07701
3    Telephone: (732) 741-4290
     Facsimile: (888) 749-7747
4    Email: gonnellia@thesultzterlawgroup.com

5

6    Bonner Walsh (admitted *pro hac vice*)
     **WALSH PLLC**
7    21810 Pine Crest Dr.
8    Bly, Oregon 97622
     Telephone: (541) 359-2827
9    Facsimile: (866) 503-8206
     Email:  bonner@walshpllc.com
10

11   Steven L. Marchbanks, Bar No. 214686
     **PREMIER LEGAL CENTER, A.P.C.**
12   501 W. Broadway, Suite 1095
13   San Diego, CA  92101
     Telephone: (619) 235-3200
14   Facsimile: (619) 235-3300
     Email: steve@premierlegalcenter.com
15

16   Craig M. Patrick, Bar No. 255849
     **PATRICK LAW FIRM, P.C.**
17   6244 E. Lovers Lane
18   Dallas, TX 75214
     Telephone: (214) 390-3343
19   Facsimile:  (469) 914-6565
     Email:  craigpatrick@att.net
20

21   *Attorneys for Plaintiffs*

22

23

24

25

26

27

28
                              -15-

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that on January 29, 2018, I electronically filed the foregoing

3   document with the Clerk of the Court using the CM/ECF system, which will

4   automatically send an e-mail notification of such filing to the attorneys of record

5   who are registered CM/ECF users.

6       Executed on January 29, 2018, in Los Angeles, California.

7                                                     By: _s/ Benjamin Heikali_

8                                                          Attorney for Plaintiffs
                                                          Email: bheikali@faruqilaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GM'S MOTION TO AMEND ANSWER AND DISMISS FOR LACK OF PERSONAL JURISDICTION [CASE NO. 15CV2365 JAH JMA]**