UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO J. BECERRA, GUILLERMO RUELAS, ROBERT STEWART, and STEVE WILSON, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC AND DOES 1 through 100,<br><br>Defendants. | Case No.: 3:15-cv-2365-JAH-JMA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND ANSWER** |

Presently before the Court are General Motors LLC's ("Defendant" or "General Motors") Motion to Amend Answer and Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Doc. No. 60]. The motions have been fully briefed. After careful consideration of the pleadings, and for the reasons set forth below, Plaintiff's Motion to Amend its Answer is **DENIED**, and Defendant's Motion to Dismiss for lack of personal jurisdiction is **DENIED as moot**.

\\

1

### I. Defendant's Motion to Amend Answer

Defendant moves this Court to amend its answer pursuant to Federal Rules of Civil Procedure 15(a)(2) in order to assert a personal jurisdiction defense. See Doc. No. 60–1. Defendant argues that the Supreme Court's decision in Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773 (2017) provides it with an adequate defense to personal jurisdiction that did not exist at the time its answer was filed. Id. Defendant argues the Bristol–Myers Court specifically rejected the "sliding scale rule and heighten[ed] the showing a plaintiff must make to establish specific jurisdiction." See Doc. No. 60–1, pg. 15. Finally, Defendant contends the amended answer will not cause Plaintiffs any undue prejudice since only negligible discovery has taken place up to this point and the amended answer will only serve to narrow the scope of litigation. Id. at pg. 17.

In opposition, Plaintiffs argue that Defendant waived any challenge to personal jurisdiction, and notwithstanding such waiver, Bristol–Myers does not establish new law warranting leave to amend an answer. See Doc. No. 62, pg. 6. Plaintiffs further contend that Bristol–Myers holding specifically applies only to jurisdiction exercised by state courts over non–resident plaintiffs implicating the Fourteenth Amendment. Id. Finally, Plaintiff's argue that the Bristol–Myers decision does not address whether its holding would apply to a case such as this, where a plaintiff injured in the forum state seeks to represent a nationwide class, some of which were not injured in the forum state. Id.

#### a. Waiver of Personal Jurisdiction challenge

Federal Rule of Civil Procedure 12(b)(2) permits a party to request dismissal on the basis that a court lacks personal jurisdiction. However, that defense is "waive[d]" if a party "fail[s] to . . . (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1); see also Alvarez v. NBTY, Inc., No. 17-CV-00567-BAS-BGS, 2017 WL 6059159, at *4 (S.D. Cal. Dec. 6, 2017) (citing Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1983) ("[Rule 12(h)(1) ] provide[s] a strict waiver rule with respect to [the lack of

personal jurisdiction] defense. . . . It is clear under this rule that defendants wishing to raise [this] defense[ ] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading.")). The Supreme Court has held, however, that a party can only waive objections or defenses which were known "to be available at the time they could first have been made . . . ." Holzsager v. Valley Hosp., 646 F.2d 792, 796 (2d Cir. 1981) (citing Curtis Publishing Co. v. Butts, 388 U.S. 130, 143, 145 (1967)). To show a defense was not previously available, a defendant must demonstrate that it "would have been directly contrary to controlling precedent in [the] Circuit." Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 135–36 (2d Cir. 2014).

In its answer to the FAC, Defendant conceded that this Court retained personal jurisdiction over General Motors in all claims asserted by all Plaintiffs. See Doc. No 47, ¶ 7. Defendant now argues that Bristol–Myers produced an intervening change in controlling law, such that they should be permitted to raise a personal jurisdiction argument for the first time, specifically against the named Texas plaintiffs. Id. In Bristol–Myers, a group of plaintiffs, most of whom were not California residents, brought suit in a California state court alleging that a drug manufactured by Bristol–Myers Squibb ("BMS") damaged their health. See Bristol-Myers Squibb Co., 137 S. Ct. 1773 (2017)). BMS, incorporated in Delaware and with its principal place of business in New York, challenged the Superior Court's personal jurisdiction over the claims brought by nonresident plaintiffs. Id. at 1777–78. The California Supreme Court affirmed the decision of the California Court of Appeal, finding that California courts retained specific jurisdiction over claims brought by nonresident plaintiffs. Id. at 1778. The California Supreme Court applied a "sliding scale approach to specific jurisdiction," ultimately concluding that "BMS's extensive contacts with California permitted the exercise of specific jurisdiction based on a less direct connection . . . that otherwise might be required." Id. at 1779 (internal quotations omitted). The Supreme Court analyzed whether the application of personal jurisdiction by the California courts violated the Due Process Clause of the Fourteenth Amendment, and

ultimately determined California courts did not have specific jurisdiction over the non–resident plaintiffs' claims. Id. at 1783.

However, as this Court, and other courts in this circuit have held, Bristol–Myers is not an intervening change in controlling law. See In re Morning Song Bird Food Litig., No. 12CV01592 JAH-AGS, 2018 WL 1382746, at *2 (S.D. Cal. Mar. 19, 2018) ("This Court finds Bristol–Myers is not an intervening change in controlling law."); Sloan v. Gen. Motors LLC, 287 F. Supp. 3d 840 (N.D. Cal. 2018), order clarified, No. 16-CV-07244-EMC, 2018 WL 1156607 (N.D. Cal. Mar. 5, 2018); R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp., No. CV-12-08261-PCT-JAT, 2017 WL 4409463, at *2 (D. Ariz. Oct. 4, 2017) ("Defendants' reliance on Bristol-Myers Squibb as the basis for challenging personal jurisdiction at this late juncture is misplaced and does not alter the Court's jurisdictional analysis in this case."). Contrary to Defendant's assertion, Bristol–Myers did not alter personal jurisdiction jurisprudence, as the Supreme Court expressly stated, its decision to reverse the California Supreme Court did not introduce a change in law. See Bristol–Myers, 137 S.Ct. at 1781 ("Our settled principles . . . control this case."); ("Our straightforward application in this case of settled principles of personal jurisdiction will not result in the parade of horribles that respondents conjure up."). Moreover, Defendant does not identify a single Ninth Circuit case overturned by Bristol–Myers, nor does the Court find the non-binding case law, which Defendant relies upon, to be persuasive.

Finally, nothing prevented Defendant from attacking the lack of jurisdiction as to the named Texas Plaintiffs prior to the Supreme Court's ruling in Bristol–Myers. See Abrams Shell v. Shell Oil Co., 165 F.Supp.2d 1096, 1107 n.5 (C.D. Cal. 2001) ("Notwithstanding the relaxation of venue and personal jurisdiction requirements as to unnamed members of a plaintiff class, it is by **now well settled** that these requirements to suit must be satisfied for **each and every named plaintiff** for the suit to go forward.") (emphasis added). As such, the lack of personal jurisdiction defense was clearly available to Defendant at the time its answer was filed. Accordingly, Defendants have waived any challenge to personal jurisdiction by failing to address the issue in their initial answer on

May 10, 2017. The Supreme Court's ruling in <u>Bristol–Myers</u> was not directly contrary to controlling personal jurisdiction precedent in the Ninth Circuit and therefore does not afford Defendant opportunity to raise the issue at this later time. Defendant's Motion to Amend Answer is **DENIED**, and Defendant's Motion to Dismiss for Lack of Person Jurisdiction is **DENIED as moot**.

      **IT IS SO ORDERED.**

DATED:   April 10, 2018

                                              JOHN A. HOUSTON
                                              United States District Judge